UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
~~GAINESVILLE~~ DIVISION
TALLAHASSEE

GENELZA WESTON, individually and
as Personal Representative of the
Estate of Miracle N. Weston,

       Plaintiff,

4:99cv474·WS

v.

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY
HOSPITAL; LEATON HALL, M.D.;
JEFFREY WASSERMAN, M.D.; JESSIE
FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC. AND
MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC:
d/b/a GADSDEN MEDICAL CENTER a/k/a
GADSDEN MEDICAL CENTER, JOHN and
JANE DOE,

       Defendants.

_____/

CIVIL ACTION NO. 99-333C-AB

### NOTICE OF REMOVAL AND MOTION FOR SUBSTITUTION

To the Honorable Judges of the United States District Court of
the Northern District of Florida.

Defendants, GADSDEN COMMUNITY HOSPITAL (HEALTHMARK OF QUINCY,
INC. AND MEDTECH OF NORTH FLORIDA, INC.), JEFFREY WASSERMAN, M.D.
AND JESSIE FURLOW, M.D., by the undersigned Assistant United States
Attorney, represents that:



OFFICE OF CLERK
U. S. DISTRICT CT.
NORTH . . FLA.

93 NOV 24 [..] 1: 28



FILED

-1-

1.   GADSDEN COMMUNITY HOSPITAL (HEALTHMARK OF QUINCY, INC. AND MEDTECH OF NORTH FLORIDA, INC.), JEFFREY WASSERMAN, M.D. AND JESSIE FURLOW, M.D., are defendants in the above-captioned civil action which is currently pending in the Circuit Court of the Second Judicial Circuit in and for Gadsden County, Florida, Case Number 99-333C-AB.   No trial has yet taken place in that action. Copies of all process and pleadings served upon Defendant in that action are attached to this Notice of Removal as Exhibit "A."

2.   Plaintiff in the state court action seeks damages from Defendants for failure to properly evaluate the nature and source of plaintiff's signs and symptoms.

3.   As detailed in the Affidavit of Elizabeth Jordan Giantureo,  attached as Exhibit "B," at all times relevant to this action, Defendant GADSDEN COMMUNITY HOSPITAL (HEALTHMARK OF QUINCY, INC. AND MEDTECH OF NORTH FLORIDA, INC.) was deemed eligible by the United States Department of Health and Human Services for malpractice coverage under the Federal Tort Claims Act.

4.   42 U.S.C. Section 233(a) allows for removal of cases involving federally funded health care centers any time prior to trial.  Although the state court action has been pending for some time, the United States Department of Health and Human Services did

not notify the United States Attorney's Office of the instant action until June 11, 1998.

5. In addition, Plaintiff has sued Dr. JEFFREY WASSERMAN AND DR. JESSIE FURLOW for negligence and has alleged that they were employed by the GADSDEN COMMUNITY HOSPITAL (HEALTHMARK OF QUINCY, INC. AND MEDTECH OF NORTH FLORIDA, INC.) and were acting at all relevant times within the course and scope of their employment. Congress has provided that the exclusive remedy for the negligent or wrongful act or omission of an employee of the United States Government, acting within the scope of his employment, shall be an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671-80 (1988) ("FTCA").

6. Congress has further provided that upon certification by the Attorney General or his authorized designee that an individual acted within the scope of his employment at the time of the incident giving rise to the action, the action pending in state court is deemed to be against the United States under the FTCA and the United States is substituted by operation of law as the sole defendant with respect to any state law claims. 28 U.S.C. § 2679(d)(2). All of Plaintiff's claims are founded upon the law of the State of Florida.

7.  Congress further provided that, upon certification of the Attorney General or his designee, the state court action shall be removed without bond to the United States District Court for the district embracing the place in which the state court action is pending.  28 U.S.C. § 2679(d)(2).

8.  Filed with this Notice of Removal is a Certification by the United States Attorney for the Northern District of Florida that the Defendants, DR. JEFFREY WASSERMAN AND DR. JESSIE FURLOW, were acting within the scope of their employment at the time of the incidents giving rise to this suit.

9.  Accordingly, this action must be deemed to be an action against the United States for the purposes of Plaintiff's state law claims, and it is therefore removed pursuant to 28 U.S.C. § 2679(d)(2).

10.  28 U.S.C. § 2679(d)(2) provides that the Attorney General's Certification shall conclusively establish scope of office or employment for purposes of removal.

WHEREFORE Defendants GADSDEN COMMUNITY HOSPITAL (HEALTHMARK OF QUINCY, INC. AND MEDTECH OF NORTH FLORIDA, INC.), DR. JEFFREY WASSERON AND DR. JESSIE FURLOW, request that the above-styled action, pending in state court in Gadsden County, Florida, be

removed to this Court and that the claims against Defendant be deemed claims against the United States.

Respectfully submitted,

P.  MICHAEL PATTERSON
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Northern District of Florida
315 S. Calhoun Street, Ste. 510
Tallahassee, Florida 32301
(850) 942-8430

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail this ___ day of November, 1999, to PAUL D. MARK LUCAS, ESQ., Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Waterside Professional Bldg., 221 E. Osceola Street, Stuart, Fl 34994; HUBERT R. BROWN, ESQ., Brown & Brown, 1102 E. Tennessee Street, Tallahassee, Fl. 32308; MARIA A. SANTORO, ESQ., George, Hartz, Lundeen, Flagg & Fulmer, 800 North Calhoun Street, Tallahassee, FL 32302; JEANNETTE M. ANDREWS, ESQ., Fuller, Johnson & Farrell, P.A., 111 North Calhoun Street, P.O. Box 1739, Tallahassee, FL 32302; FREDERICK E. HASTY, III, ESQ., Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., 5th Floor Grove

Plaza Building, 2900 Middle Street (S.W. 28th Terrace), Miami, FL 33133; CRAIG A. DENNIS, ESQ., Dennis & Bowman, 2367 Centerville Road, P.O. Box 15589, Tallahassee, FL 32317; and W. DOUGLAS HALL, ESQ., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. P.O. Drawer 190, Tallahassee, FL 32302.

_____
Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GENELZA WESTON, individually and
as Personal Representative of the
Estate of Miracle N. Weston,

       Plaintiff,

v.                           CIVIL ACTION NO.

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY
HOSPITAL; LEATON HALL, M.D.;
JEFFREY WASSERMAN, M.D.; JESSIE
FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC. AND
MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER a/k/a
GADSDEN MEDICAL CENTER, JOHN and
JANE DOE,

       Defendants.
_____/

## CERTIFICATION

    I, P. MICHAEL PATTERSON, United States Attorney for the Northern District of Florida, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2), and by virtue of the authority vested in me by the Appendix to 28 C.F.R. § 15.3 (1991), hereby certify that I am familiar with the allegations made by the Plaintiff in this action. On the basis of the information now available with respect

to the allegations therein, I find that the individual Defendant, Jeffrey Wasserman, D.O., was acting within the scope of his employment as employees of the United States at the time of the conduct alleged in the Complaint.

Dated: *November 16 1999*

P. MICHAEL PATTERSON
United States Attorney

```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF FLORIDA
                 GAINESVILLE DIVISION
```

GENELZA WESTON, individually and
as Personal Representative of the
Estate of Miracle N. Weston,

       Plaintiff,

v.                             CIVIL ACTION NO.

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY
HOSPITAL; LEATON HALL, M.D.;
JEFFREY WASSERMAN, M.D.; JESSIE
FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC. AND
MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER a/k/a
GADSDEN MEDICAL CENTER, JOHN and
JANE DOE,

       Defendants.
_____/

## **CERTIFICATION**

    I, P. MICHAEL PATTERSON, United States Attorney for the
Northern District of Florida, acting pursuant to the provisions of
28 U.S.C. § 2679(d)(2), and by virtue of the authority vested in me
by the Appendix to 28 C.F.R. § 15.3 (1991), hereby certify that I
am familiar with the allegations made by the Plaintiff in this
action.  On the basis of the information now available with respect

to the allegations therein, I find that the individual Defendant, Jessie Furlow, M.D., was acting within the scope of his employment as employees of the United States at the time of the conduct alleged in the Complaint.

Dated: *November 14, 1999*

P. MICHAEL PATTERSON
United States Attorney

EXHIBIT "A"

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

*99-333-CAB*

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JOHN DOE, M.D.s (plural); JOHN DOE-
HOSPITAL #1; JOHN DOE-MEDICAL CENTER #1

        Defendants.

_____/

## INITIAL COMPLAINT FOR NEGLIGENCE AND MEDICAL MALPRACTICE

COMES NOW the Plaintiff, GENELZA WESTON, individually, and as Personal

Representative of the Estate of Miracle N. Weston, by and through her undersigned counsel, and

hereby files this, her Initial Complaint for damages against the Defendants TALLAHASSEE

MEDICAL CENTER, INC. d/b/a TALLAHASSEE COMMUNITY HOSPITAL; LEATON

HALL, M.D.; JOHN DOE M.D.s (plural); JOHN DOE-HOSPITAL #1; JOHN DOE-MEDICAL

CENTER #1 and other Defendants perhaps to be named in the future, and in support thereof,

would state the following:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of the minimal jurisdictional limit of this

Court.

2. All conditions precedent to the bringing of this action have occurred or have been

performed.

-1-

3. Plaintiff is a permanent resident of Gadsden County.

4. Defendants, HALL and TALLAHASSEE MEDICAL CENTER, INC. are residents or have a permanent place of business in Leon County, State of Florida. All other Defendants were residents or had permanent places of business, at all times material hereto, in Gadsden County, Florida.

5. JOHN DOE-HOSPITAL #1 is a governmental facility, with its principal place of business being in Gadsden County, Florida. JOHN DOE-HOSPITAL #1 provides emergency medical services and other medical services to residents of Gadsden County, Florida. It does so by providing the facilities for such services, staff personnel to function in support of medical doctors, and facilities for which doctors and nurses can obtain staff privileges to treat patients in the local area.

6. JOHN DOE-MEDICAL CENTER #1 is a Florida not-for-profit corporation, with its principal place of business also being in Gadsden County, Florida. JOHN DOE-MEDICAL CENTER #1 provides emergency medical services and other medical services to residents of Gadsden County, Florida. It does so by providing the facilities for such services, staff personnel to function in support of medical doctors, and facilities for which doctors and nurses can obtain staff privileges to treat patients in the local area.

7. JOHN DOE, M.D. #1 was a physician licensed to practice medicine in the State of Florida and had his principal place of business or occupation in Gadsden County, State of Florida, at all times material hereto. She practices in general or family practice, with experience in general surgery and emergency room practice.

8. JOHN DOE, M.D. #2 was a physician licensed to practice medicine in the State of Florida and had his principal place of business or occupation in Gadsden County, State of

-2-

Florida, at all times material hereto. He practices in a general or family practice.

9. JOHN DOE, M.D. #3 was a physician licensed to practice medicine in the State of Florida and had his principal place of business or occupation in Gadsden County, State of Florida, at all times material hereto, where he practiced the specialty of emergency room medicine.

10. All of the acts or omissions, all of the events complained about in this Initial Complaint occurred in either Gadsden County or Leon County, Florida.

## COMPLIANCE WITH FLORIDA STATUTE §766.106(2)

11. Notices of intention to initiate litigation against the Defendants named herein were given in accordance with the requirements of Florida Statute §766.106(2), including putting Defendants on notice of the Plaintiff's intent to sue more than ninety (90) days before bringing this action.

## CERTIFICATE OF COUNSEL

12. Pursuant to Florida Statute §766.203 the undersigned attorneys of record do hereby certify that a reasonable investigation has been conducted as to the matters alleged herein and it has been determined that there are grounds for a good faith belief that there has been negligence in the care and treatment of GENELZA WESTON, and that grounds exist for the filing of this action against the Defendant.

13. Defendants, TALLAHASSEE MEDICAL CENTER, INC. and LEATON HALL, M.D. are in violation of §766.106 Fla. Stat. (1998) in that they failed to make themselves available within the ninety (90) day period of pre-suit investigation for purposes of giving unsworn statements. Although Plaintiff offered to extend the pre-suit period for this and other purposes, counsel for Defendants refused and denied the claim, thereby forcing the filing of a

-3-

lawsuit before a full investigation could be completed.  Nevertheless, Plaintiff has ample basis

for alleging medical malpractice on the part of these Defendants as shown below.

## NOTICE OF POSSIBLE ADDITIONAL DEFENDANTS

14.  This initial Complaint lists and names two Defendants in the action, although others

are mentioned as participating in the treatment that was received by GENELZA WESTON, and

are mentioned as JOHN DOE'S, in the paragraphs above and in the paragraphs below.  These

other practitioners may or may not be added as Defendants in this action, but inasmuch as the

pre-suit investigation is continuing against all at this time, they will not be served or listed as

named Defendants, until such time as the pre-suit investigation has been completed and the

Complaint has either been denied or the claim dismissed.

## FACTS COMMON TO ALL COUNTS

15.  GENELZA WESTON, Plaintiff and mother of the deceased, Miracle N. Weston,

presented herself numerous times to the Gadsden Medical Center in Quincy, Florida, most

notably starting on March 27, 1996, with the complaints of a cold, nausea, vomiting and pain.

She had reported that her last period was in February of 1996.  She was given antibiotics.  She

was then seen on April 5, 1996, April 26, 1996, July 18, 1996 and July 23, 1996, with similar

complaints of nausea, vomiting, and abdominal pain.  Usually, no proper menstrual and

contraceptive histories were obtained.  No ultrasounds were taken. She was diagnosed with

various viral syndromes and gastritis and was given different medications for those ailments.

She had different tests performed on her.  She was seen by both JOHN DOE, M.D. #1 and JOHN

DOE, M.D. #2.

16.  Subsequently, GENELZA WESTON was seen again on August 5, 1996 and August

12, 1996 again with complaints of URI symptoms, breast soreness, abdominal and stomach pain,

-4-

nausea and vomiting. More medications, similar to those above, were prescribed. Again no ultra sounds were taken. No pregnancy tests or adequate histories were obtained.

17. On August 20, 1996, she presented to the Gadsden Community Hospital Emergency Room at 7:54 a.m. with abdominal pain, urinary symptoms, abdominal periods and vaginal discharge. According to the emergency room physician on duty, she was obviously at least eight months pregnant with orthostatic hypertension. Subsequent to the events above, GENELZA WESTON was transferred to TALLAHASSEE COMMUNITY HOSPITAL (Tennessee Medical Center, Inc.) and arrived at 11:30 a.m. on August 20, 1996 with a "bloody show and mild contractions". External monitoring was done and showed a very ominous tracing throughout with almost no long or short term variability and no accelerations. At that time she was seen by Obstetrician, LEATON HALL, M.D., who provided an ultrasound that showed a thirty-six week plus, twenty-six hundred gram fetus with a normal amniotic fluid and fundel placenta. At 1:40 p.m. HALL reassessed the Plaintiff and suggested a possible abruption.

18. At 2:00 on August 20, 1996, GENELZA WESTON had a deceleration after vomiting. HALL then called for caesarian section. This he performed at 3:09 p.m., with the clinical findings of a complete abruption.

19. The young child, Miracle N. Weston, had APGARS of 0, 0 and 0. The baby had severe anoxia and succumbed at approximately forty-eight (48) hours of age (2 days) from multi-organ failure. Miracle N. Weston had succumbed after approximately a thirty-six (36) week gestation pregnancy of her mother, without proper prenatal care, and a total abruption causing severe anoxia that led to the subsequent death of herself. She did on August 21, 1996 at approximately 10:55 a.m.

20. At all times material hereto, JOHN DOE, M.D. #1 and JOHN DOE, M.D. #2, both

-5-

associated with the JOHN DOE MEDICAL CENTER #1, treated this Plaintiff when she came

with the various complaints to the hospital and sought medical care.

21. At all times material hereto, JOHN DOE, M.D. #3 worked in the emergency room of

JOHN DOE HOSPITAL #1, and treated the Plaintiff, GENELZA WESTON, on her arrival at

that emergency room.

22. A petition to extend the statutes of limitations, with an automatic ninety (90) day

extension, was filed, a copy of which is attached as Exhibit "A" to this document.

## COUNT I

### NEGLIGENCE - JOHN DOE, M.D. #1

23. Plaintiff realleges paragraphs 1- 3, 6, 7, 10,  and 15 - 20 of the Complaint and

incorporates the contents herein.

24. Defendant, JOHN DOE, M.D. #1 (hereinafter "DOE-1") was a licensed physician,

specializing in family medicine, with his principal office being in Gadsden County, Florida.  At

all times material hereto, she had permission of JOHN DOE-MEDICAL CENTER #1, to provide

medical services to the public and as a matter of law, to provide those services in accordance

with currently approved methods and practices in the locality.

25. At all times material hereto, negligent DOE-1 was a member, owner, stockholder,

manager and/or employee of JOHN DOE-MEDICAL CENTER, #1 which had treated

GENELZA WESTON for several years and which provided facilities and services where DOE-1

had his offices.

26. Defendant, DOE-1 held himself out to the public and to GENELZA WESTON in

particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat

and admit patients who presented themselves to the medical center and who required the care of

-6-

a general practitioner skilled in identifying and recognizing a pregnancy and in serving as an Obstetrician or, in the alternative, consulting with an Obstetrician, in order to the treat the needs of a patient in pregnancy, and to render medical services in a manner both reasonable and acceptable to the prevailing standards of medical practice in this locality.

27.   Defendant, DOE-1 treated GENELZA WESTON on March 27, 1996 at MEDICAL CENTER - DOE-1.  She reported that she was suffering from nausea, had her last period in February, 1996, and suffered the symptoms of a cold.  She also was coughing up sputum with blood and mucus.  She could not hold food down.  GENELZA was overweight at the time of this visit to the physician, who saw her at the facilities of his office.  At that time, the physician did not conduct a complete examination, take an adequate history or conduct any tests for pregnancy.  No diagnostic studies were obtained or ordered.

28. Defendant, DOE - 1 treated GENELZA WESTON, for a second time, on April 26, 1996, Defendant DOE - 1 having had the advantage of a clinical history of two previous visits at the medical center as well as an emergency room visit concerning the same series of problems. On that date, WESTON continued to complain of nausea, vomiting, back pain, frequent urination and constipation( notwithstanding the consumption of eight glasses of water a day).  DOE - 1 continued to document the glucose level of 102, the hematocit of 30%, and recommended further antibiotics.  There is also a diagnosis of gastritis, with an attempt to rule out ulcers and a request for a follow up in one month.  There was no pregnancy test, no thorough examination, no examination of the pelvic area.  DOE -1 also recorded a history of vomiting and back pain.

29.  In fact, GENELZA WESTON, was three months pregnant, a fact unknown to her. Defendant, DOE-1 released her from the MEDICAL CENTER, with a diagnosis as having flu symptoms and a possible problem with her gallbladder.  A throat culture was ordered (which was

normal). A prescription for antibiotics was also provided.

30. At all times material hereto, Defendants JOHN DOE M.D. - 1 and JOHN DOE,
M.D. - 2 were acting within the scope and course of their employment by or for JOHN DOE
MEDICAL CENTER #1. At all times material hereto, they acted as a team, previding a
contentious course of treatment to WESTON.

31. Defendant, DOE-1 breached his duties and obligations to the Plaintiff by doing or
failing to do any or all of the following acts, any or all of which were departures from the
prevailing standard of medical care and treatment in Florida, or any other similar medical
community, to wit:

(a)    failure to properly evaluate the nature and source of the patient's signs and
        symptoms;

(b)    failure to conduct any pregnancy test;

(c)    failure to order necessary consultations and diagnostic tests to confirm or deny
        original diagnosis of cold/sinus infections, gallbladder or ulcer difficulties, all
        possibilities listed by DOE-1;

(d)    failure to take or complete a proper history of the patient, particularly menstrual
        history;

(e)    failure to properly diagnose and treat the patient.

(f)    Failure to properly consult with his colleague, JOHN DOE, M.D. #2

(g)    Failed to order an ultrasound

(h)    Improper use of prescription medicine.

32. As a direct and proximate result of the acts or omissions of Defendant, DOE-1,
Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0,

severe anoxia, which resulted in death within two days. As a direct and proximate result of the acts and omissions of negligence of DOE-1, Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money. Eventually, this injury caused death.

33. As a proximate result of the negligence, acts or omissions of Defendant, DOE-1, GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, DOE-1, and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT II

### NEGLIGENCE - JOHN DOE, M.D. #2

34. The Plaintiff realleges paragraphs 1-3, 6, 7,10, 15 -20 and 30 of the Complaint and incorporates the contents herein.

35. Defendant, JOHN DOE, M.D. #2 (hereinafter "DOE-2") was a licensed physician,

-9-

specializing in family medicine, with his principal office being in Gadsden County, Florida.

36. At all times material hereto, he had the permission of JOHN DOE - MEDICAL

CENTER #1 to provide medical services to the public and as a matter of law, to provide those

services in accordance with currently approved methods and practices in the locality.  He had

staff privileges at said hospital and was on call to the hospital.

37. At all times material hereto, negligent DOE - 2 was a member, owner, stock holder,

manager and/or employee of JOHN DOE MEDICAL CENTER - #1 which had treated

GENELZA WESTON for several years and which provided facilities and services where DOE -

2 had his offices.

38. Defendant, DOE-2 held himself out to the public and to GENELZA WESTON in

particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat

and admit patients who presented themselves to the hospital and who required the care of a

general practitioner skilled in identifying and recognizing a pregnancy and in serving as an

Obstetrician or, in the alternative, consulting with an Obstetrician, in order the treat the needs of

a patient in pregnancy, and to render medical services in a manner both reasonable and

acceptable to the prevailing standing of medical practice in this locality.

39. Defendant, DOE - 2 treated GENELZA WESTON on April 5, 1996, two days after

she was seen in an emergency room, with similar complaints of stomach pain, abdominal

cramps, nausea and chest discomfort.  DOE - 2 diagnosed a urinary tract infection, despite both

the emergency room history as well as the history of his own clinic, and recommended an Upper

GI series of tests.  There was no pregnancy test.

40. GENELZA WESTON and her mother had complained that she had been spitting up

blood continuously ( a complaint that she had made on March 27, 1996, to DOE-1)  DOE - 2

-10-

replied that he could do nothing. He also stated that he did not know why GENELZA WESTON's stomach was swelling. When GENELZA's mother asked about these problems, she was told by DOE -2 that she was probably worrying about something. No examination of the pelvic area or other pregnancy test was ever taken.

41. In fact, GENELZA WESTON, was now four months pregnant, a fact unknown to her. Defendant, DOE - 2 released her from the medical center, with a diagnosis of upper respiratory GI problems or a urinary tract infection.

42. Following a visit with DOE -1 at the same medical center on April 26, 1996, Defendant DOE -2 continued to examine, treat and see GENELZA WESTON for a period of several months. On July 18, 1996, she was evaluated by DOE - 2 for continued complaints of coughing, nausea, vomiting, shortness of breath and chest discomfort. Lower back pain was also indicated. On July 26, 1996, complaints of chest discomfort, urinary urgency, discharge with vaginal pain and lower abdominal pain were added to her complaints. During both of these visits, DOE-2 prescribed various medications, limited the patient to a clear liquid diet for 24 hours at a time, and ordered a urine culture. There was no menstrual history taken, no pregnancy test, no complete examination including pelvic area. No consideration was given whatsoever to the possibility of a pregnancy.

43. In a subsequent visit on August 5, 1996, WESTON continued to complain of chest pain, left hip and lower back pain, nausea and vomiting. WESTON's urine culture was negative, indicating that she had no urinary tract infection. Medications ordered earlier, dealing with both urinary tract infection and possible antibiotics or other infections were continued. On August 12, 1996, and yet another visit to DOE - 2, DOE -2 documented that MS. WESTON now complained of pain under her breasts, radiating up her neck and down into her bowels. She had

-11-

complained of blood in her stool for approximately one week. DOE -2 documented that she

continued to complain of vaginal pain, upper abdomen, chest and back pain with his

recommendations to decrease her antacid intake, to re-evaluate the blood of the stool, and to have

a follow-up in ten days.  There was no pregnancy test, no history of menstrual cycles reported, no

evaluation or consideration of pregnancy.  This was the last visit made to the medical center and

to Defendants DOE 1 and 2, before an emergency visit with an impending pregnancy on August

20, 1996, to Gadsden Community Medical Center.

44. Defendant DOE -1 breached his duties and obligations to the Plaintiff by doing or

failure to do any of the following acts, any or all of which were departures from the prevailing

standard of medical care and treatment in Florida, or any other similar medical community, to

wit:

      (a)     Failure to properly evaluate the nature and source of the patients'
signs and symptoms;

      (b)     Failure to review carefully the past medical history of the clinic or
the emergency room in order to determine whether there was any
trend or problem emerging over a period of visits;

      (c)     Failure to conduct any pregnancy test;

      (d)     Failure to conduct any satisfactory examination, including but not
limited to a pelvic examination, of the patient;

      (e)     Failure to order necessary consultations and diagnostic tests to
confirm or deny any original diagnosis of urinary tract infection,
upper GI problems, cold or sinus infections, or to discover what
could be the source of the many signs and symptoms indicated by

-12-

the Plaintiff;

(f)   Failure to take or complete a proper history of the patient,
      particularly menstrual history;

(g)   Specifically denying the diagnosis to mother and child of a
      possible pregnancy, especially without there being any test to
      establish such diagnosis;

(h)   Failure to properly diagnose and treat the patient.

(i)   Failure to properly consult with JOHN DOE, M.D. #1.

(j)   Failed to order an ultrasound.

(k)   Prescribe medications improperly.

45. As a direct and proximate result of the acts or omissions of Defendant, DOE-2,
Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0,
severe anoxia, which resulted in death within two days.  As a direct and proximate result of the
acts and omissions of negligence of DOE-1, Miracle N. Weston suffered permanent injury
resulting in death, pain and suffering, disability, disfigurement, emotional and psychological
damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and
treatment and loss of the ability to earn money.  Eventually, this injury caused death.

46. As a proximate result of the negligence, acts or omissions of Defendant, DOE-2,
GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering,
disability, mental anguish, emotional and psychological damage, the loss of capacity for the
enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of
earnings, loss of ability to earn money, and/or aggravation of any previously existing condition.
She has also lost the services of her child, now deceased, and must pay for the medical expenses

-13-

incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, DOE-2, and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT III

### NEGLIGENCE - JOHN DOE MEDICAL CENTER # 1

47. Plaintiff realleges Paragraphs 1-3, 6, 7-8, 10, 15-20, and Counts I and II of the Complaint and incorporates the contents herein.

48. At all times material hereto, Defendants DOE -1 and Defendants DOE - 2 were the employees of JOHN DOE - MEDICAL CENTER #1.

49. At all times material hereto, Defendants JOHN DOE M.D. - 1 and JOHN DOE, M.D. - 2 were acting within the scope and course of their employment by or for JOHN DOE MEDICAL CENTER #1.

50. At all times material hereto, Defendants, JOHN DOE M.D. - 1 and JOHN DOE, M.D. - 2 were acting as actual or ostensible agents for JOHN DOE MEDICAL CENTERS 1, and the latter was responsible and liable for any actions done negligently or harmfully to any patients, including but not limited to GENELZA WESTON and her infant.

51. As such, the negligent acts described in Counts I and II concerning JOHN DOE, M.D. - 1 and JOHN DOE, M.D. -2 are directly attributable and assignable to JOHN DOE MEDICAL CENTERS -1.

-14-

52. At all times material hereto, Defendant JOHN DOE MEDICAL CENTER-1 undertook the provide diagnostic medical services to the general community, including but not limited to GENELZA WESTON, in accordance with that level of care and skill which is recognized as acceptable and appropriate by reasoning to be prudent by similar health care providers. They therefore had duties to provide those services within a reasonable standard of medical competency. The Corporate Defendant indicated as JOHN DOE MEDICAL CENTER - 1 violated its duties to the general public in the same ways as did Defendants, JOHN DOE, M.D. - 1 and JOHN DOE, M.D. - 2, in that their agents, whether actual or authentible, violated various breaches in the standard of care in the treatment of GENELZA WESTON resulting in the damages described below.

53. Defendant JOHN DOE MEDICAL CENTER -1 breached his duties and obligations to the Plaintiff by doing or failure to do any of the following acts, any or all of which were departures from the prevailing standard of medical care and treatment in Florida, or any other similar medical community, to wit:

(a)     Failure to properly evaluate the nature and source of the patients' signs and symptoms;

(b)     Failure to review carefully the past medical history of the clinic or the emergency room in order to determine whether there was any trend or problem emerging over a period of visits;

(c)     Failure to conduct any pregnancy test;

(d)     Failure to conduct any satisfactory examination, including but not limited to a pelvic examination, of the patient;

(e)     Failure to order necessary consultations and diagnostic tests to

-15-

confirm or deny any original diagnosis of urinary tract infection,

upper GI problems, cold or sinus infections, or to discover what

could be the source of the many signs and symptoms indicated by

the Plaintiff;

(f)     Failure to take or complete a proper history of the patient,

particularly menstrual history;

(g)     Specifically denying the diagnosis to mother and child of a

possible pregnancy, especially without there being any test to

establish such diagnosis;

(h)     Failure to properly diagnose and treat the patient.

54. As a direct and proximate result of the acts or omissions of Defendant, JOHN DOE

MEDICAL CENTER-1, Miracle N. Weston suffered a complete abruption at birth, and suffered

APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days.  As a direct and

proximate result of the acts and omissions of negligence of DOE-1, Miracle N. Weston suffered

permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and

psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization,

medical care and treatment and loss of the ability to earn money.  Eventually, this injury caused

death.

55. As a proximate result of the negligence, acts or omissions of Defendant, JOHN DOE

MEDICAL CENTER-1, GENELZA WESTON has suffered permanent bodily injury, resulting

pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of

capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and

treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously

-16-

existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, JOHN DOE MEDICAL CENTER-1, and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT IV

## NEGLIGENCE - JOHN DOE #3

56. Plaintiff realleges paragraphs 1-5, 9-10, 15-19 and 21 and incorporates the contents herein.

57. JOHN DOE, M.D. #3 was a licensed physician, who held himself out to the public and to GENEZLA WESTON in particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat and admit patients who presented themselves to the emergency department at JOHN DOE HOSPITAL #1, who required the skills of a physician to diagnose, treat, consult, recommend, prescribe and refer patients who sought immediate care for their emergency needs, and to render those services in a manner both reasonable and acceptable to the prevailing standards of medical practice in the locality.

58. On April 3, 1996, GENEZLA WESTON presented herself to the emergency room at

-17-

GADSDEN COMMUNITY HOSPITAL with complaints of a sore throat and a history of seeing physicians at JOHN DOE MEDICAL CENTER #1.

59. Although it was decided that chest x-rays would be taken of this particular patient, JOHN DOE, M.D. #3 never asked any history pertaining to pregnancy of this particular patient. No ultrasound or other diagnostic test was ordered. Such is normally done before chest x-rays were taken, and had this been done, the physician would have been put on notice that there was in fact no recent menstrual history and there was a pregnancy.

60. GENEZLA WESTON was treated for symptoms of upper respiratory infection by JOHN DOE, M.D. #3. In addition to taking x-rays, which showed herself to be clear and normal, antibiotics are prescribed. There was no inquiry about her being pregnant, no pregnancy test. The source of the symptoms had not yet be identified. No attempt at forming a differential was made.

61. In fact, GENEZLA WESTON was three months pregnant, a fact unknown to her, but discoverable by a physician.

62. Defendant, DOE - 3 breached his duties and obligations to the Plaintiff by doing or failing to do any or all of the following acts, any or all of which are departures from the prevailing standard of care and treatment in Florida, or any other similar medical community, to wit:

> (a) Failure to completely evaluate the nature and sources of the patients signs and symptoms, especially after favorable x-rays were reported;
>
> (b) Failure to conduct any pregnancy tests;
>
> (c) Failure to obtain a complete medical history, including a menstrual

-18-

history, and a failure to order necessary consultations and diagnostic tests to confirm or deny any original diagnosis of cold/sinus infections, or any other problems.

(d)     Failure to take a complete and proper history of the patient;

(e)     Failure to properly diagnose and treat the patient.

(f)     Premature release of the patient.

(g)     Improper use of prescriptions.

(h)     No use of an ultrasound

63. As a direct and proximate result of the acts or omissions of Defendant, DOE-3, Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days. As a direct and proximate result of the acts and omissions of negligence of DOE-3, Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money. Eventually, this injury caused death.

64. As a proximate result of the negligence, acts or omissions of Defendant, DOE-3, GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and

-19-

dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, JOHN

DOE, M.D.-3, and award of all costs and attorney's fees awardable by the Court, an award of

compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT V**

**NEGLIGENCE - JOHN DOE HOSPITAL #1**

</div>

65. Plaintiff realleges paragraphs 1-5, 9-10, 13, 15-19, 21 and Count IV of the Complaint

and incorporates the contents herein.

66. At all times material hereto, Defendant JOHN DOE HOSPITAL #1 (hereinafter

HOSPITAL - 1) undertook to provide diagnostic and medical services to the general community

and to GENEZLA WESTON in accordance with that level of care and skill which is recognized

as acceptable and appropriate by reasonably prudent similar healthcare providers.  It had a duty

to provide these services within a reasonable standard of medical competency.

67. At all times material hereto, GENEZLA WESTON had faith in the knowledge,

experience and capabilities of HOSPITAL -1's nurses and physicians, and any doctor that

happened to be called in as a consultant or a physician.  She believed in HOSPITAL-1's ability to

function as a fully staffed hospital, and she had a right to do so, and as it held itself out to be,

with competent professionals on staff.

68. At all times material hereto, Defendant JOHN DOE, M.D. -3 was a member of the

Emergency Room staff who frequently assisted and consulted with the Emergency Room's other

physicians, and diagnosed and treated patients at the hospital.  This physician would appear to

anyone without a sophisticated education understanding medical relationships to be a member of

<div align="center">-20-</div>

the hospital staff representing HOSPITAL -1. The physician had certain privileges, utilize the diagnostic facilities, supplies, and nursing staff and the treatment of the patients coming to the Hospital/Emergency Room for care. He had both the actual and ostensible authority to act in their behalf and to diagnose and treat. To the general public, he would be a hospital employee.

69. Defendant JOHN DOE - 3 was required to follow the rules and regulations of Hospital - 1. He had the authority to direct the use of its facilities, in conjunction with physicians of the hospital, and in doing so, held himself out to the general public, including the Plaintiff, as an emergency room physician licensed to practice his trade in the State of Florida. He held himself out as possessing that degree of knowledge, education training and skill to diagnose, treat and make appropriate referrals for someone such as the Plaintiff, who was suffering from the symptoms that she displayed.

70. Defendant HOSPITAL -1 breached its respective duty to GENEZLA WESTON and her child, contributing to the loss of the child's life, in the following manner. It did or failed to do one or more of the following acts, any which are a deviation from the standard of care or skill which is recognized and accepted and appropriate for reasonable, prudent similar health providers, to wit:

        (a)    Failure to completely evaluate the nature and sources of the patients signs and symptoms, especially after favorable x-rays were reported;

        (b)    Failure to conduct any pregnancy tests;

        (c)    Failure to obtain a complete medical history, including a menstrual history, and a failure to order necessary consultations and diagnostic tests to confirm or deny any original diagnosis of

-21-

cold/sinus infections, or any other problems.

    (d)    Failure to take a complete and proper history of the patient;

    (e)    Failure to properly diagnose and treat the patient.

    (f)    Was vicariously liable for the actions of Defendant JOHN DOE, M.D. #3 as laid out in Count IV of this document.

    (g)    Failure to provide proper supervision of the medical staff in the emergency room.

    (h)    Failure to establish or enforce reasonable standards of care pertaining to the diagnosis and treatment of pregnant patients.

71. As a direct and proximate result of the acts or omissions of Defendant, HOSPITAL, Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days. As a direct and proximate result of the acts and omissions of negligence of DOE-3, Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money. Eventually, this injury caused death.

72. As a proximate result of the negligence, acts or omissions of Defendant, HOSPITAL, GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the

-22-

child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, HOSPITAL, and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT VI

### NEGLIGENCE - LEATON HALL, M.D.

73. Plaintiff realleges paragraphs 1- and   through   and incorporates the contents herein.

74. Defendant LEATON HALL, M.D. (hereinafter HALL) was an employee or independent contractor acting with and within the approval of Tallahassee Medical Center, Inc. d/b/a Tallahassee Community Hospital, acting with staff privileges within that facility. He was a licensed Florida Physician. He had Tallahassee's permission to provide medical services to the public, and, as a matter of law, had to provide those services in accordance with currently approved methods and practices of the locality. He was, at all times, "on call", to handle emergencies that arose at the facilities at the hospital.

75. In addition to those duties and obligations proposed by law, HALL also agreed theistically or by appearance, to comply with Tallahassee's rules, articles of incorporation, Medical Staff Bylaws Regulations, as well as its procedures and standards in dealing with obstetrics/gynecology patients.

76. Defendant HALL held himself out to the public and to GENZELA WESTON, in particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat and admit patients who presented themselves in Tallahassee's facilities and to render medical

-23-

services in a manner both reasonable and acceptable to the prevailing standard of medical practice to this locality.

77. On or about August 20, 1996, GENZELA WESTON presented to the emergency room at GADSDEN COMMUNITY HOSPITAL with abdominal pains, urinary symptoms, abnormal periods and vaginal discharge. The emergency room physician on duty correctly diagnosed her as eight months pregnant with orthostatic hypertension. Since GADSDEN did not have a maternity ward, WESTON was transferred to Tallahassee Community Hospital's labor and delivery department. That department called for the professional assistance of LEATON HALL, M.D., who had never seen GENEZLA WESTON previously.

78. WESTON arrived at 11:30 a.m. on August 20, 1996 with a bloody show and mild contractions. External monitoring showed an ominous tracing throughout with almost no long or short term variability and no accelerations. This information was available to Defendant HALL who examined WESTON and ordered an ultrasound which revealed a 36.3 week, 2600 gram fetus with fundal placenta. No complete history of the patient was taken but for the fact that she had not received any prenatal care. At this point, nothing was done until 1:40 p.m., almost two hours later.

79. At that time, 1:40 p.m., Defendant HALL reassessed the patient and suspected an abruption. At 2:00 p.m., WESTON suffered AD acceleration after vomiting. At this time, HALL called for a caesarian section which did not commence until 3:09 p.m.

80. The apgars of the child, who was delivered in the p.m. of August 20, 1990 was 0, 0 and 0. The baby had severe anoxia and succumbed at approximately 48 hours of age from multi-organ failures on August 21, 1996.

81. Defendant HALL breached his duty to the Plaintiffs in that he was negligent and

-24-

departed from the prevailing professional standard of care for obstetricans and genealogist in at least the following respects, to wit:

(a)     Failure to take a complete history or to observe the importance of their being no prenatal care upon delivery of this patient to the hospital and to his care. Upon the delivery of GENEZLA WESTON to the hospital and to his care.

(b)     Failed to properly monitor, read or consider the external monitoring and fetal monitoring strips which were indicating ominous tracing with almost no or long term viability and no accelerations.

(c)     Failure to conduct a proper examination and evaluation of the patient.

(d)     Failure to make the appropriate recommendation for treatment, given the condition of this patient.

(e)     Failure to conduct a caesarian section at once, but delaying for almost four hours, inappropriate and not necessary under the circumstances of this case.

82. As a direct and proximate result of the acts or omissions of Defendant, LEATON HALL, M.D., Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days. As a direct and proximate result of the acts and omissions of negligence of LEATON HALL, M.D., Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money. Eventually, this injury caused death.

83. As a proximate result of the negligence, acts or omissions of Defendant, LEATON HALL, M.D., GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, LEATON HALL, M.D., and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT VII

## NEGLIGENCE - TALLAHASSEE COMMUNITY HOSPITAL

84. Plaintiff realleges paragraphs 1- and   through   and incorporates the contents herein.

85. At all times material hereto, Defendant TALLAHASSEE MEDICAL CENTER, INC. d/b/a TALLAHASSEE COMMUNITY CENTER (hereinafter TALLAHASSEE) undertook to provide diagnostic and medical services to the general community and to GENEZLA WESTON in accordance with that level of care and skill which was recognized as acceptable and appropriate by reasonably prudent similar healthcare providers. At a duty to provide those services within a reasonable standard of medical competence.

-26-

86. At all times material hereto, GENEZLA WESTON had faith in the knowledge, experience and capabilities of TALLAHASSEE's nurses and physicians, and any doctor that happed to be called in as a consultant or a physician. She believed in TALLAHASSEE's ability to function as a fully staffed hospital as she had a right to do, as it held itself out to be with competent professionals and staff.

87. At all times material hereto, the nursing staff at TALLAHASSEE's facilities, particularly the labor and delivery section, who attended the care of GENEZLA WESTON and who rendered services of the Plaintiff, where acting within the course and scope of their employment and held themselves out to be trained in the field of nursing and having competence to treat and instruct patients in accordance with accepted nursing/medical emergency care in this and similar communities. They owed a duty to GENEZLA WESTON and her child to provide these services within a reasonable standard of medical competency.

88. Defendant HALL was an obstetrician/gynecologist who frequently assisted and consulted with nurses from the labor/delivery department at TALLAHASSEE. This physicians would appear to anyone without a sophisticated education notwithstanding medical relationships, to be a staff doctor representing the hospital. He had on-call privileges, utilized the diagnostic facilities, supplies and the hospital's nursing staff and the treatment of all of the hospital's patients. He had both the actual and othesiual authority to do so. To the general public, he was the hospital physician.

89. Defendant HALL was required to follow the rules and regulations of the hospital. He had the authority to direct the use of its facilities and in doing so, he held himself out to the general public, including the Plaintiff as a physician licensed to practice obstetrics/gynecology medicine in the State of Florida. He held himself out as possessing that degree of knowledge,

-27-

education, training and skill to diagnose, treat and make appropriate referrals for someone such as the Plaintiff.

90. Plaintiff realleges Count VI of the Complaint and incorporates the contents herein.

91. TALLAHASSEE breached its respective duties to GENEZLA WESTON and her child, contributing to the loss of the child's life, in the following manner. It did or failed to do one or more of the following acts, any of which was a deviation from the standard of care or skill which is recognized and accepted inappropriate for reasonable prudent healthcare providers, to wit:

(a) Was vicariously liable for the actions and omissions of Defendant HALL, as laid out in Count VI of this document.

(b) Failure to provide proper supervision of the nursing staff of the labor/delivery room.

(c) Failure to provide adequate supervision and quality control of both doctors and nurses in the labor/delivery facilities, particularly when it concerns the monitoring of fetal monitor strips or external monitoring of a child in anyway.

(d) Failure to establish or enforce reasonable standards of care pertaining to the diagnosis, treatment, assessment, or consultation of patients by nurses, with a high risk labor and delivery problem.

(e) Failure to consult with other physicians, staff superiors, or Defendant HALL, and bring to his attention that an immediate caesarian section was required and that any delay would cause further damage to the child or to the mother.

-28-

(f)     Failure to take a complete history of the patient, as reflected by the

medical records.

92. As a direct and proximate result of the acts or omissions of Defendant,

TALLAHASSEE, Miracle N. Weston suffered a complete abruption at birth, and suffered

APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days.  As a direct and

proximate result of the acts and omissions of negligence of TALLAHASSEE, Miracle N. Weston

suffered permanent injury resulting in death, pain and suffering, disability, disfigurement,

emotional and psychological damage, loss of capacity for the enjoyment of life, expensive

hospitalization, medical care and treatment and loss of the ability to earn money.  Eventually,

this injury caused death.

93. As a proximate result of the negligence, acts or omissions of Defendant,

TALLAHASSEE, GENELZA WESTON has suffered permanent bodily injury, resulting pain

and suffering, disability, mental anguish, emotional and psychological damage, the loss of

capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and

treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously

existing condition.  She has also lost the services of her child, now deceased, and must pay for

the medical expenses incurred in the child's care until death, funeral expenses and other matters

concerned with the child's Estate, and she will also suffer pain and suffering as the result of the

loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant,

TALLAHASSEE,  and award of all costs and attorney's fees awardable by the Court, an award

of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

-29-

BROWN & BROWN
Attorneys at Law
1102 E. Tennessee St.
Tallahassee, Florida 32308
(850) 224-2800
Attorneys for Plaintiff(s)

GARY, WILLIAMS & PARENTI, FINNEY, LEWIS,
MCMANUS, WATSON & SPERANDO
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994
(561) 283-8260
Attorneys for Plaintiff(s)

Paul D. Mark Lucas, Esq.
FBN #219835

-30-

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and          CASE NO.: 99-333C-AB
as Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

        Defendants.
_____/

## FIRST AMENDED COMPLAINT FOR NEGLIGENCE
## AND MEDICAL MALPRACTICE

COMES NOW the Plaintiff, GENELZA WESTON, individually, and as Personal

Representative of the Estate of Miracle N. Weston, by and through her undersigned counsel, and

hereby files this, her First Amended Complaint for damages against the Defendants

TALLAHASSEE MEDICAL CENTER, INC. d/b/a TALLAHASSEE COMMUNITY

HOSPITAL; LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;  JESSIE FURLOW,

M.D.; KHAN ASNER, M.D.; GADSDEN COMMUNITY HOSPITAL (HEALTHMARK

OF QUINCY, INC. AND MEDTECH OF NORTH FLORIDA, INC. ); NORTH FLORIDA

HEATH CENTERS, INC. d/b/a  GADSDEN MEDICAL CENTER, aka GADSDEN MEDICAL

CENTER, JOHN and JANE DOE, and in support thereof, would state the following:

-1-

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of the minimal jurisdictional limit of this Court.

2. All conditions precedent to the bringing of this action have occurred or have been performed.

3. Plaintiff is a permanent resident of Gadsden County. Plaintiff is also the Personal Representative of the Estate of Miracle N. Weston, and has the right to bring this action in accordance with the Laws of Florida. See Letter of Administration and Appointment as Personal Representative, Exhibits A and B to this Amended Complaint.

4. Defendants, HALL and TALLAHASSEE MEDICAL CENTER, INC. are residents or have a permanent place of business in Leon County, State of Florida. All other Defendants were residents or had permanent places of business, at all times material hereto, in Gadsden County, Florida.

5. GADSDEN COMMUNITY HOSPITAL is a governmental facility, with its principal place of business being in Gadsden County, Florida. GADSDEN COMMUNITY HOSPITAL provides emergency medical services and other medical services to residents of Gadsden County, Florida. It does so by providing the facilities for such services, staffs personnel to function in support of medical doctors, and provides facilities for which doctors and nurses can obtain staff privileges to treat patients in the local area. GADSDEN COMMUNITY HOSPITAL does not administer its own affairs, however, and employs private management and organizational entities to provide the certain medical services it has to the residents of Gadsden County, Florida, upon information and belief. These are or were HEALTHMARK OF QUINCY, INC.and MEDTECH OF NORTH FLORIDA, INC., upon information and belief.

-2-

6. HEALTHMARK OF QUINCY, INC. is a private Corporation, whose principal offices are located in Gadsden County, State of Florida. However, its primary function in regard to this case, was to administer and to make provision for the medical services and other medical services of Gadsden Community Hospital to the residence of Gadsden County, and thereby a principal place of business for said corporation was in Gadsden County, Florida.

7. MEDTECH OF NORTH FLORIDA INC. is a private Corporation, whose principal offices are located in Gadsden County, State of Florida. However, its primary function in regard to this case, was to administer and to make provision for the medical services and other medical services of Gadsden Community Hospital to the residence of Gadsden County, and thereby a principal place of business for said corporation was in Gadsden County, Florida.

8. GADSDEN MEDICAL CENTER is a "DEEMED HEALTH CENTER" as of December 1, 1996, of the U.S. Federal Government but before that date, functioned as a not-for-profit medical center, either as an independent corporation or as a sub-center and location of North Florida Medical Centers, Inc., once being a Federally supported health center in accordance with the Federally Support Heath Center Assistance Act of 1995. The medical center provides medical services to residence of Gadsden County, Florida. It does so by providing facilities for such services, staff personnel to function in support of medical doctors, and facilities for which doctors and nurses can obtain staff privileges to treat patients in the local area. In addition, it also employs physicians as its agents and representatives, or either directly, or through its current parent (North Florida Medical Centers, Inc.), whereby making the such staff physicians the direct representatives of Gadsden Medical Center and/or North Florida Health Centers, Inc.

-3-

9. North Florida Medical Centers, Inc. was considered a "DEEMED HEALTH CENTER" as of June 23, 1996, but its own facility in Wewahitchka, Florida. At all times material hereto, Defendants WASSERMAN and FURLOW were employees of the GADSDEN MEDICAL CENTER located in Quincy, Florida.

10. JESSIE FURLOW, M.D. was a physician licensed to practice medicine in the State of Florida and had her principal place of business or occupation in Gadsden County, State of Florida, at all times material hereto. She practices in a general or family practice, with experience in general surgery and emergency room practice.

11. JEFFREY WASSERMAN, M.D. was a physician licensed to practice medicine in the State of Florida and had his principal place of business or occupation in Gadsden County, State of Florida, at all times material hereto, where he practiced the specialty of general or family practice.

12. KHAN M. ASNER, M.D. was a physician licensed to practice medicine in the State of Florida and had his principal place of business or occupation in Gadsden County, State of Florida, at all times material hereto, where he practiced the specialty of emergency room medicine.

13. All of the acts or omissions, all of the events complained about in this Amended Complaint occurred in either Gadsden County or Leon County, Florida.

## COMPLIANCE WITH FLORIDA STATUTE §766.106(2)

14. Notices of intention to initiate litigation against the Defendants named herein were given in accordance with the requirements of Florida Statute §766.106(2), including putting Defendants on notice of the Plaintiff's intent to sue more than ninety (90) days before bringing this action.

-4-

15. Pursuant to Florida Statute §766.203 the undersigned attorneys of record do hereby certify that a reasonable investigation has been conducted as to the matters alleged herein and it has been determined that there are grounds for a good faith belief that there has been negligence in the care and treatment of GENELZA WESTON, and that grounds exist for the filing of this action against the Defendant.

16. Defendants, TALLAHASSEE MEDICAL CENTER, INC. and LEATON HALL, M.D. are in violation of §766.106 Fla. Stat. (1998) in that they failed to make themselves available within the ninety (90) day period of pre-suit investigation for purposes of giving unsworn statements. Although Plaintiff offered to extend the pre-suit period for this and other purposes, counsel for Defendants refused and denied the claim, thereby forcing the filing of a lawsuit before a full investigation could be completed. Nevertheless, Plaintiff has ample basis for alleging medical malpractice on the part of these Defendants as shown below.

17. Defendant, KHAN M. ASNER, M.D. is in violation of Section 766.106 FLA Statutes (1998) in that he has failed to respond in any way to the Notice of Intent which was filed, failed to respond to the pre-suit discovery served upon him and failed to make himself available for a pre-suit unsworn statement. His complete lack of participation has made this suit necessary. Nevertheless, Plaintiff has ample basis for alleging medical malpractice on the part of this Defendant as shown below.

18. Defendant GADSDEN COMMUNITY HOSPITAL is also in violation of Section 766.106 FLA Statutes (1998) in that it has failed to respond to the Notice of Intent, the pre-suit inquiries and discovery attached to that Notice and the request to take an unsworn statement of a representative. The hospital has been operated, according to a representative HEALTHMARK OF QUINCY, INC. by two private managerial groups - HEALTHMARK AND MEDTECH OF

FLORIDA, INC. See Exhibit C to the Amended Complaint.  No one in current charge at the hospital has seen it appropriate to respond to the Notice of Intent.  The letter of March 9, 1999, submitted as Exhibit C, in behalf of HEATHMARK, was sent 30 days subsequent to the end of the pre-suit period, and no extension was given to the hospital (or requested by the hospital).  The response is also a totally inadequate response to a Notice of Intent.

## NOTICE OF POSSIBLE ADDITIONAL DEFENDANTS

19.    This initial Complaint lists and names two Defendants in the action, although others are mentioned as participating in the treatment that was received by GENELZA WESTON, and are mentioned as JOHN DOE'S, in the paragraphs above and in the paragraphs below.  These other practitioners may or may not be added as Defendants in this action, but inasmuch as the pre-suit investigation is continuing against all at this time, they will not be served or listed as named Defendants, until such time as the pre-suit investigation has been completed and the Complaint has either been denied or the claim dismissed.

## FACTS COMMON TO ALL COUNTS

20. GENELZA WESTON, Plaintiff and mother of the deceased, Miracle N. Weston, presented herself numerous times to the Gadsden Medical Center in Quincy, Florida, most notably starting on March 27, 1996, with the complaints of a cold, nausea, vomiting and pain.  She had reported that her last period was in February of 1996.  She was given antibiotics.  She was then seen on April 5, 1996 (following an April 3, 1999 visit to the emergency room),  April 26, 1996, July 18, 1996 and July 23, 1996, with similar complaints of nausea, vomiting, and abdominal pain.  Usually, no proper menstrual or contraceptive histories were obtained.  No ultrasounds were taken.  She was diagnosed with various viral syndromes and gastritis and was given different medications for those ailments.  She had different tests performed on her.  She

-6-

was seen by both JEFFREY WASSERMAN, M.D. and JESSIE FURLOW, M.D.

21. On August 20, 1996, she presented to the Gadsden Community Hospital Emergency Room at 7:54 a.m. with abdominal pain, urinary symptoms, abdominal periods and vaginal discharge. According to the emergency room physician on duty, she was obviously at least eight months pregnant with orthostatic hypertension. Despite the above conditions no treatment or diagnosis was given to GENELZA WESTON, and although she was sent by GADSDEN COMMUNITY HOSPITAL to TALLAHASSEE COMMUNITY HOSPITAL (Tennessee Medical Center, Inc.), there was a delay of 1 ½ hours before an ambulance was found and sent.

22. GENELZA WESTON arrived at 11:30 a.m. at TALLAHASSEE COMMUNITY HOSPITAL on August 20, 1996 with a "bloody show and mild contractions". External monitoring (fetal monitor strips) was done and showed a very ominous tracing throughout with almost no long or short term variability and no accelerations. At that time she was seen by Obstetrician, LEATON HALL, M.D., who provided an ultrasound that showed a thirty-six week plus, twenty-six hundred gram fetus with a normal amniotic fluid and fundel placenta. Nothwithstanding all of this, neither the physician nor anyone else at the hospital took action to relieve GENELZA WESTON of her distress. At 1:40 p.m., HALL reassessed the Plaintiff and suggested a possible abruption, something that was in fact underway prior to that time.

23. At 2:00 on August 20, 1996, GENELZA WESTON had a deceleration after vomiting. It was then that HALL finally called for caesarian section, which he was not able to perform until 3:09 p.m., with the clinical findings at that time of a complete abruption.

24. The young child, Miracle N. Weston, had APGARS of 0, 0 and 0. The baby had severe anoxia and succumbed at approximately forty-eight (48) hours of age (2 days) from multi-organ failure. Miracle N. Weston had succumbed after approximately a thirty-six (36) week

gestation pregnancy of her mother, without proper prenatal care, and a total abruption causing severe anoxia that led to the subsequent death of herself. She died on August 21, 1996 at approximately 10:55 a.m.

25. At all times material hereto, JESSIE FURLOW, M.D. and JEFFREY WASSERMAN, M.D., both associated with the GADSDEN MEDICAL CENTER (since 1995), treated this Plaintiff when she came to the hospital with the various complaints seeking medical care.

26. A petition to extend the statutes of limitations, with an automatic ninety (90) day extension, was filed, a copy of which is attached as Exhibit "D" to this document.

<div align="center">

**COUNT I**

**NEGLIGENCE - JESSIE FURLOW, M.D.**

</div>

27. Plaintiff realleges paragraphs 1- 3, 8 -10, 13 and 20 - 22 of the Amended Complaint and incorporates the contents herein.

28. Defendant JESSIE FURLOW, M.D.(hereinafter "FURLOW") was a licensed physician, specializing in family medicine, with her principal office being in Gadsden County, Florida. At all times material hereto, she had permission of GADSDEN MEDICAL CENTER, to provide medical services to the public and as a matter of law, to provide those services in accordance with currently approved methods and practices in the locality.

29. At all times material hereto, Defendant FURLOW was an employee of GADSDEN MEDICAL CENTER (or NORTH FLORIDA MEDICAL CENTERS, INC., GADSDEN'S parent), which had treated GENELZA WESTON for several years and which provided facilities and services where FURLOW had her offices.

<div align="center">-8-</div>

30. Defendant FURLOW held herself out to the public and to GENELZA WESTON in particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat and admit patients who presented themselves to the medical center and who required the care of a general practitioner skilled in identifying and recognizing a pregnancy and in serving as an Obstetrician, or, in the alternative, consulting with an Obstetrician, in order to the treat the needs of a patient in pregnancy, and to render medical services in a manner both reasonable and acceptable to the prevailing standards of medical practice in this locality. Defendant FURLOW was also a skilled and qualified general surgeon, as well as an emergency room physician, and had the training, education and background related thereto.

31. Defendant, FURLOW treated GENELZA WESTON on March 27, 1996 at the GADSDEN MEDICAL CENTER. WESTON reported that she was suffering from nausea, had her last period in February 1996, and suffered the symptoms of a cold. She also was coughing up sputum with blood and mucus. She could not hold food down. GENELZA was overweight at the time of this visit to the physician. At that time, the physician did not conduct a complete examination, take an adequate history or conduct any tests for pregnancy. No diagnostic studies were obtained or ordered.

32. Defendant, FURLOW treated GENELZA WESTON, for a second time, on April 26, 1996. Defendant FURLOW, at that time, had the advantage of a clinical history of two prior visits to the medical center, including the one on March 27, 1996, as well as an emergency room visit concerning the same series of complaints or problems on April 3, 1996. On April 26, 1996, WESTON continued to complain of nausea, vomiting, back pain, frequent urination and constipation ( notwithstanding the consumption of eight glasses of water a day). FURLOW continued to document the glucose level of 102, the hematocit of 30%, and recommended further

-9-

antibiotics. There was a diagnosis of gastritis, with an attempt to rule out ulcers and a request for a follow up in one month. Again, there was no pregnancy test, no thorough examination, no specific examination of the pelvic area. FURLOW had recorded a history of vomiting and back pain.

33. In fact, GENELZA WESTON, was three-four months pregnant, a fact unknown to her. Defendant FURLOW released her from the MEDICAL CENTER, with a diagnosis as having flu symptoms and a possible problem with her gallbladder. A throat culture was ordered (which was normal). A prescription for antibiotics was also provided. There was no follow up to this treatment.

34. At all times material hereto, Defendants FURLOW and WASSERMAN were acting within the scope and course of their employment by or for GADSDEN MEDICAL CENTER (North Florida Medical Centers, Inc.). At all times material hereto, they acted as a team, providing a contentious course of treatment to WESTON from March of 1996 until August of 1996.

35. Defendant FURLOW breached her duties and obligations to the Plaintiff by doing or failing to do any or all of the following acts, any or all of which were departures from the prevailing standard of medical care and treatment in Florida, or any other similar medical community, to wit:

     (a)    failure to properly evaluate the nature and source of the patient's signs and symptoms;

     (b)    failure to conduct any pregnancy test;

     (c)    failure to order necessary consultations and diagnostic tests to confirm or deny original diagnosis of cold/sinus infections, gallbladder or ulcer difficulties, all

possibilities listed by FURLOW;

(d)     failure to take or complete a proper histories of the patient;

(e)     failure to properly diagnose and treat the patient.

(f)     Failure to properly consult with her colleague, JEFFREY WASSERMAN, M.D.

(g)     Failed to order an ultrasound

(h)     Improper use of prescription medicine.

(i)     Committed individual acts of negligence as well as contributing to a generally

         negligent course of treatment by GADSDEN MEDICAL CENTER of the Patient,

         GENELZA WESTON.

(j)     Failed to follow up on prior findings.

36.  As a direct and proximate result of the acts or omissions of Defendant, FURLOW,

Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0,

severe anoxia, which resulted in death within two days.  As a direct and proximate result of the

acts and omissions of negligence of FURLOW, Miracle N. Weston suffered permanent injury

resulting in death, pain and suffering, disability, disfigurement, emotional and psychological

damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and

treatment and loss of the ability to earn money.  Eventually, this injury caused death.

37.  As a proximate result of the negligence, acts or omissions of Defendant, FURLOW,

GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering,

disability, mental anguish, emotional and psychological damage, the loss of capacity for the

enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of

earnings, loss of ability to earn money, and/or aggravation of any previously existing condition.

She has also lost the services of her child, now deceased, and must pay for the medical expenses

-11-

incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, FURLOW, and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT II**

</div>

<div align="center">

**NEGLIGENCE - JEFFREY WASSERMAN, M.D.**

</div>

38. The Plaintiff realleges paragraphs 1-3, 8 - 11, 13, 20-21,25 and 31-34 of the Amended Complaint and incorporates the contents herein.

29. Defendant, JEFFREY WASSERMAN (hereinafter "WASSERMAN") was a licensed physician, specializing in family medicine, with his principal office being in Gadsden County, Florida.

40. At all times material hereto, he had the permission of GADSDEN MEDICAL CENTER to provide medical services to the public and as a matter of law, to provide those services in accordance with currently approved methods and practices in the locality. He had staff privileges at said hospital and was on call to the hospital.

41. At all times material hereto, Defendant WASSERMAN was an employee of GADSDEN MEDICAL CENTER (North Florida Medical Centers, Inc.) which had treated GENELZA WESTON for several years and which provided facilities and services where WASSERMAN had his offices.

<div align="center">-12-</div>

42. Defendant, WASSERMAN held himself out to the public and to GENELZA WESTON in particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat and admit patients who presented themselves to the hospital and who required the care of a general practitioner skilled in identifying and recognizing a pregnancy and in serving as an Obstetrician or, in the alternative, consulting with an Obstetrician, in order the treat the needs of a patient in pregnancy, and to render medical services in a manner both reasonable and acceptable to the prevailing standing of medical practice in this locality.

43. Defendant, WASSERMAN treated GENELZA WESTON on April 5, 1996, two days after she was seen in an emergency room, with similar complaints of stomach pain, abdominal cramps, nausea and chest discomfort.  WASSERMAN diagnosed a urinary tract infection, despite both the emergency room history as well as the history of his own clinic, and recommended an Upper GI series of tests.  There was no pregnancy test.

44. GENELZA WESTON and her mother had complained that she had been spitting up blood continuously ( a complaint that she had made on March 27, 1996, to FURLOW) WASSERMAN replied that he could do nothing.  He also stated that he did not know why GENELZA WESTON's stomach was swelling.  When GENELZA's mother asked about these problems, she was told by WASSERMAN that she was probably worrying about something.  No examination of the pelvic area or other pregnancy test was ever taken.

45. In fact, GENELZA WESTON, was now four months pregnant, a fact unknown to her. Defendant, WASSERMAN released her from the medical center, with a diagnosis of upper respiratory GI problems or a urinary tract infection.

46. Following a visit with FURLOW at the same medical center on April 26, 1996, Defendant WASSERMAN continued to examine, treat and see GENELZA WESTON for a

-13-

period of several months. On July 18, 1996, she was evaluated by WASSERMAN for continued complaints of coughing, nausea, vomiting, shortness of breath and chest discomfort. Lower back pain was also indicated. On July 26, 1996, complaints of chest discomfort, urinary urgency, discharge with vaginal pain and lower abdominal pain were added to her complaints. During both of these visits, WASSERMAN prescribed various medications, limited the patient to a clear liquid diet for 24 hours at a time, and ordered a urine culture. There was no menstrual history taken, no pregnancy test, no complete examination including pelvic area. No consideration was given whatsoever to the possibility of a pregnancy.

47. In a subsequent visit on August 5, 1996, WESTON continued to complain of chest pain, left hip and lower back pain, nausea and vomiting. WESTON's urine culture was negative, indicating that she had no urinary tract infection. Medications ordered earlier, dealing with both urinary tract infection and possible antibiotics or other infections were continued. On August 12, 1996, and yet another visit to WASSERMAN, WASSERMAN documented that MS. WESTON now complained of pain under her breasts, radiating up her neck and down into her bowels. She had complained of blood in her stool for approximately one week. WASSERMAN documented that she continued to complain of vaginal pain, upper abdomen, chest and back pain with his recommendations to decrease her antacid intake, to re-evaluate the blood of the stool, and to have a follow-up in ten days. There was no pregnancy test, no history of menstrual cycles reported, no evaluation or consideration of pregnancy. This was the last visit made to the medical center and to Defendants FURLOW and WASSERMAN, before an emergency visit with an impending pregnancy on August 20, 1996, to Gadsden Community Medical Center.

48. Defendant WASSERMAN breached his duties and obligations to the Plaintiff by doing or failure to do any of the following acts, any or all of which were departures from the

-14-

prevailing standard of medical care and treatment in Florida, or any other similar medical community, to wit:

(a)     Failure to properly evaluate the nature and source of the patients' signs and symptoms;

(b)     Failure to review carefully the past medical history of the clinic or the emergency room in order to determine whether there was any trend or problem emerging over a period of visits;

(c)     Failure to conduct any pregnancy test;

(d)     Failure to conduct any satisfactory examination, including but not limited to a pelvic examination, of the patient;

(e)     Failure to order necessary consultations and diagnostic tests to confirm or deny any original diagnosis of urinary tract infection, upper GI problems, cold or sinus infections, or to discover what could be the source of the many signs and symptoms indicated by the Plaintiff;

(f)     Failure to take or complete a proper history of the patient, particularly menstrual history;

(g)     Specifically denying the diagnosis to mother and child of a possible pregnancy, especially without there being any test to establish such diagnosis;

(h)     Failure to properly diagnose and treat the patient.

(i)     Failure to properly consult with JESSIE FURLOW, M.D.

(j)     Failed to order an ultrasound.

-15-

(k)    Prescribe medications improperly.

(l)    Committing various acts or omissions of negligence on individual

visits, as well as contributing to a generally negligent course of

treatment over several months.

(m)   Failure of follow up treatments.

49. As a direct and proximate result of the acts or omissions of Defendant,

WASSERMAN, Miracle N. Weston suffered a complete abruption at birth, and suffered

APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days.  As a direct and

proximate result of the acts and omissions of negligence of WASSERMAN, Miracle N. Weston

suffered permanent injury resulting in death, pain and suffering, disability, disfigurement,

emotional and psychological damage, loss of capacity for the enjoyment of life, expensive

hospitalization, medical care and treatment and loss of the ability to earn money.  Eventually,

this injury caused death.

50. As a proximate result of the negligence, acts or omissions of Defendant,

WASSERMAN, GENELZA WESTON has suffered permanent bodily injury, resulting pain and

suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity

for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss

of earnings, loss of ability to earn money, and/or aggravation of any previously existing

condition.  She has also lost the services of her child, now deceased, and must pay for the

medical expenses incurred in the child's care until death, funeral expenses and other matters

concerned with the child's Estate, and she will also suffer pain and suffering as the result of the

loss of her child and dependent.

-16-

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, WASSERMAN, and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT III**

**NEGLIGENCE - NORTH FLORIDA MEDICAL CENTERS, INC. AND/OR**

**GADSDEN MEDICAL CENTER**

</div>

51. Plaintiff realleges Paragraphs 1-3, 5-11, 13, 18, and Counts I and II of the Amended Complaint and incorporates the contents herein.

52. At all times material hereto Defendants FURLOW and WASSERMAN were the employees of NORTH FLORIDA MEDICAL CENTERS, INC. d/b/a GADSDEN MEDICAL CENTER (hereinafter GADSDEN) although the administrative and geographical separation of these entities is not clear.

53. At all times material hereto, Defendants FURLOW and WASSERMAN were acting within the scope and course of their employment by or for GADSDEN.

54. At all times material hereto, Defendants, FURLOW and WASSERMAN were acting as actual or ostensible agents for GADSDEN, and the latter was responsible and liable for any actions done negligently or harmfully to any patients, including but not limited to GENELZA WESTON and her infant.

55. As such, the negligent acts described in Counts I and II concerning FURLOW and WASSERMAN are directly attributable and assignable to GADSDEN.

56. At all times material hereto, Defendant GADSDEN undertook the provide diagnostic medical services to the general community, including but not limited to GENELZA WESTON,

<div align="center">-17-</div>

in accordance with that level of care and skill which is recognized as acceptable and appropriate by reasoning to be prudent by similar health care providers. They therefore had duties to provide those services within a reasonable standard of medical competency. The Defendant entity indicated as GADSDEN violated its duties to the general public in the same ways as did Defendants FURLOW and WASSERMAN, in that their agents, whether actual or ostensible, violated various breaches in the standard of care in the treatment of GENELZA WESTON resulting in the damages described below.

57. Defendant GADSDEN reached his duties and obligations to the Plaintiff by doing or failing to do any of the following acts, any or all of which were departures from the prevailing standard of medical care and treatment in Florida, or any other similar medical community, to wit:

(a)     Failure to properly evaluate the nature and source of the patients' signs and symptoms;

(b)     Failure to review carefully the past medical history of the clinic or the emergency room in order to determine whether there was any trend or problem emerging over a period of visits;

(c)     Failure to conduct any pregnancy test;

(d)     Failure to conduct any satisfactory examination, including but not limited to a pelvic examination, of the patient;

(e)     Failure to order necessary consultations and diagnostic tests to confirm or deny any original diagnosis of urinary tract infection, upper GI problems, cold or sinus infections, or to discover what could be the source of the many signs and symptoms indicated by the Plaintiff;

-18-

       (f)     Failure to take or complete a proper history of the patient,

             particularly menstrual history;

       (g)    Specifically denying the diagnosis to mother and child of a

             possible pregnancy, especially without there being any test to

             establish such diagnosis;

       (h)    Failure to properly diagnose and treat the patient.

58. As a direct and proximate result of the acts or omissions of Defendant GADSDEN, Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days.  As a direct and proximate result of the acts and omissions of negligence of DOE-1, Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money.  Eventually, this injury caused death.

59. As a proximate result of the negligence, acts or omissions of Defendant GADSDEN, GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant,

-19-

GADSDEN, and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

<p align="center">COUNT IV</p>

<p align="center">NEGLIGENCE - KHAN ASNER, M.D.</p>

60. Plaintiff realleges paragraphs 1-3, 5 -7, 12, 17, and 20 -22 of the Amended Complaint and incorporates the contents herein.

61. KHAN ASNER, M.D. was a licensed physician, who held himself out to the public and to GENEZLA WESTON in particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat and admit patients who presented themselves to the emergency department at GADSDEN COMMUNITY HOSPITAL (hereinafter COMMUNITY), who required the skills of a physician to diagnose, treat, consult, recommend, prescribe and refer patients who sought immediate care for their emergency needs, and to render those services in a manner both reasonable and acceptable to the prevailing standards of medical practice in the locality.

62. On April 3, 1996, GENEZLA WESTON presented herself to the emergency room at COMMUNITY with complaints of a sore throat and a history of seeing physicians at GADSDEN, for several months, located across the street. Additionally, Defendant FURLOW was also functioning as an emergency room physician at COMMUNITY and had knowledge and acquaintance with Defendant, KHAN ASNER, M.D.

63. Although it was decided that chest x-rays would be taken of this particular patient, KHAN ASNER, M.D. never asked any history pertaining to pregnancy of this particular patient. No ultrasound or other diagnostic test was ordered. Such is normally done before chest x-rays

<p align="center">-20-</p>

are taken, and had this been done, the physician would have been put on notice that there was in fact no menstrual history and that there was a pregnancy. In fact, GENEZLA WESTON was at least four months pregnant, a fact unnoticed or unrecorded by the physician.

64. GENEZLA WESTON was treated for symptoms of upper respiratory infection by KHAN ASNER, M.D. In addition to taking x-rays, which showed her to be clear and normal, antibiotics were prescribed. There was no inquiry about her being pregnant, no pregnancy test. The source of the symptoms had yet to be identified. No attempt at forming a differential was made.

65. In fact, GENEZLA WESTON was four months pregnant, a fact unknown to her, but discoverable by a physician.

66. Defendant ASNER breached his duties and obligations to the Plaintiff by doing or failing to do any or all of the following acts, any or all of which are departures from the prevailing standard of care and treatment in Florida, or any other similar medical community, to wit:

 (a) Failure to completely evaluate the nature and sources of the patients signs and symptoms, especially after favorable x-rays were reported;

 (b) Failure to conduct any pregnancy tests;

 (c) Failure to obtain a complete medical history, including a menstrual history, and a failure to order necessary consultations and diagnostic tests to confirm or deny any original diagnosis of cold/sinus infections, or any other problems.

 (d) Failure to take a complete and proper history of the patient;

 (e) Failure to properly diagnose and treat the patient.

-21-

(f)     Premature release of the patient.

(g)     Improper use of prescriptions.

(h)     No use of an ultrasound

(i)     Failure to formulate a useful differential.

67. As a direct and proximate result of the acts or omissions of Defendant ASNER, Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days.  As a direct and proximate result of the acts and omissions of negligence of ASNER, Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money.  Eventually, this injury caused death.

68. As a proximate result of the negligence, acts or omissions of Defendant ASNER, GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, KHAN ASNER, M.D., and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

-22-

PLAINTIFF DEMANDS TRIAL BY JURY.

<u>COUNT V</u>

<u>NEGLIGENCE - GADSDEN COMMUNITY HOSPITAL,</u>

<u>HEALTHMARK OF QUINCY, INC. AND MEDTECH OF NORTH FLORIDA, INC.</u>

69. Plaintiff realleges paragraphs 1-3, 5-7, 12-13, 18-22 and Count IV of the Amended Complaint and incorporates the contents herein.

70. At all times material hereto, Defendant COMMUNITY, HEALTHMARK OF QUINCY, INC. and MEDTECH OF NORTH FLORIDA, INC.  undertook to provide diagnostic and medical services to the general community and to GENEZLA WESTON in accordance with that level of care and skill which is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.  They had a duty to provide these services within a reasonable standard of medical competency.

71. Unknown to the Plaintiff and to the general public, COMMUNITY employed the services of these other two corporations to administer and provide medical services to the general public, including GENEZLA WESTON.  These two corporations supervised procedures, obtained supplies, administered facilities and over saw the granting of staff privileges for the hospital.  It was responsible for billing patients or health providers, receiving monies in supporting as well as running the hospital.  At various times, both of these corporations, HEALTHMARK OF QUINCY, INC. and MEDTECH OF NORTH FLORIDA, INC. were in charge of the hospital at times that MS. WESTON visited that hospital for medical care and treatment while carrying her child.

72. At all times material hereto, GENEZLA WESTON had faith in the knowledge, experience and capabilities of COMMUNITY's nurses and physicians, and any doctor that

-23-

happened to be called in as a consultant or a physician in that facility.  She believed in

COMMUNITY's, ability to function as a fully staffed hospital, as she had a right to do so, and as

it held itself out to be, with competent professionals on staff.  She had no knowledge whatsoever

that private corporations such as HEALTHMARK OF QUINCY, INC. and MEDTECH OF

NORTH FLORIDA, INC. were running that facility in behalf of the hospital.

73. At all times material hereto, ASNER was a member of the Emergency Room staff

who frequently assisted and consulted with the Emergency Room's other physicians, and

diagnosed and treated patients at the hospital.  This physician would appear to anyone without a

sophisticated education understanding medical relationships to be a member of the hospital staff

representing COMMUNITY.  The physician had certain privileges, utilize the diagnostic

facilities, supplies, and nursing staff and the treatment of the patients coming to the

Hospital/Emergency Room for care.  He had both the actual and ostensible authority to act in

their behalf and to diagnose and treat.  To the general public, he would be a hospital employee.

74. Defendant ASNER was required to follow the rules and regulations of

COMMUNITY.  He had the authority to direct the use of its facilities, in conjunction with

physicians of the hospital, and in doing so, held himself out to the general public, including the

Plaintiff, as an emergency room physician licensed to practice his trade in the State of Florida.

He held himself out as possessing that degree of knowledge, education training and skill to

diagnose, treat and make appropriate referrals for someone such as the Plaintiff, who was

suffering from the symptoms that she displayed.

75. On August 20, 1999, GENEZLA WESTON visited the emergency room and was seen

by an emergency room physician with abdominal pain, uninary symptoms, abdominal periods

and vaginal discharge.  According to the unidentified emergency room physician's records, she

-24-

was obviously at least eight months pregnant with obstrostatic hypertension. She and her baby were both in distress and a complete abruption of the placenta may have been in progress at that time.

76. The unidentified emergency physician on duty on August 20, 1999 was a licensed physician, who held himself out to the public and to GENEZLA WESTON in particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat and admit patients who presented themselves to the emergency department at GADSDEN COMMUNITY HOSPITAL who required the skills of a physician to diagnose, treat, consult, recommend, prescribe and refer patients who sought immediate care for their emergency needs, and to render those services in a manner both reasonable and acceptable to the prevailing standards of medical practice in the locality.

77. The attending emergency room physician on August 20, 1996, breached his duties and obligations to the Plaintiff by doing or failing to do any or all of the following acts, any or all of which are departures from the prevailing standard of care and treatment in Florida, or any other similar medical community, to wit:

(a)     Failure to completely evaluate the nature and sources of the patient's signs and symptoms, especially given the urgent nature of an undiagnosed pregnancy of eight months;

(b)     Failure to consult with any obstitrician;

(c)     Failure to consider an emergency C-Section delivery or any other procedure that might stop a problem that threatened the life of the mother and/or the child;

(d)     Failure to obtain a complete medical history, including a menstral history, and a failure to order the necessary diagnostic tests to confirm or deny any of the

-25-

original diagnosis of an eight month pregnancy, with or without complications;

(e)     Failure to properly diagnose and treat the patient;

(f)     Failure to transfer the patient with the lacraty and the necessary speed to another

hospital with a maternity ward and a larger emergency department;

(g)     Failure to use of fetal monitoring strips, or transfer to a facility immediately,

within the locality or without, that had such monitor strips;

(h)     Failure to formulate a useful differential pertaining to the illness or injury of the

baby.

78. Defendant COMMUNITY, Defendant HEALTHMARK OF QUINCY, INC. and

Defendant MEDTECH OF NORTH FLORIDA, INC., individually and collectively, however

they are organized, breached their respective duties to GENEZLA WESTON and her child,

contributing to the loss of the child's life, in the following manner.  They did or failed to do one

or more of the following acts, any which are a deviation from the standard of care or skill which

is recognized and accepted as appropriate for reasonable, prudent similar health providers, to wit:

(a)     Failure to completely evaluate the nature and sources of the

patients signs and symptoms, especially after favorable x-rays were

reported on the April 3, 1996 visit;

(b)     Failure to conduct any pregnancy tests;

(c)     Failure to obtain a complete medical history, including a menstrual

history, and a failure to order necessary consultations and

diagnostic tests to confirm or deny any original diagnosis of

cold/sinus infections, eight months pregnancies, or any other

problems on either the first or second visits to the emergency

-26-

room.

(d)    Failure to take a complete and proper history of the patient at any
time;

(e)    Failure to properly diagnose and treat the patient.

(f)    Vicarious liability for the actions of Defendant ASNER as well as
the emergency room physician of August 20, 1996,  as laid out in
this particular Count of this document;

(g)    Failure to provide proper supervision of the medical staff in the
emergency room;

(h)    Failure to establish or enforce reasonable standards of care
pertaining to the diagnosis and treatment of pregnant patients;

(i)    Failure to provide adequate and sufficent transportation from this
hospital to another hospital with more competent personnel and
facilities;

(j)    Failure to instruct emergency room physicians with a necessity of
treating physicians, particularly in the case of GENEZLA
WESTON;

(k)    Liability for all of the allegations included in this Complaint
against the emergency room physician who treated GENEZLA
WESTON on August 20, 1996, and the County involving KHAN
ASNER, M.D.

78. As a direct and proximate result of the acts or omissions of Defendants,

COMMUNITY, ASNER and the emergency room physician of August 20, 1996,  Miracle N.

-27-

Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days.  As a direct and proximate result of the acts and omissions of negligence of DOE-3, Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money.  Eventually, this injury caused death.

79. As a proximate result of the negligence, acts or omissions of  Defendant, COMMUNITY, ASNER and the emergency room physician of August 20, 1996, GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition.  She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, COMMUNITY,  and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT VI

## NEGLIGENCE - LEATON HALL, M.D.

80. Plaintiff realleges paragraphs 1-4, 13, 16 and 20 through 24 of the Amended Complaint  and incorporates the contents herein.

-28-

81. Defendant LEATON HALL, M.D. (hereinafter HALL) was an employee or independent contractor acting with and within the approval of Tallahassee Medical Center, Inc. d/b/a Tallahassee Community Hospital, acting with staff privileges within that facility. He was a licensed Florida Physician. He had Tallahassee's permission to provide medical services to the public, and, as a matter of law, had to provide those services in accordance with currently approved methods and practices of the locality. He was, at all times, "on call", to handle emergencies that arose at the facilities at the hospital.

82. In addition to those duties and obligations proposed by law, HALL also agreed theistically or by appearance, to comply with Tallahassee's rules, articles of incorporation, Medical Staff Bylaws Regulations, as well as its procedures and standards in dealing with obstetrics/gynecology patients.

83. Defendant HALL held himself out to the public and to GENZELA WESTON, in particular, as possessing that degree of knowledge, education, training and skill to diagnose, treat and admit patients who presented themselves in Tallahassee's facilities and to render medical services in a manner both reasonable and acceptable to the prevailing standard of medical practice to this locality.

84. On or about August 20, 1996, GENZELA WESTON presented to the emergency room at GADSDEN COMMUNITY HOSPITAL with abdominal pains, urinary symptoms, abnormal periods and vaginal discharge. The emergency room physician on duty correctly diagnosed her as eight months pregnant with orthostatic hypertension. Since GADSDEN did not have a maternity ward, WESTON was transferred to Tallahassee Community Hospital's labor and delivery department. That department called for the professional assistance of LEATON HALL, M.D., who had never seen GENEZLA WESTON previously.

-29-

85. WESTON arrived at 11:30 a.m. on August 20, 1996 with a bloody show and mild contractions. External monitoring showed an ominous tracing throughout with almost no long or short term variability and no accelerations. This information was available to Defendant HALL who examined WESTON and ordered an ultrasound which revealed a 36.3 week, 2600 gram fetus with fundal placenta. No complete history of the patient was taken but for the fact that she had not received any prenatal care. At this point, nothing was done until 1:40 p.m., almost two hours later.

86. At that time, 1:40 p.m., Defendant HALL reassessed the patient and suspected an abruption. At 2:00 p.m., WESTON suffered AD acceleration after vomiting. At this time, HALL called for a caesarian section which did not commence until 3:09 p.m.

87. The apgars of the child, who was delivered in the p.m. of August 20, 1990 was 0, 0 and 0. The baby had severe anoxia and succumbed at approximately 48 hours of age from multi-organ failures on August 21, 1996.

88. Defendant HALL breached his duty to the Plaintiffs in that he was negligent and departed from the prevailing professional standard of care for obstetricans and genealogist in at least the following respects, to wit:

        (a)     Failure to take a complete history or to observe the importance of their being no prenatal care upon delivery of this patient to the hospital and to his care. Upon the delivery of GENEZLA WESTON to the hospital and to his care.

        (b)     Failed to properly monitor, read or consider the external monitoring and fetal monitoring strips which were indicating ominous tracing with almost no or long term viability and no accelerations.

-30-

(c)   Failure to conduct a proper examination and evaluation of the patient.

(d)   Failure to make the appropriate recommendation for treatment, given the condition of this patient.

(e)   Failure to conduct a caesarian section at once, but delaying for almost four hours, inappropriate and not necessary under the circumstances of this case.

89. As a direct and proximate result of the acts or omissions of Defendant, LEATON HALL, M.D., Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days. As a direct and proximate result of the acts and omissions of negligence of LEATON HALL, M.D., Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money. Eventually, this injury caused death.

90. As a proximate result of the negligence, acts or omissions of Defendant, LEATON HALL, M.D., GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

-31-

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, LEATON HALL, M.D., and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

<div align="center">

**COUNT VII**

**NEGLIGENCE - TALLAHASSEE COMMUNITY HOSPITAL**

</div>

91. Plaintiff realleges paragraphs 1-4, 13, 16 and 20 through 24 and Count VI of the Amended Complaint and incorporates the contents herein.

92. At all times material hereto, Defendant TALLAHASSEE MEDICAL CENTER, INC. d/b/a TALLAHASSEE COMMUNITY CENTER (hereinafter TALLAHASSEE) undertook to provide diagnostic and medical services to the general community and to GENEZLA WESTON in accordance with that level of care and skill which was recognized as acceptable and appropriate by reasonably prudent similar healthcare providers. At a duty to provide those services within a reasonable standard of medical competence.

93. At all times material hereto, GENEZLA WESTON had faith in the knowledge, experience and capabilities of TALLAHASSEE's nurses and physicians, and any doctor that happed to be called in as a consultant or a physician. She believed in TALLAHASSEE's ability to function as a fully staffed hospital as she had a right to do, as it held itself out to be with competent professionals and staff.

94. At all times material hereto, the nursing staff at TALLAHASSEE's facilities, particularly the labor and delivery section, who attended the care of GENEZLA WESTON and who rendered services of the Plaintiff, where acting within the course and scope of their

<div align="center">-32-</div>

employment and held themselves out to be trained in the field of nursing and having competence to treat and instruct patients in accordance with accepted nursing/medical emergency care in this and similar communities. They owed a duty to GENEZLA WESTON and her child to provide these services within a reasonable standard of medical competency.

95. Defendant HALL was an obstetrician/gynecologist who frequently assisted and consulted with nurses from the labor/delivery department at TALLAHASSEE. This physicians would appear to anyone without a sophisticated education notwithstanding medical relationships, to be a staff doctor representing the hospital. He had on-call privileges, utilized the diagnostic facilities, supplies and the hospital's nursing staff and the treatment of all of the hospital's patients. He had both the actual and othesiual authority to do so. To the general public, he was the hospital physician.

96. Defendant HALL was required to follow the rules and regulations of the hospital. He had the authority to direct the use of its facilities and in doing so, he held himself out to the general public, including the Plaintiff as a physician licensed to practice obstetrics/gynecology medicine in the State of Florida. He held himself out as possessing that degree of knowledge, education, training and skill to diagnose, treat and make appropriate referrals for someone such as the Plaintiff.

97. Plaintiff realleges Count VI of the Complaint and incorporates the contents herein.

98. TALLAHASSEE breached its respective duties to GENEZLA WESTON and her child, contributing to the loss of the child's life, in the following manner. It did or failed to do one or more of the following acts, any of which was a deviation from the standard of care or skill which is recognized and accepted inappropriate for reasonable prudent healthcare providers, to wit:                    (a)      Was vicariously liable for the actions and omissions of Defendant

-33-

HALL, as laid out in Count VI of this document.

   (b)    Failure to provide proper supervision of the nursing staff of the labor/delivery room.

   (c)    Failure to provide adequate supervision and quality control of both doctors and nurses in the labor/delivery facilities, particularly when it concerns the monitoring of fetal monitor strips or external monitoring of a child in anyway.

   (d)    Failure to establish or enforce reasonable standards of care pertaining to the diagnosis, treatment, assessment, or consultation of patients by nurses, with a high risk labor and delivery problem.

   (e)    Failure to consult with other physicians, staff superiors, or Defendant HALL, and bring to his attention that an immediate caesarian section was required and that any delay would cause further damage to the child or to the mother.

   (f)    Failure to take a complete history of the patient, as reflected by the medical records.

99. As a direct and proximate result of the acts or omissions of Defendant, TALLAHASSEE, Miracle N. Weston suffered a complete abruption at birth, and suffered APGARS of 0, 0, and 0, severe anoxia, which resulted in death within two days. As a direct and proximate result of the acts and omissions of negligence of TALLAHASSEE, Miracle N. Weston suffered permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money. Eventually,

-34-

this injury caused death.

100. As a proximate result of the negligence, acts or omissions of Defendant, TALLAHASSEE, GENELZA WESTON has suffered permanent bodily injury, resulting pain and suffering, disability, mental anguish, emotional and psychological damage, the loss of capacity for the enjoyment of life, the expensive hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of any previously existing condition. She has also lost the services of her child, now deceased, and must pay for the medical expenses incurred in the child's care until death, funeral expenses and other matters concerned with the child's Estate, and she will also suffer pain and suffering as the result of the loss of her child and dependent.

WHEREFORE, the Plaintiffs pray for judgment against this particular Defendant, TALLAHASSEE,  and award of all costs and attorney's fees awardable by the Court, an award of compensatory damages, and all other remedies considered just and equitable by the Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

DATED THIS _____ day of _____, 1999.

| | |
|---|---|
| BROWN & BROWN | GARY, WILLIAMS & PARENTI, FINNEY, LEWIS, |
| Attorneys at Law | MCMANUS, WATSON & SPERANDO |
| 1102 E. Tennessee St. | Waterside Professional Bldg. |
| Tallahassee, Florida 32308 | 221 E. Osceola Street |
| (850) 224-2800 | Stuart, Florida  34994 |
| Attorneys for Plaintiff(s) | (561) 283-8260 |
| | Attorneys for Plaintiff(s) |

Paul D. Mark Lucas, Esq.
FBN #219835

-35-

IN THE CIRCUIT COURT OF THE 2ND
JUDICIAL CIRCUIT, IN AND FOR,
GADSDEN COUNTY, FLORIDA

PROBATE DIVISION
Case No.:    99.92.PRA

In Re The Estate Of:

MIRACLE N. WESTON.
Deceased.
_____/

### ORDER APPOINTING PERSONAL REPRESENTATIVE

On the petition of GENELZA G. WESTON, for administration of the estate

of MIRACLE N. WESTON, deceased, the court finding that the decedent died on August 21,

1996, and that GENELZA G. WESTON, is entitled to appointment as Personal Representative by

reason that she is entitled to preference to serve as Personal Representative pursuant to

§733.301(2)(c) of the Florida Statutes because of the fact that she is the surviving unwed mother of

the decedent and she is the role intestate lineal descendant of Miracle N. Weston, Pursuant to Florida

Statutes §732.108(2).

**ADJUDGED** and **ORDERED** that GENELZA G. WESTON, is appointed Personal

Representative of the estate of the decedent, and that upon taking the prescribed oath, filing the

designation of resident agent and acceptance, and bond being hereby waived, letters of

administration shall be issued.

ORDERED In Gadsden County, Florida, On *March 10*, 19 *99*.

_____
Circuit Court Judge

Copies To:
**HUBERT R. BROWN, ESQ.**



CERTIFIED A TRUE COPY
NICHOLAS THOMAS, Clerk Circuit Court Gadsden County, Florida
By _____
DEPUTY CLERK

Case 4:99-cv-00474-WS Document 1 Filed 12/01/99 Page 78 of 232

IN THE CIRCUIT COURT OF THE 2ND
JUDICIAL CIRCUIT, IN AND FOR,
GADSDEN COUNTY, FLORIDA.

PROBATE DIVISION
Case No.:   99.92 - PRA

In Re The Estate Of:

MIRACLE N. WESTON
Deceased.
_____/

### LETTERS OF ADMINISTRATION

TO ALL WHOM IT MAY CONCERN

WHEREAS, MIRACLE N. WESTON, a resident of Quincy, Gadsden County, died on August 21, 1996, owning no substantial assets in the State of Florida, and

WHEREAS, GENELZA G. WESTON, has been appointed Personal Representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters Of Administration in the estate,

NOW THEREFORE, I, the undersigned Circuit Court Judge declare GENELZA G. WESTON, to be duly qualified under the laws of the State of Florida to act as Personal Representative of the Estate of MIRACLE N. WESTON, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law,

WITNESS My Hand and The Seal of This Court on this 12th day of March, 1999.

_____
Circuit Court Judge

**CERTIFIED A TRUE COPY**
NICHOLAS THOMAS, Clerk Circuit Court Gadsden County, Florida
By _____
DEPUTY CLERK

(:\POBATE\WESTON-G.LOA\LLB)

# WALTON REGIONAL HOSPITAL

A HEALTHMARK FACILITY

336 COLLEGE AVENUE

POST OFFICE BOX 1326

### DEFUNIAK SPRINGS, FLORIDA 32433

TELEPHONE (850) 892-5171

FAX (850) 892-7079



March 9, 1999

Paul D. Mark Lucas, Esq.
Gary, Williams Parenti, Finney, Lewis
 McManus, Watson & Sperando
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994

Re:    Miracle N. Weston, a minor
       Date of Incident: 8/20/96

Dear Mr. Lucas:

We are responding to your letter of February 29, 1999, to "Gadsden Memorial Hospital" in connection with the referenced matter.  As we stated in response to your earlier letter dated November 17, 1998, Gadsden Memorial Hospital is a fictitious name that was registered to Healthmark of Quincy, Inc. ("Healthmark"), a Florida non-profit corporation.  Healthmark operated Gadsden Memorial Hospital from June 1, 1992, through June 21, 1996, under a lease with Gadsden County, the hospital owner.  Healthmark has not been involved in the operation of the hospital in any way since June 21, 1996.

Beginning June 22, 1996, the hospital has been operated by Medtech of North Florida, Inc., under the name "Gadsden Community Hospital."  All of the patient records remained at the hospital when Healthmark surrendered the premises at the conclusion of its lease term, and Healthmark has no way to investigate the specific allegations contained in your November 17 and February 29 letters.

We have, however, carefully reviewed the affidavit of Mark R. Davis, M.D., which was enclosed with your most recent letter (but not your earlier letter).  From our review of the affidavit, it appears that Ms. Weston was seen at the hospital emergency room only once, on August 20, 1996, when she was treated by Dr. Asner.  Please note that this was approximately two months after MedTech assumed control of the hospital.  Thus, we see no basis for any claim against Healthmark, since Healthmark was not the hospital operator at the time Ms. Weston presented to the hospital emergency room.

March 9, 1999
Page 2

We also point out that Dr. Davis' affidavit incorrectly states that Dr. Asner treated Ms. Weston while working in the emergency department of "Gadsden Memorial Hospital," since the hospital was being operated by MedTech under the name "Gadsden Community Hospital" in August 1996. You may confirm this through the licensure records maintained by the Agency for Health Care Administration.

We have also received the "Request for Informal Discovery" enclosed with your February 25 letter (which, again, was not enclosed with your November 17 letter). Although the Request is addressed to Gadsden Memorial Hospital, all of the requests are directed to Gadsden Community Hospital. Again, Healthmark has no involvement with the operation of Gadsden Community Hospital and cannot provide any information about that facility. Moreover, since there appears to be no basis for a claim against Healthmark, we object to having to provide any information in connection with this matter.

As we stated in our earlier response, Healthmark has no insurance which would cover this claim. Since your expert affidavit demonstrates that the only colorable claim of malpractice by the hospital is based on an incident that occurred after MedTech had assumed control of the facility, we request that Healthmark not be involved in any further proceedings connected with this matter. If we are forced to retain counsel to defend this case, please be advised that we will request an award of costs and attorneys fees, since your own affidavit shows that there is no basis to proceed further against Healthmark.

Healthmark is providing this response pursuant to Section 766.106, Florida Statutes, and Florida Rule of Civil Procedure 1.650. Healthmark does not admit any allegations of malpractice and specifically reserves all rights it may have under the statute and applicable rules.

Sincerely,

James H. Thompson, Ph.D.

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR, GADSDEN COUNTY, FLORIDA

IN RE OF A PROSPECTIVE
MEDICAL MALPRACTICE
CAUSE OF ACTION                    CASE NO.:

GENELZA WESTON, Individually,
THE ESTATE OF MIRACLE N. WESTON,
and the Prospective Personal Representative,
GENELZA WESTON, of the
ESTATE OF MIRACLE N. WESTON.

      Plaintiff,

vs.

HEALTHMARK OF QUINCY, INC., d/d/a GADSDEN
MEMORIAL HOSPITAL; COLUMBIA HEALTH CARE,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
GADSDEN COMMUNITY HOSPITAL, a MEDTECH
OF NORTH FL., INC., Affiliate; NORTH FLORIDA
MEDICAL CENTERS, INC., d/b/a GADSDEN MEDICAL
CENTER; JEFFERY WASSERMAN, M.D.; ANSER M. KHAN, M.D.;
LEATON HALL, JR., M.D., JESSIE V. FURLOW, M.D.;
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER,
INC., and GADSDEN EMERGENCY MEDICAL
SERVICES,   Defendants.
_____/

## PETITION FOR AUTOMATIC 90 DAY EXTENSION
## OF THE STATUTE OF LIMITATION PURSUANT TO F.S. 766.104(2)

      COMES NOW the Prospective Plaintiffs, GENELZA WESTON, Individually, THE

ESTATE OF MIRACLE N. WESTON, and the Prospective Personal Representative,

GENELZA WESTON, of the ESTATE OF MIRACLE N. WESTON, and GENELZA

WESTON, Individually, by and through their undersigned attorney, THOMAS J. BROWN,

Esquire, and HUBERT R. BROWN, Esquire, both of BROWN AND BROWN ATTORNEYS AT

LAW, P.A., and file this Petition for Automatic 90 Day Extension of the Statute of Limitations with the Clerk of the Circuit Court where the suit will be filed pursuant to Florida Statutes §766.104(2).

      **WHEREFORE**, the Prospective Plaintiffs, GENELZA WESTON, Individually, the ESTATE OF MIRACLE N. WESTON, and the Prospective Personal Representative, GENELZA WESTON, of the ESTATE OF MIRACLE N. WESTON, by and through their undersigned attorneys, and hereby request that the Clerk of the Circuit Court file this Petition on their behalf.  Check #1147 for $25.00 is attached for the filing fee for this Petition.

      RESPECTFULLY SUBMITTED this _19th_ day of August, 1998.

HUBERT R. BROWN, ESQ.
For the Firm
Florida Bar No.: 0994110
BROWN AND BROWN
ATTORNEYS AT LAW, P.A.
102 East Tennessee Street
Tallahassee, Florida  32308
Telephone:  (850) 224-2800

Attorneys For the Prospective Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by U.S. Mail to: HEALTHMARK OF QUINCY, INC., d/b/a GADSDEN MEMORIAL HOSPITAL, c/o Hospital Administrator, U.S. 90 East, P.O. Box 819, Quincy, FL 32353-0319; COLUMBIA Health Care d/b/a TALLAHASSEE COMMUNITY HOSPITAL, c/o Hospital Administrator, 2626 Capital Medical Blvd., Tallahassee, FL 32308; GADSDEN COMMUNITY HOSPITAL, a MEDTECH OF NORTH FL., INC. Affiliate, c/o Hospital Administrator, Highway 90 East, P.O. Box 1979, Quincy, Florida 32353-1979; NORTH FLORIDA MEDICAL CENTERS, INC., d/b/a GADSDEN MEDICAL CENTER; LaSalle & Laffall Drive, P.O. Box 2009, Quincy, Florida 32353; LEATON HALL, M.D., 2711 Capital Medical Blvd., Tallahassee, FL 32308; JEFFERY WASSERMAN, M.D., LaSalle & Laffall Drive, P.O. Box 2009, Quincy, Florida 32353; ANSER M. KHAN, M.D., Highway 90 East, P.O. Box 1979, Quincy, Florida 32353-1979 ; JESSIE FURLOW, M.D., LaSalle & Laffall Drive, P.O. Box 2009, Quincy, Florida 32353; GADSDEN EMERGENCY MEDICAL SERVICES, P.O. Box 488, Quincy, FL 32353-0488, and TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER, Magnolia Drive and Miccosukee Road, Tallahassee, 32303-8257; this ___19th___ day of August, 1998.

_Hubert R. Brown_

HUBERT R. BROWN, Esq.
For the Firm

(:\Med-Mal\Weston-G\Auto-90D.Ext)

BROWN AND BROWN
ATTORNEYS AT LAW, P.A.
402 East Tennessee St.
TALLAHASSEE, FL 32508
(850) 224-2800

# RETURN OF SERVICE

2ND JUDICIAL CIRCUIT          GADSDEN COUNTY, FLORIDA          CASE # 99-333C-AB

LEATON HALL, JR., M.D.
TO BE SERVED                                    SUMMONS (20 DAY) & COMPLAINT
                                                & FIRST AMENDED COMPLAINT
2001 MICCOSUKEE RD.
TALLAHASSEE, FL
ADDRESS                                         COURT DATE: N/A.
                                                COURT TIME: N/A


GENELZA WESTON etc. et al.
PLAINTIFF/PETITIONER


TALLAHASSEE MEDICAL CENTER, INC. etc. et al.
DEFENDANT/RESPONDENT          PLAINTIFF/ATTORNEY: PAUL D. MARK LUCAS, ESQUIRE
                                                  221 E. OSCEOLA ST.
                                                  STUART, FL 34994

Received this writ on APR. 19, 1999 and served the same on APR. 20, 1999 at 3:30 p.m.
in Leon County, FL as follows:

## METHOD OF SERVICE

INDIVIDUAL SERVICE: By delivering a true copy of this writ, together with a copy of
                    the initial pleading with the date and hour of service endorsed
                    thereon by me to: LEATON HALL, JR., M.D.

Chris J. Colson
SHERIFF APPOINTED SPECIAL PROCESS SERVER #18

   I certify that at the time of service, I placed on the face of that process my
printed name, signature, identification number, a statement that I am a Special Process
Server in and for Leon County, Florida; that I endorsed on that original process and
all copies served, the date and hour of service.

                         Under penalties of perjury, I declare that I have read the foregoing
                         Return of Service, and that the facts stated in it are true.



                         SPECIAL PROCESS SERVER IN AND FOR
                         LEON COUNTY, FLORIDA
                         APPOINTED PURSUANT TO F.S. 48.021
                         NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525



LEGAL SUPPORT GROUP
750 SE THIRD AVE., SUITE 201
FT. LAUDERDALE, FL 33316
954-524-5741

1250

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

CASE NO.: 99-333C-AB

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

        Defendants.

_____/

## SUMMONS:
## PERSONAL SERVICE ON AN INDIVIDUAL

TO:    Leaton Hall, Jr., M.D.
       2626 Capital Medical Boulevard
       Tallahassee, Florida 32308

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE:  YOU ARE HEREBY COMMANDED** to serve this
Summons, a copy of the Complaint and Amended Complaint in this lawsuit on the above-named
Defendant.

## IMPORTANT

    A lawsuit has been filed against you.  You have 20 calendar days after this summons is
served on you to file a written response to the attached Complaint in this Court.  A phone call will
not protect you; your written response, including the above case number and named parties, must
be filed if you want the Court to hear your case.  If you do not file your response on time, you may

F: 3022

Rcvd 4/19/99 at 8:00 A.m and
Srvd 4/20/99 at 3:30 P.m by

_____ Chris J. Colson # 18
Special Process Server Leon County, Florida

lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal. existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifis a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

F: 3022

PAUL D. MARK LUCAS
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida  34994
(407) 283-8260
FBN #: 219835

WITNESS my hand and the seal of the Court on *April 16*, 19*99*

### NICHOLAS THOMAS
Clerk of Circuit and County Courts

(Court Seal)

By: *Betty Sue Sadberry*
DEPUTY CLERK

F: 3022

# RETURN OF SERVICE

2ND JUDICIAL CIRCUIT        GADSDEN COUNTY, FLORIDA        CASE # 99-333C-AB

TALLAHASSEE MEDICAL CENTER, INC. etc.
By Serving Its Registered Agent:                    SUMMONS (20 DAY) & COMPLAINT
PRENTICE-HALL CORPORATION SYSTEM, INC.              & FIRST AMENDED COMPLAINT
To Be Served

1201 HAYS ST., TALLAHASSEE, FL
ADDRESS                                             COURT DATE: N/A
                                                    COURT TIME: N/A

GENELZA WESTON etc.
PLAINTIFF/PETITIONER

TALLAHASSEE MEDICAL CENTER, INC. etc. et al.
DEFENDANT/RESPONDENT        PLAINTIFF/ATTORNEY: PAUL D. MARK LUCAS, ESQUIRE
                                                221 E. OSCEOLA ST.
                                                STUART, FL 34994

Received this writ on APR. 19, 1999 and served the same on APR. 19, 1999 at 10:50 a.m.
in Leon County, FL as follows:

## METHOD OF SERVICE

Corporate Service
on a Registered Agent:          By delivering a true copy of this writ, together with the
                                initial pleading with the date and hour of service endorsed
                                thereon by me to:  PRENTICE-HALL CORPORATION SYSTEM, INC.
                                as registered agent of the within-named corporation according
                                to F.S. 48.081 (3), c/o ROBERT TURNER, Service Tech.

### Chris J. Colson
SHERIFF APPOINTED SPECIAL PROCESS SERVER #18

   I certify that at the time of service, I placed on the face of that process my
printed name, signature, identification number, a statement that I am a Special Process
Server in and for Leon County, Florida; that I endorsed on all copies served, the date
and hour of service.

Under penalties of perjury, I declare that I have read the foregoing
Return of Service, and that the facts stated in it are true.

SPECIAL PROCESS SERVER IN AND FOR
LEON COUNTY, FLORIDA
APPOINTED PURSUANT TO F.S. 48.021
NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

LEGAL SUPPORT GROUP
750 SE THIRD AVE., SUITE 201
FT. LAUDERDALE, FL 33316
954-524-5741

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

**1251**

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

CASE NO.: 99-333C-AB

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

        Defendants.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:**

**GREETINGS:**

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint
and Amended Complaint in the above styled cause upon the Defendant:

Registered Agent: The Prentice-Hall Corporation System Inc.
Tallahassee Medical Center, Inc. d/b/a Tallahassee Community Hospital
1201 Hays Street, Suite 105
Tallahassee, Florida 32301

F: 3021

Rcvd  4/9/99  at  8:00  .m and
Srvd  4/9/99  at  10:50  .m by

Chris J. Colson # 18
Special Process Server Leon County, Florida

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

Paul D. Mark Lucas, Esquire
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994
(561) 283-8260
FBN #219835

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

In accordance with the Americans with Disability Act, persons with disabilities needing a special accommodation to participate in these proceedings should contact the Court Administrator at Court Administrator Phone (850) 488-1357, no later than seven (7) days prior to proceedings. If hearing impaired, (TDD) 1/800/955-8771 or Voice 1/800/955-8770 via Florida Relay Service.

DATED *April 16*, 1999

## NICHOLAS THOMAS

Clerk of Circuit and County Courts

(Court Seal)

By:

*Betty Sue Sadberry*
DEPUTY CLERK

F: 3021

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del receibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's attorney (demandante o abogado del demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/Plaintiff's attorney (plaignant ou a son avocat) nomme ci-dessous.

F: 3021

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and          CASE NO.: 99-333C-AB
as Personal Representative of the Estate of
Miracle N. Weston,

       Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

       Defendants.
_____/

## NOTICE OF VACATION

    The undersigned attorney for the Plaintiff(s), hereby gives notice to this Court and all
counsel of record of the undersigned attorney's unavailability from June 28, 1999 through July 9,
1999.  The undersigned attorney requests hearing, discovery, or other matters not be scheduled
during the aforementioned time frame.

    DATED THIS _27__ day of _April_, 1999.

BROWN & BROWN                    GARY, WILLIAMS & PARENTI, FINNEY, LEWIS,
Attorneys at Law                 MCMANUS, WATSON & SPERANDO
1102 E. Tennessee St.            Waterside Professional Bldg.
Tallahassee, Florida 32308       221 E. Osceola Street
(850) 224-2800                   Stuart, Florida  34994
Attorneys for Plaintiff(s)       (561) 283-8260
                        Attorneys for Plaintiff(s)

                        Paul D. Mark Lucas, Esq.
                        FBN #219835

-1-

## CERTIFICATE OF SERVICE

**Attorney for Tallahassee Medical Center, Inc.**
**d/b/a Tallahassee Community Hospital**
Jeannette M. Andrews, Esq.
Fuller, Johnson & Farrell, P.A.
Attorneys at Law
Post Office Box 1739
Tallahassee, Florida 32302
(850) 224-4663

**Attorney for Leaton Hall, M.D.**
Maria A. Santoro, Esq.
George, Hartz, Lundeen, Flagg & Fulmer
Post Office Box 1900
Tallahassee, Florida 32302-1900
**Street Address:**
800 North Calhoun Street
Tallahassee, Florida 32303
(850) 224-5252
(850) 222-3082 (Fax)

**Attorney for Jeffrey D. Wasserman, M.D.**
**Attorney for Jesse J. Furlow, M.D.**
Frederick E. Hasty, III, Esq.
Wicker, Smith, Tutan, O'Hara, McCoy,
Graham & Ford, P.A.
5th Floor Grove Plaza Building
2900 Middle Street (S.W. 28th Terrace)
Miami, Florida 33133
(305) 448-3939
(305) 441-1745 (Fax)

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate
of Miracle N. Weston,

        Plaintiff,

                              CASE NO.: 99-333C-AB

v.

TALLAHASSEE MEDICAL CENTER,
INC., d/b/a TALLAHASSEE COMMUNITY
HOSPITAL; LEATON HALL, M.D.; JEFFREY
WASSERMAN, M.D.; JESSIE FURLOW, M.D.;
KHAN ASNER, M.D.; GADSDEN COMMUNITY
HOSPITAL (HEALTHMARK OF QUINCY, INC.
and MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER; JOHN and
JANE DOE,

        Defendants.

_____/

## DEFENDANT, TALLAHASSEE MEDICAL CENTER, INC., d/b/a TALLAHASSEE COMMUNITY HOSPITAL'S MOTION TO DISMISS, MOTION TO STRIKE AND ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

### DEFENDANT TCH'S MOTION TO DISMISS CERTAIN ALLEGATIONS FOR FAILURE TO PROVIDE NOTICE AND EXPERT AFFIDAVIT

Defendant, TALLAHASSEE MEDICAL CENTER, INC., d/b/a TALLAHASSEE COMMUNITY HOSPITAL [hereinafter TCH], by and through undersigned counsel, hereby files this Motion to Dismiss under Rules 1.420 and 1.650, Florida Rules of Civil Procedure (1999) and Section 766.203(2)(b), Florida Statutes (1998). Defendant TCH contends that Plaintiff has failed to satisfy the pre-suit requirement of the aforementioned court rules and statute. The matters, as alleged more particularly, are as follows:

    1. This is an action for medical malpractice alleged to have occurred on August 20, 1996.

    2. Plaintiff filed a Petition for Automatic Ninety Day Extension of Statute of Limitations on August 19, 1998.

    3. Plaintiff served their Notice of Intent to Initiate Litigation for Medical Malpractice on Defendant TCH on October 20, 1998. Along with the Notice of Intent, Plaintiff provided an affidavit of Mark M. Davis, M.D., which opined that Defendant TCH was negligent in their supervision of

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

Leaton Hall, M.D. The affidavit mentioned nothing about any other acts or omissions of Defendant TCH.

4.   Defendant TCH served Plaintiff with a Notice of Denial of Medical Malpractice on January 18, 1999. Along with this Notice, Defendant TCH provided Plaintiff with a corroborating expert opinion of Carol J. Harvey, R.N.C., M.S. Therein, Harvey noted that the affidavit provided by Plaintiff did not address the nursing care and treatment rendered to the patient.

5.   On March 12, 1999, Plaintiff filed their Initial Complaint for Negligence and Medical Malpractice on Defendant TCH.

6.   Before Defendant TCH could answer said complaint, Plaintiff filed their First Amended Complaint for Negligence and Medical Malpractice on April 8, 1999. This notice alleged several grounds to support an action for medical malpractice. Count VII of this complaint specifically alleged negligence on the part of Defendant TCH.

7.   In Paragraph 98, Plaintiff alleged various grounds which would support claims of negligence and medical malpractice on the part of Defendant TCH, to wit:

> (b) Failure to provide proper supervision of the nursing staff of the labor/delivery room.
>
> (c) Failure to provide adequate supervision and quality control of both doctors and nurses in the labor/delivery facilities, particularly when it concerns the monitoring of fetal monitor strips or external monitoring of a child in any way.
>
> (d) Failure to establish or enforce reasonable standards of care pertaining to the diagnosis, treatment, assessment, or consultation of patients by nurses with a high risk  labor and delivery problem.
>
> (e) Failure to consult with other physicians, staff superiors, or Defendant HALL, and bring to his attention that an immediate caesarian section was required and that any delay would cause further damage to the child or to the mother.
>
> (f) Failure to take a complete history of the patient, as reflected by the medical records.

8.   As stated previously, none of these claims were corroborated by an expert affidavit with the exception of the claims concerning Hall.

9.   No further pleadings have been filed in this case with the exception of the instant Motion to Dismiss.

### GROUND FOR DISMISSAL

PLAINTIFF HAS FAILED TO MEET THE PRE-SUIT REQUIREMENT OF SECTION 766.203(2)(b), FLORIDA STATUTES (1998), BY FAILING TO PROVIDE DEFENDANT TCH WITH A VERIFIED WRITTEN MEDICAL EXPERT OPINION TO

CORROBORATE THEIR CLAIMS LISTED IN PARAGRAPH 98, SUBSECTIONS (B), (C), (D), (E), AND (F) OF HER FIRST AMENDED COMPLAINT FOR NEGLIGENCE AND MEDICAL MALPRACTICE.

10.  Defendant TCH reasserts the factual allegations of paragraphs one through six of this Motion.

11.  Chapter 766, Florida Statutes (1998) describes the procedural guidelines that must be followed to maintain an action for medical malpractice. *See generally, Kukral v. Mekras, M.D.,* 679 So.2d 278, 279 (Fla. 1996).

12.  One of these requirements is that the claim must be corroborated by a "verified written medical opinion" that must be furnished to the defendant. *See* Section 766.203(2)(b), Florida Statutes (1998).

13. As asserted in paragraph three of this Motion, Plaintiff's expert affidavit discussed only the vicarious liability of Defendant TCH for the medical care provided by Hall, and completely fails to address any negligence of Defendant TCH independent of the alleged acts or omissions of Hall.

14.  A medical malpractice plaintiff's failure to produce a corroborating medical opinion prior to the running of the statute of limitations is fatal and mandates dismissal of the claim. *See Archer v. Maddux, M.D.,* 645 So.2d 544 (Fla. 1st DCA 1994) and *Okaloosa County v. Custer,* 697 So.2d 1297 (Fla. 1st DCA 1997).

15.  In the instant case, the statute of limitations has run on any of the claims set out in Paragraph 98, subsections (b) through (f).

16.  To this date, Plaintiff has not provided Defendant TCH with a notice of intent or an affidavit concerning any alleged negligence or medical malpractice on the part of Defendant TCH with the exception of the alleged acts or omissions of Hall.

WHEREFORE, Defendant TCH, respectfully requests that this Court inquire into this Motion and dismiss all parts of Count VII of the First Amended Complaint, as they relate to the supervision and/or care of the nursing staff of the hospital, pursuant to Section 766.206(2), Florida Statutes (1998) and Rules 1.420 and 1.650, Florida Rules of Civil Procedure (1999), and to grant such other relief as the Court deems proper.

## DEFENDANT TCH'S MOTION TO STRIKE CERTAIN DAMAGES

Defendant, TALLAHASSEE MEDICAL CENTER, INC., d/b/a TALLAHASSEE COMMUNITY HOSPITAL [hereinafter TCH], by and through undersigned counsel, hereby files this Motion to Strike damages of Miracle Weston pursuant to Section 768.20, Florida Statutes (1998) and the claims for attorney's fees pursuant to Section 768.26, Florida Statutes (1998). The matters, as alleged more particularly, are as follows:

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

1.  This is an action for medical malpractice alleged to have occurred on August 20, 1996, resulting in the death of Miracle Weston, an infant, on August 21, 1999. Miracle Weston is survived by her mother, Genelza Weston.

2.  The claims are asserted are on behalf of Genelza Weston and Miracle Weston.

3.  Paragraph 99 of Count VII, alleged damages to the deceased infant, Miracle Weston, for "permanent injury resulting in death, pain and suffering, disability, disfigurement, emotional and psychological damage, loss of capacity for the enjoyment of life, expensive hospitalization, medical care and treatment and loss of the ability to earn money."

4.  Such damages are not receivable pursuant to Section 768.20, Florida Statutes (1998) which states, in pertinent part, "When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate."

5.  Additionally, it is well established by case law in Florida that a decedent cannot claim damages for personal injury. See Franzen, M.D. v. Mogler, 22 FLW D2451 (Fla. 4th DCA 1997) and Taylor v. Orlando Clinic, 555 So.2d 876 (1989), review denied, 567 So.2d 435, review denied, 567 So.2d 436.

6.  In addition, at the conclusion of the First Amended Complaint for Negligence and Medical Malpractice, Plaintiff asks for the award of attorney's fees.

7.  Absent a statutory provision or contract, Plaintiffs are not entitled to attorneys' fees.

WHEREFORE, Defendant TCH, respectfully requests that this Court inquire into this Motion to Strike Certain Damages and to strike all damages for Miracle Weston and the request for the award of attorney's fees.

## ANSWER

Subject to and without waiving the Motion to Dismiss and Motion to Strike, Defendant, Tallahassee Medical Center, Inc., d/b/a Tallahassee Community Hospital, responds to a Complaint in this matter and states as follows:

### General Allegations

1.  Admitted for jurisdictional purposes only.

2.  Denied as it relates to the failure of the Plaintiff to supply with Defendant with a Notice of Intent relative to any claims other than those for vicarious liability for Dr. Hall. This is the subject of the Motion to Dismiss.

3.  Admitted Plaintiff has been appointed the personal representative pursuant to the exhibits attached to the Complaint. Without knowledge as to the remaining allegations of paragraph 3.

4.     Admitted Tallahassee Medical Center, inc., d/b/a Tallahassee Community Hospital has its principal place of business in Tallahassee.  Without knowledge as to the remaining allegations of paragraph 4.

5.     Without knowledge.

6.     Without knowledge.

7.     Without knowledge.

8.     Without knowledge.

9.     Without knowledge.

10.     Without knowledge.

11.     Without knowledge.

12.     Without knowledge.

13.     Admitted that Defendant's care and treatment occurred exclusively in Leon County, Florida.  Without knowledge as to the remaining allegations.

14.     Admitted that a Notice of Intent was sent to this Defendant as it relates to vicarious liability for the care and treatment of Dr. Hall, however denied that any other Notice of Intent or the appropriate expert affidavit was furnished to this Defendant with respect to any of the remaining allegations raised by this Complaint pertaining to this Defendant's alleged actions or inactions.

15.     Without knowledge therefor denied.

16.     Denied.

17.     Without knowledge.

18.     Without knowledge.

19.     Without knowledge.

20.     Without knowledge.

21.     Defendant's correct name is Tallahassee Community Hospital.  Without knowledge as to the remaining allegations of paragraph 21.

22.     Denied.

23.     Denied.

24.     Admitted that Miracle N. Weston had APGAR scores of 0, 0 and 0 at birth.  Further admitted that Miracle N. Weston died 8-21-96.  Without knowledge as to the remaining allegations of paragraph 24.

25.     Without knowledge.

26.     Admitted that a copy of a Petition to Extend the Statute of Limitations is attached as Exhibit D.

## Count I

### Negligence - Jessie Furlow, M.D.

The allegations of this Count do not apply to this Defendant and accordingly no response is made thereto.

## Count II

### Negligence - Jeffrey Wasserman, M.D.

The allegations of this Count do not apply to this Defendant and accordingly no response is made thereto.

## Count III

### Negligence - North Florida Medical Centers, Inc.
### and/or Gadsden Medical Center

The allegations of this Count do not apply to this Defendant and accordingly no response is made thereto.

## Count IV

### Negligence - Khan Asner, M.D.

The allegations of this Count do not apply to this Defendant and accordingly no response is made thereto.

## Count V

### Negligence - Gadsden Community Hospital,
### HealthMark of Quincy, Inc. and MedTech of North Florida, Inc.

The allegations of this Count do not apply to this Defendant and accordingly no response is made thereto.

## Count VI

### Negligence - Leaton Hall, M.D.

80.    Defendant reasserts its responses to paragraphs 1 through 4, 13, 16, and 20 through 24 of the Amended Complaint as if set forth fully herein.

81.    Denied that Leaton Hall, M.D. was an employee; admitted however that this physician was an independent contractor with staff privileges.   The remaining allegations are denied.

82.    Without knowledge.

83.    Without knowledge.

84.    As to the first two sentences of paragraph 84, admitted that Plaintiff was transferred to Tallahassee Community Hospital on an emergency basis.  Further admitted that Dr. Hall, who was the on-call obstetrician, provided care and treatment to Genelza Weston.

85.    Denied.

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

86.   Admitted that a caesarean section was done.  The remaining allegations are denied.

87.   Admitted that the APGAR scores were 0, 0 and 0.  Further admitted that Miracle N. Weston died on 8-21-96.  Without knowledge as to the remaining allegations of paragraph 87.

88.   Including subparts (a) through (c) are denied.

89.   Denied.

90.   Denied.

Defendant denies each and every allegation of Count VI not specifically admitted herein.

### Count VII

### Negligence - Tallahassee Community Hospital

91.   Defendant realleges its responses to paragraphs 1 through 4, 13, 16 and 20 through 24 as if set for fully herein.

92.   Admitted that Defendant undertook to provide emergency care and treatment which included those services to both the general community and Genelza Weston.  The remaining allegations of paragraph 92 are denied.

93.   Without knowledge.

94.   Admitted that the nursing staff was acting within the scope of their employment.  The remaining allegations of paragraph 94 are denied.

95.   Admitted that Defendant Hall was an OB/GYN.  Further admitted that Defendant Hall was an independent contractor.  The remaining allegations of paragraph 95 are denied.

96.   Denied.

97.   Defendant reasserts its response to Count VI of the Amended Complaint as if set forth fully herein.

98.   (a) Denied.

(b) through (f) See Defendant's Motion to Dismiss.

99.   Subject to Defendant's Motion to Strike the damages of Miracle N. Weston, the allegations of paragraph 99 are denied.

100.  Denied.

### First Affirmative Defense

The Plaintiff, Genelza Weston, was herself guilty of negligence and said negligence was the proximate cause of any injuries or damages Plaintiff may have sustained and, therefore, Plaintiffs' damages should be diminished in accordance with the principles of comparative negligence.

### Second Affirmative Defense

The claims brought by Plaintiffs are barred by the applicable statute of limitations contained in Florida Statute §95.11(4).

### Third Affirmative Defense

Defendant Hall was an independent contractor for whom this Defendant has no liability or responsibility.

### Fourth Affirmative Defense

Defendant states that such injury or damage as Plaintiff may have sustained, if any, was solely or proximately caused by the acts and/or omissions of persons or entities other than Defendant. Plaintiff is, therefore, not entitled to recover damages from this Defendant in any sum or manner whatsoever or is only entitled to recover to the extent of this Defendant's percentage of fault, if any, in accordance with Florida Statues, § 768.81.

### Fifth Affirmative Defense

Plaintiffs' claim for damages as a result of the occurrence alleged in the Complaint is subject to reduction to the extent that such damages were compensated or subject to compensation by "collateral sources" as that term is used in Florida Statutes, §768.76.

### Sixth Affirmative Defense

Defendants allege that the actions and procedures carried out by the Defendant was in accordance with the prevailing professional standard of care by a reasonably prudent similar health care provider. The injuries, if any, received by plaintiffs, were within the necessary and reasonable foreseeable results of the medical procedure utilized. The Plaintiffs have failed to allege sufficient allegations to overcome the requirements of Florida Statutes, §766.102(3)(a), to maintain a cause of action for medical malpractice.

### Seventh Affirmative Defense

Defendant acted reasonably and appropriately under the circumstances and did not act with reckless disregard for the consequences of its actions as they relate to the Plaintiffs.

FULLER, JOHNSON & FARRELL, P.A.

Jeannette M. Andrews, Esq.
Post Office Box 1739
Tallahassee, Florida 32302
Florida Bar No.: 0352896
850/224-4663
Attorney for Defendant,
Tallahassee Medical Center, Inc., d/b/a
Tallahassee Community Hospital

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy hereof was furnished by United States  Mail, postage prepaid, to **Paul D. Mark Lucas, Esquire**, Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Waterside Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210; **Hubert Brown, Esquire,** Brown and Brown, 1102 East Tennessee Street, Tallahassee, Florida  32308; **Maria Santoro, Esquire**, George, Hartz, Jundeen, et al, Post Office Box 1900, Tallahassee, Florida  32301-7732; and **Frederick E. Hasty, III, Esquire**, Wicker, Smith, Tutan, O'Hara, et al, 5th Floor Grove Plaza Building, 2900 Middle Street, Miami, Florida  33133 this the  13  day of May, 1999.

Jeannette M. Andrews

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR
GADSDEN COUNTY, FLORIDA.

CASE NO. 99-333C-AB

FLORIDA BAR NO. 654809

GENELZA WESTON, individually and as
Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC., d/b/a
TALLAHASSEE COMMUNITY HOSPITAL; LEATON HALL, M.D.,
JEFFREY WASSERMAN, M.D., JESSIE FURLOW, M.D.,
KHAN ASNER, M.D., GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC., and MEDTECH OF NORTH
FLORIDA, INC.), NORTH FLORIDA HEALTH CENTER, INC.,
d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL
CENTER, JOHN and JANE DOE,

        Defendants.

_____/

**NOTICE OF INTENT TO SERVE A SUBPOENA UNDER RULE 1.351
FOR PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION**

TO:  Paul D. Mark Lucas, Esquire, 221 East Osceola Street, Stuart, Florida 34994, Attorney for
Plaintiffs; Hubert R. Brown, Esquire, 1102 East Tennessee Street, Tallahassee, Florida
32308, Co-Counsel for Plaintiffs; Jeannette M. Andrews, Esquire, 111 North Calhoun
Street, Post Office Box 1739, Tallahassee, Florida 32302, Attorney for Defendant
Tallahassee Medical Center; Frederick E. Hasty, III, Esquire, 2900 Middle Street (S.W.
28th Terrace), Miami, Florida 33133, Attorney for Defendants Wasserman and Furlow;

      YOU ARE HEREBY NOTIFIED that after fifteen (15) days from the date of service of this

Notice, the undersigned will apply to the Clerk of this Court for issuance of the attached

subpoena(s) directed to:

        1.     Records Custodian
              WalMart Pharmacy

2.     Records Custodian
       Tallahassee Memorial Regional Medical Center

3.     Records Custodian
       Tallahassee Neurological Clinic

4.     Records Custodian
       Gadsden Emergency Medical Services

5.     Dr. Todd Patterson

6.     Records Custodian
       Gadsden Medical Center

7.     Records Custodian
       Gadsden Community Hospital

who is(are) not a party(ies), to produce the items listed at the time and place specified in the

subpoena(s).

　　　　WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

this ___ day of May, 1999, to:  ALL COUNSEL LISTED ABOVE.

　　　　　　　　　GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER
　　　　　　　　　Attorneys for Defendant Enterprise
　　　　　　　　　800 North Calhoun Street
　　　　　　　　　Post Office Box 1900
　　　　　　　　　Tallahassee, Florida 32303
　　　　　　　　　(850) 224-5252; Telefax (850) 222-3082


　　　　　　　　　By _____
　　　　　　　　　　　　MARIA A. SANTORO
　　　　　　　　　　　Florida Bar No. 654809

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate
of Miracle N. Weston,

       Plaintiff,

                      CASE NO.:  99-333C-AB

v.

TALLAHASSEE MEDICAL CENTER,
INC., d/b/a TALLAHASSEE COMMUNITY
HOSPITAL; LEATON HALL, M.D.; JEFFREY
WASSERMAN, M.D.; JESSIE FURLOW, M.D.;
KHAN ASNER, M.D.; GADSDEN COMMUNITY
HOSPITAL (HEALTHMARK OF QUINCY, INC.
and MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER; JOHN and
JANE DOE,

       Defendants.
_____/

## DEFENDANT'S REQUEST FOR COPIES

TO: **Maria Santoro**
     **George Hartz et al.**
     **P.O. Box 1900**
     **Tallahassee, Florida 32303**

     Defendant, TALLAHASSEE COMMUNITY HOSPITAL, by and through its undersigned

counsel, hereby requests you furnish copies of any and all documents obtained pursuant to

your Notice of Production from Non-Party dated May 18, 1999.   Defendant agrees to pay the

reasonable cost of preparing the copies upon presentation of a statement of charges.

                    FULLER, JOHNSON & FARRELL, P.A.

                    Jeannette M. Andrews, Esq.
                    Post Office Box 1739
                    Tallahassee, Florida  32302
                    Florida Bar No.: 0352896
                    850/224-4663
                    Attorney for Defendant,
                    Tallahassee Community Hospital

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was furnished by United States Mail, postage prepaid, to **Paul D. Mark Lucas, Esquire**, Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Waterside Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210; **Hubert Brown, Esquire,** Brown an Brown, 1102 East Tennessee Street, Tallahassee, Florida 32308; **Maria Santoro, Esquire**, George, Hartz, Jundeen, et al, Post Office Box 1900, Tallahassee, Florida 32301-7732; and **Frederick E. Hasty, III, Esquire**, Wicker, Smith, Tutan, O'Hara, et al, 5th Floor Grove Plaza Building, 2900 Middle Street, Miami, Florida 33133 this the _14_ day of May, 1999.

Jeannette M. Andrews

28066/pm

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

         CASE NO.: 99-333C-AB

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

        Defendants.

_____/

## PLAINTIFFS' REQUEST FOR COPIES
## (RCP RULE 1.351(3))

The Plaintiffs, by and through their attorneys, and pursuant to Florida Rules of Civil

Procedure 1.351, respectfully request copies of the records received by the Defendant,

**Enterprise**, according to the Notice of Production from Non-Parties dated May 18, 1999.

1.     Wal Mart Pharmacy;

2.     Tallahassee Memorial Regional Medical Center;

3.     Tallahassee Neurological Clinic;

4.     Gadsen Emergency Medical Services;

5.     Dr. Todd Patterson;

6.     Gadsen Medical Center; and

Page -1-

7.      Gadsen Community Hospital


**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by US Mail this

25th day of May, 1999 to:Hubert R. Brown, Esq., 1102 East Tennessee Street, Tallahassee, FL

32308, Jeannette M. Andrews, Esq., 111 North Calhoun Street, P.O. Box 1739, Tallahassee, FL

32302, Frederick E. Hasty, III, Esq., 2900 Middle Street (S.W. 28th Terrace, Miami, FL 33133,

George, Hartz, Lundeen, Flagg & Fulmer, 800 North Calhoun Street, P.O. Box 1900,

Tallahassee, FL 32303.

<div style="margin-left:50%">

Linda E. Capobianco, Esq.
Gary, Williams, Parenti, Finney, Lewis,
McManus, Watson & Sperando
221 E. Osceola Street
Stuart, FL 34994
(561)283-8260
Attorney for Plaintiff



Linda E. Capobianco
Florida Bar # 121916

</div>

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR GADSDEN COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate
of Miracle N. Weston,

       Plaintiff,

CASE NO.: 99-333C-AB

v.

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN,
M.D.; JESSIE FURLOW, M.D.; KHAN ASNER,
M.D.; GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC. and
MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER; JOHN and
JANE DOE,

       Defendants.
_____/

## NOTICE OF HEARING

YOU ARE HEREBY notified that Defendant, TALLAHASSEE MEDICAL CENTER, INC., d/b/a TALLAHASSEE COMMUNITY HOSPITAL'S **Motion to Dismiss and Motion to Strike** in the above-styled cause will be called up for hearing before the **Honorable P. Kevin Davey** of the above-styled court.

THIS HEARING is scheduled to be held on **July 19, 1999** at **2:30 p.m.,** or as soon thereafter as can be heard, at the **Gadsden County Courthouse, Quincy, Florida.**

PLEASE BE GOVERNED ACCORDINGLY.

DATED this **26** day of May, 1999.

FULLER, JOHNSON & FARRELL, P.A.

Jeannette M. Andrews
Florida Bar No.: 0352896
Post Office Box 1739
Tallahassee, FL 32302-1739
Attorney for Defendant,
Tallahassee Medical Center, Inc., d/b/a
Tallahassee Community Hospital

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was furnished by United States Mail, postage prepaid, to **Paul D. Mark Lucas, Esquire**, Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Waterside Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210; **Hubert Brown, Esquire,** Brown and Brown, 1102 East Tennessee Street, Tallahassee, Florida 32308; **Maria Santoro, Esquire**, George, Hartz, Jundeen, et al, Post Office Box 1900, Tallahassee, Florida 32301-7732; and **Frederick E. Hasty, III, Esquire**, Wicker, Smith, Tutan, O'Hara, et al, 5th Floor Grove Plaza Building, 2900 Middle Street, Miami, Florida 33133 this the **26** day of May, 1999.

Jeannette M. Andrews, Esq.

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and     CASE NO.: 99-333C-AB
as Personal Representative of the Estate of
Miracle N. Weston,

       Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

       Defendants.

_____/

## FIRST REQUEST TO PRODUCE TO TALLAHASSEE MEDICAL CENTER, INC.

COMES NOW the Plaintiff, GENELZA WESTON, pursuant to the Florida Rules of
Civil Procedure, and requests the Defendant, TALLAHASSEE MEDICAL CENTER, INC. to
produce for inspection or copying at the offices of  Gary, Williams, Parenti, Finney, Lewis,
McManus, Watson & Sperando, 221 E. Osceola Street, Stuart, Florida 34994 within the time
described by said Rule, the following (copies may be provided by mail):

### INSTRUCTIONS

1.     Where knowledge or information in possession of a party is requested, such
request includes knowledge of the party's agents, representatives, and unless
privileged, his attorneys including that learned through hearsay or that which you
believe to be true.  Where knowledge or information of a corporation, association,
joint venture, partnership, or other firm or legal entity is requested, this includes
knowledge of any of the entities, agents, servants or employees.

2.     No part of a document request should be left unanswered merely because an
objection is interposed to another part of that interrogatory or document request.
Where a claim of privilege is asserted in objecting to any interrogatory, or part
thereof, or to the production of any requested documents, and information or the

-1-

document is not provided or produced on the basis of such assertion:

    (a)    Identify with specificity the nature of the privilege (including work product) which is being claimed;

    (b)    Provide the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(i)    for oral communications:

    (a)    the name of the person making the communication and the names of persons present while the communication was made, where not apparent the relationship of the persons present to the person making communication:

    (b)    the date and place of the communication, and

    (c)    the general subject matter of the communication

(ii)    for documents:

    (a)    the type of document

    (b)    general subject matter of the document

    (c)    the date of the document; and

    (d)    such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, and any other recipient to each other.

3.    If you cannot produce an item in response to a request, after conducting a reasonable investigation, you should so state and answer the Request to Produce with the information that is available, setting forth what information you cannot provide and stating what efforts you made to obtain the additional information.

## DEFINITIONS

As used in this Request to Produce, the following words shall have the following meanings:

1.    The term "documents, " as used herein, means all documents of any kind, as

-2-

defined in Florida Rules of Civil Procedure, both originals and copies, including, but not limited to, letters, correspondence, memorandum, notes work papers, reports, lists, voice records, film, tapes and other data compilations from which information can be obtained, including materials used in electronic data processing.

2.   The term "communications, " as used herein, means any meeting, statement, conversation, transmittal of information or request for information, whether written, oral or by other means.

3.   "Person" means any natural person or any corporation, association, joint venture, partnership, or other formal legal entity.  To "identify" a natural person means to state the full name, present and last known home address, present and last known business address, and present or last known home and business telephone numbers, if known.  To "identify" a corporation, association, joint venture, partnership, or other formal legal entity means to state the name, address, and nature of the legal entity.

4.   To "identify" a document means to state with respect thereto:
     (a)   the name of the person who prepared it;
     (b)   the name of the person who signed it or over whose name it was issued;
     (c)    the name of each person to whom it was addressed and/or distributed;
     (d)   the nature and substance of the document with sufficient particularity to enable it to be described in a request for production of documents under the Rules;
     (e)   its date (day, month and year), and if it bears no date, the date (day, month and year) when it was prepared; and
     (f)   the physical location of it and the names of its custodian or custodians.

5.   Where the identity of a communication is requested, please state the nature or description of the communication (i.e. oral, written, telephone, in person, etc.), the date of and parties to the communication, where it took place and its substance.

6.   "You" or "your" refers to the party to whom this Request to Produce is addressed, and the persons mentioned in paragraph 1 of the Instructions.

7.   "Plaintiff" shall mean Genezla Weston, the Plaintiff herein.

     This Request encompasses all documents within the possession, custody or control of Defendant Tallahassee Community Medical Center, Inc. d/b/a Tallahassee Community Hospital and the persons mentioned in paragraph 1 of the Instructions to Plaintiff's First Request to Produce to Defendant, Tallahassee Community Medical Center, Inc. d/b/a Tallahassee Community Hospital.

DOCUMENTS TO BE PRODUCED

8.  Excluding peer review and materials, as specifically defined by Florida Law, a complete copy of any and all policies and procedures, guidelines, clinical pathways, criteria or standards of Tallahassee Medical Center, Inc. d/b/a Tallahassee Community Hospital in existence on August 20, 1996 which pertained to:

   a.  Emergency room treatment and procedures for pregnancies/deliveries
   b.  Emergency department admission policies, especially those involving transfer of patients from one emergency room to that of Tallahassee Community Hospital
   c.  Triage process
   d.  Discharge criteria
   e.  Admission procedures for the hospital, insofar as emergency room physicians and consulting physicians are concerned
   f.  Nursing responsibilities regarding patient care, including both the mother and the child.
   g.  Responsibilities of the consulting/on call physician
   h.  Responsibilities of the emergency room physician, once care has been transferred to a consulting or on call physician
   i.  Responsibilities of the emergency room physician until such transfer to the care of a consulting/on call physician arises.

In the event that the documents requested for these very specific requests are considered too voluminous to copy, please produce an index or listing of the various type of documents that the Plaintiff may attempt to narrow this request or provide a visit to the facility to copy them.

9.  A complete copy of any and all rules, regulations, policies or procedures, guidelines, instructions or other recommendations pertaining to the care and treatment of patients such as Genezla Weston or Miracle Weston, who present to the emergency department, critical care department, or the hospital, with a history of pregnancy, undiagnosed or not, for a period of seven or eight months, and with complaints of sharp pain in the lower abdomen, pain in the lower section of the back, periods of pain being often on and of short duration, pain on urination and yellow discharge with odor, on the part of the mother, feeling of faintness, record of no pre-natal care, triage analysis of a risk birth, non-reassuring fetal heart rate patterns, feeling of nausea, all on August 20, 1996, at Tallahassee Medical Center, Inc. d/b/a Tallahassee Community Hospital.

IN THE EVENT THAT THE DOCUMENTS REQUESTED ARE TOO VOLUMINOUS TO COPY, PLEASE PRODUCE AN INDEX OR A LISTING OF THE VARIOUS TYPES OF DOCUMENTS SO THAT PLAINTIFF MAY ATTEMPT TO NARROW THIS REQUEST OR PROVIDE FOR ONSITE INSPECTION AND COPYING BY TEAM MEMBERS.

-4-

10.     A complete copy of any rules, regulations or guidelines pertaining to physician management of patients in the emergency room department of Tallahassee Community Hospital on August 20, 1996.

11.     Copies of any and all contracts with emergency room physicians that were in effect on May 20, 1996.

12.     Copies of any and all regulations governing the employment, responsibilities and conduct of emergency room physicians on May 20, 1996.

13.     Copies of any and all advertisements or printed materials furnished to the general public setting forth the services available and/or provided by Tallahassee Community Services from January 1, 1994 - May 20, 1996.

14.     Copies of any and all signs displayed on the exterior of the building of Tallahassee Community Hospital on May 20, 1996.

15.     Copies of the entire medical chart pertaining to Genezla Weston, and her child Miracle Weston, including but not limited to any admission or discharge summaries, which were not included on previous production of records to the Plaintiff.

16.     Legible, competent, authoritative copies of all fetal monitor strips, x-rays, cat scans and MRIs, conducted at Tallahassee Community Hospital. This refers to the actual films or monitoring strips and not to reports of the same, which should be including within the medical records requested above.

17.     All documents tape recordings, or other writings memorializing in any way recording or reflecting any words, statements, declarations, conversations or other communications by the Plaintiff or other Defendant regarding the Plaintiff's patient/physician relationship with the Defendant, including the relationship involving the deceased child.

18.     All documents including any memos, pertaining to any meetings, discussions, and conversations, whether private or public that the Defendant or any of its agents or employees had with the Plaintiff.

19.     All documents reflecting all insurance policies and/or insurance coverage which Defendant has or has had for any liability arising from the occurrence alleged the Plaintiff's complaint.

20.     All documents which you intend to introduce, at this time, into evidence at the trial of this case may be used to refresh the recollections of witnesses at depositions or trial.

-5-

21. All statements and memos relating to witnesses or potential witnesses or persons contacted in connection with this case.

22. Copies of any agreements with any other party to this lawsuit, limiting liability, or providing for indemnification, or providing for mutual defense of the issues raised in this case.

23. The application for staff privileges submitted by Defendant Hall, prior to his becoming a consulting or on call physician at Tallahassee Community Hospital.

24. Any ambulance records or transfer records from Gadsden Community Hospital to Tallahassee Community Hospital or from Tallahassee Community Hospital to Tallahassee Memorial Hospital.

25. Copies of all medical staff by laws, staff rules and staff regulations.

26. Policies, procedures, rules, regulations, guidelines, standards and practices for the obstetrics department within Tallahassee Community Hospital.

27. The same as requested in the last request for a critical care department and emergency departments.

DATED THIS _____ day of _____, 1999.

BROWN & BROWN
Attorneys at Law
1102 E. Tennessee St.
Tallahassee, Florida 32308
(850) 224-2800
Attorneys for Plaintiff(s)

GARY, WILLIAMS & PARENTI, FINNEY, LEWIS,
MCMANUS, WATSON & SPERANDO
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida 34994
(561) 283-8260
Attorneys for Plaintiff(s)

Paul D. Mark Lucas, Esq.
FBN #219835

-6-

## CERTIFICATE OF SERVICE

Healthmark of Quincy, Inc. and
Gadsden Community Hospital

**Attorney for Tallahassee Medical Center, Inc.**
**d/b/a Tallahassee Community Hospital**
Jeannette M. Andrews, Esq.
Fuller, Johnson & Farrell, P.A.
Attorneys at Law
Post Office Box 1739
Tallahassee, Florida 32302
(850) 224-4663

**Attorney for Leaton Hall, M.D.**
Maria A. Santoro, Esq.
George, Hartz, Lundeen, Flagg & Fulmer
Post Office Box 1900
Tallahassee, Florida 32302-1900
**Street Address:**
800 North Calhoun Street
Tallahassee, Florida 32303
(850) 224-5252
(850) 222-3082 (Fax)

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and        CASE NO.: 99-333C-AB
as Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

        Defendants.
_____/

## DENIAL OF AFFIRMATIVE DEFENSES

COMES NOW the Plaintiff, by and through her undersigned attorneys, and generally

denies all of the affirmative defenses raised in the answer provided by Defendant, LEATON

HALL, M.D.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via regular mail to Jeannette M. Andrews, Esq., Fuller, Johnson & Farrell, P.A., Attorneys at

Law, Post Office Box 1739, Tallahassee, Florida 32302 and Maria A. Santoro, Esquire,

GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER, 800 North Calhoun Street, Tallahassee,

Florida 32303 on this 9th Day of June, 1999.

-1-

BROWN & BROWN
Attorneys at Law
1102 E. Tennessee St.
Tallahassee, Florida 32308
(850) 224-2800
Attorneys for Plaintiff(s)

GARY, WILLIAMS & PARENTI, FINNEY, LEWIS,
MCMANUS, WATSON & SPERANDO
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida  34994
(561) 283-8260
Attorneys for Plaintiff(s)

Paul D. Mark Lucas, Esq.
FBN #219835

-2-

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and     CASE NO.: 99-333C-AB
as Personal Representative of the Estate of
Miracle N. Weston,

           Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

           Defendants.

_____/

## DENIAL OF AFFIRMATIVE DEFENSES

       COMES NOW the Plaintiff, by and through her undersigned attorneys, and generally

denies all of the affirmative defenses raised in the answer provided by Defendant,

TALLAHASSEE MEDICAL CENTER, INC.

       I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via regular mail to **Jeannette M. Andrews, Esq.**, Fuller, Johnson & Farrell, P.A., Attorneys at

Law, Post Office Box 1739, Tallahassee, Florida 32302 and **Maria A. Santoro, Esq.**, George,

Hartz, Lundeen, Flagg & Fulmer, 800 North Calhoun Street, Tallahassee, Florida 32303,

Fredrick E. Hasty, III, Esq., Wicker, Smith, Tutan, et al, 5th Floor Grove Plaza Building, 2900

-1-

Middle St., Miami, FL 33133  on this 9th day of June, 1999.

BROWN & BROWN
Attorneys at Law
1102 E. Tennessee St.
Tallahassee, Florida 32308
(850) 224-2800
Attorneys for Plaintiff(s)

GARY, WILLIAMS & PARENTI, FINNEY, LEWIS,
MCMANUS, WATSON & SPERANDO
Waterside Professional Bldg.
221 E. Osceola Street
Stuart, Florida  34994
(561) 283-8260
Attorneys for Plaintiff(s)

Linda Elise Capobianco, Esq.
FBN #121916

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR GADSDEN COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate
of Miracle N. Weston,

       Plaintiff,

v.

                     CASE NO.:  99-333C-AB

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN,
M.D.; JESSIE FURLOW, M.D.; KHAN ASNER,
M.D.; GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC. and
MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER; JOHN and
JANE DOE,

       Defendants.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

       Defendant, Tallahassee Community Hospital hereby responds to Plaintiff's First Request to Produce as follows:

       Objection to instructions provided as part of the First Request for Production to Tallahassee Medical Center, Inc.  Many of the instructions are in the nature of interrogatories and as such Defendant cannot produce documentation in response.

       8.    a.    Objection as the request is overbroad in scope and not reasonably calculated to lead to discovery of admissible evidence as Plaintiff was admitted to the hospital through Labor & Delivery, not through the Emergency Room.

            b.    See objection to 8a.

            c.    See objection to 8a.

            d.    Attached.

            e.    See objection to 8a.

            f.    Attached.

            g.    Attached.

            h.    See objection to 8a.

            i.    See objection to 8a.

       9.    Objection to the request for documents pertaining to Emergency Department and Critical care Department as irrelevant and not likely to lead to discovery of admissible evidence as Plaintiff was not cared for by either department.  Objection to the term "other recommendations" as being vague and ambiguous.  Without

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

waiving the foregoing objections, attached is a copy of the Index of the Family Care Policy and Procedure Manual.  Upon identification of which policies Plaintiff desires, copies will be made at Plaintiff's expense.

10.   See objection to 8a.

11.   See objection to 8a.   Further, any financial terms of contracts, if any, are confidential.

12.   See objection to 8a.

13.   Attached.

14.   Attached.

15.   The chart was previously provided.  Attached are the admit and discharge notes.

16.   Objection to the terms "competent" and "authoritative" as vague and ambiguous.  Further, the request is not limited to Ms. Weston and is therefore overbroad in scope, violates other patients' rights of privacy and confidentiality and is not reasonably calculated to lead to discover of admissible evidence.  Subject to and without waiving the foregoing objection, and further assuming the request is for the records of plaintiff, Genezla Weston and her infant, the requested items (chest x-ray and fetal monitor strip) will be made at Plaintiff's expense.

17.   Plaintiff's are contained in the chart.  Objection to the extent the request seeks any quality assurance or peer review documents and/or any presuit documents protected by  Florida Statutes §766.106(5) and 766.205(4).

18.   Objection to the extent the request seeks any quality assurance or peer review documents and/or any presuit documents protected by  Florida Statutes §766.106(5) and 766.205(4).

19.   Attached.

20.   Objection: unintelligible.

21.   Objection to the extent the request includes documents falling within attorney client privilege and/or work product doctrine or any presuit documents pursuant to  Florida Statutes §766.106(5) and 755.205(4).

22.   None.

23.   Objection: the information sought is protected by Chapters 395 and 766.  See also Paracelsus v. Smith, 24 FLW 1240 (5th DCA, May 21, 1999).

24.   Objection: this request is overbroad in scope and not reasonably calculated to lead to discovery of admissible evidence.  Subject to and without waiving the foregoing objection, and assuming this request is for records of the Plaintiff, see chart previously produced.

25. Objection: this request is overbroad in scope and not reasonably calculated to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objection, and assuming this is for those in effect 8/20/96, please see attached Medical Staff Bylaws, Medical Staff Rules and Regulations, and Department of Obstetric Rules and Regulations in place 8/20/96.

26. Objection: this request is overbroad in scope and not reasonably calculated to lead to discovery of admissible evidence. Subject to and without waiving the foregoing objection, attached are Department of Obstetrics Rules and Regulations.

27. See objection to 8a.

DATED this **23** day of June, 1999.

FULLER, JOHNSON & FARRELL, P.A.

Jeannette M. Andrews
Florida Bar No.: 0352896
Post Office Box 1739
Tallahassee, FL 32302-1739
Attorney for Defendant,
Tallahassee Medical Center, Inc., d/b/a
Tallahassee Community Hospital

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was furnished by United States Mail, postage prepaid, to **Paul D. Mark Lucas, Esquire**, Gary, Williams, Parenti, et al, Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210; **Hubert Brown, Esquire,** Brown and Brown, 1102 East Tennessee Street, Tallahassee, Florida 32308; **Maria Santoro, Esquire**, George, Hartz, Jundeen, et al, Post Office Box 1900, Tallahassee, Florida 32301-7732; **Mike Riley, Esquire,** Rumberger, Kirk and Caldwell, Post Office Box 10507, Tallahassee, Florida 32302; and **Frederick E. Hasty, III, Esquire**, Wicker, Smith, Tutan, O'Hara, et al, 5th Floor Grove Plaza Building, 2900 Middle Street, Miami, Florida 33133 this the **23** day of June, 1999.

Jeannette M. Andrews, Esq.

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR GADSDEN COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate
of Miracle N. Weston,

     Plaintiff,

     CASE NO.: 99-333C-AB

v.

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN,
M.D.; JESSIE FURLOW, M.D.; KHAN ASNER,
M.D.; GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC. and
MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER; JOHN and
JANE DOE,

     Defendants.
_____/

## DEFENDANT'S ^Amended RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, Tallahassee Community Hospital hereby amends its response to Plaintiff's First

Request to Produce as follows:

16.     Upon further investigation concerning the x-ray films of Miracle Weston taken at Tallahassee Community Hospital, said films were sent along with Miracle Weston to Tallahassee Memorial Hospital on August 20, 1996. Please see attached Radiograph Release Form dated August 20, 1996. As a consequence, this Defendant cannot produce the requested items.

DATED this 25th day of June, 1999.

FULLER, JOHNSON & FARRELL, P.A.

Jeannette M. Andrews
Florida Bar No.: 0352896
Post Office Box 1739
Tallahassee, FL 32302-1739
Attorney for Defendant,
Tallahassee Community Hospital

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was furnished by United States  Mail, postage prepaid, to **Paul D. Mark Lucas, Esquire**, Gary, Williams, Parenti, et al, Professional Building, 221 SE Osceola Street, Stuart, Florida  34994-2210; **Hubert Brown, Esquire,** Brown and Brown, 1102 East Tennessee Street, Tallahassee, Florida  32308; **Maria Santoro, Esquire**, George, Hartz, Jundeen, et al, Post Office Box 1900, Tallahassee, Florida  32301-7732; **Mike Riley, Esquire,** Rumberger, Kirk and Caldwell, Post Office Box 10507, Tallahassee, Florida  32302; and **Frederick E. Hasty, III, Esquire**, Wicker, Smith, Tutan, O'Hara, et al, 5th Floor Grove Plaza Building, 2900 Middle Street, Miami, Florida  33133 this the _2⁵_ day of June, 1999.

Jeannette M. Andrews, Esq.

# COLUMBIA
## TALLAHASSEE COMMUNITY HOSPITAL
## DEPARTMENT OF RADIOLOGY
### 2626 CAPITAL MEDICAL BLVD.
### TALLAHASSEE, FL 32308
### (904) 656-5085
### FAX-(904) 656-5197

# RADIOGRAPHIC FILM RELEASE FORM

Tallahassee Community Hospital is the designated caretaker of all radiographic films taken at this facility. To achieve and maintain this role, it is necessary for you to fill out the following form with as much accuracy as possible, to aid us in knowing the exact location of your radiographs while they are being reviewed by other facilities, physicians, etc. Although most facilities will make an effort to return your radiographs, it is highly recommended that you return them yourself.

## PLEASE PRINT THE FOLLOWING INFORMATION:

PATIENT'S NAME: _Weston, Infant Female_

DATE FILM CHECKED OUT: _8-20-96_

NAME OF PERSON PICKING UP FILM, IF OTHER THAN PATIENT:
_Sent c pt. by ambulance_

NAME OF FACILITY/ PHYSICIAN FILM BEING SENT TO:
_TMRMC_

ADDRESS:_____
(STREET ADDRESS)

_____
(CITY)          (STATE)          (PHONE #)

_____
(SIGNATURE OF PERSON PICKING FILM UP)

_____
(SIGNATURE OF PERSON RELEASING FILM)

(wbt 11NOV1994) Rmrp!

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR
GADSDEN COUNTY, FLORIDA.

CASE NO. 99-333C-AB

FLORIDA BAR NO. 654809

GENELZA WESTON, individually and as
Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC., d/b/a
TALLAHASSEE COMMUNITY HOSPITAL; LEATON HALL, M.D.,
JEFFREY WASSERMAN, M.D., JESSIE FURLOW, M.D.,
KHAN ASNER, M.D., GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC., and MEDTECH OF NORTH
FLORIDA, INC.), NORTH FLORIDA HEALTH CENTER, INC.,
d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL
CENTER, JOHN and JANE DOE,

        Defendants.

_____/

**NOTICE OF HEARING**

TO:   ALL COUNSEL OF RECORD

    PLEASE TAKE NOTICE that the undersigned will bring up for
hearing before the Honorable P. Kevin Davey on Monday, July 19,
1999 at 2:30 P.M., or as soon thereafter as the same can be
heard, the following in the above-styled cause:

**MOTION TO STRIKE ON BEHALF OF DEFENDANT LEATON HALL, M.D.**
(as set forth in defendant Leaton Hall, M.D.'s
response to plaintiffs'amended complaint)

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to:  ALL COUNSEL OF RECORDS AS PER ATTACHED MAILING LIST, this ____1____ day of June, 1999.

> GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER
> Attorneys for Defendant Williams
> 800 North Calhoun Street
> Post Office Box 1900
> Tallahassee, Florida 32302-1900
> (850) 224-5252
>
> BY: _____
> MARIA A. SANTORO
> Florida Bar No. 0654809

Paul D. Mark Lucas, Esquire
221 East Osceola Street
Stuart, Florida 34994
Attorney for Plaintiffs
(561) 283-8260; Telefax (561) 220-3343

Hubert R. Brown, Esquire
1102 East Tennessee Street
Tallahassee, Florida 32308
Co-Counsel for Plaintiffs
(850) 224-2800; Telefax (850) 224-2747

Jeannette M. Andrews, Esquire
111 North Calhoun Street
Post Office Box 1739
Tallahassee, Florida 32302
Attorney for Defendant Tallahassee Medical Center
(850) 224-4663

Frederick E. Hasty, III, Esquire
2900 Middle Street (S.W. 28th Terrace)
Miami, Florida 33133
Attorney for Defendants Wasserman and Furlow
(305) 448-3939; Telefax (305) 441-1745

Maria A. Santoro, Esquire
800 North Calhoun Street
Post Office Box 1900
Tallahassee, Florida 32303
Attorney for Defendant Hall
(850) 224-5252; Telefax (850) 222-3082

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

CASE NO.: 99-333C-AB

      Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

      Defendants.

_____/

## PLAINTIFFS, NOTICE OF SERVING FIRST SET OF INTERROGATORIES

COMES NOW the Plaintiffs, by and through their undersigned attorneys and hereby

serves Notice that it is propounding its First Set of Interrogatories to Defendant, Tallahassee

Medical Center, Inc., d/b/a Tallahassee Community Hospital.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing First Interrogatories to Defendant

Tallahassee Medical Center has been furnished by US Mail this ___7th___ day of July, 1999 to:

Jeannette M. Andrews, Esq. Fuller, Johnson & Farrell, P.A.Attorneys at Law,,Post Office Box

1739,Tallahassee, Florida 32302.

Thomas J. Brown, Esq.,
BROWN & BROWN, Attorneys at Law, P.A.
1102 East Tennessee Street
Tallahassee, Florida  32308.

Paul D. Mark Lucas; Esq.
Gary; Williams; Parenti; Finney; Lewis;
221 E. Osceola Street
Stuart; FL 34994
(561)283-8260
Attorney for Plaintiff

Paul D. Mark Lucas
Florida Bar # 219835

Page -1-

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,
    Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.
    Defendants.

CASE NO.: 99-333C-AB

_____/

## PLAINTIFFS, NOTICE OF SERVING FIRST SET OF INTERROGATORIES

COMES NOW the Plaintiffs, by and through their undersigned attorneys and hereby
serves Notice that it is propounding its First Set of Interrogatories to Defendant, LEATON
HALL, M.D.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing First Interrogatories to Defendant
LEATON HALL, M.D. has been furnished by US Mail this _____ day of July, 1999 to:
Jeannette M. Andrews, Esq. Fuller, Johnson & Farrell, P.A.Attorneys at Law,,Post Office Box
1739,Tallahassee, Florida 32302 and Maria A. Santoro, Esq., George, Hartz, Lundeen, Flagg &
Fulmer, Post Office Box 1900, Tallahassee, Florida 32302-1900.

Thomas J. Brown, Esq.,
BROWN & BROWN, Attorneys at Law, P.A.
1102 East Tennessee Street
Tallahassee, Florida 32308.

Paul D. Mark Lucas; Esq.
Gary; Williams; Parenti; Finney; Lewis;
221 E. Osceola Street
Stuart; FL 34994
(561)283-8260
Attorney for Plaintiff

Paul D. Mark Lucas
Florida Bar # 219835

42117-3

IN THE CIRCUIT COURT OF THE 2ND
JUDICIAL CIRCUIT IN AND FOR
GADSDEN COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 99-333C-AB

GENELZA WESTON, individually, and as
Personal Representative of the Estate
of Miracle N. Weston,

      Plaintiff,

v.

TALLAHASSEE MEDICAL CENTER,
INC., d/b/a TALLAHASSEE
COMMUNITY HOSPITAL; LEATON
HALL, M.D.; JEFFREY
WASSERMAN, M.D.; JESSIE
FURLOW, M.D.; KHAN ASNER,
M.D.; GADSDEN COMMUNITY
HOSPITAL (HEALTHMARK OF QUINCY, INC.,
AND MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC. d/b/a
GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,

      Defendants.

_____/

## NOTICE OF VACATION

    PLEASE TAKE NOTICE that the undersigned will be on vacation from **July 23rd,**

**1999 through August 12th, 1999; and October 18th, 1999 through October 25th, 1999**, and

would request that no depositions or hearings be set on these dates.

    WE HEREBY CERTIFY that a true copy of the foregoing was mailed July 2, 1999 to:

Paul D. Mark Lucas, Esquire, GARY, WILLIAMS, PARENTI, ET. AL., 221 E. Osceola,

CASE NO.  99-333C-AB

Stuart, FL 34994; Hubert R. Brown, Esquire, BROWN AND BROWN, P.A., 1102 East

Tennessee Street, Tallahassee, Florida 32308; Maria Santoro, Esquire, GEORGE, HARTZ,

LUNDEEN, FLAGG & FULMER, P.A., 800 North Calhoun Street, Tallahassee, Florida

32302; Jeannette M. Andrews, Esquire, FULLER, JOHNSON & FARRELL, P.A., 111 North

Calhoun Street, P.O. Box 1739, Tallahassee, Florida 32302-1739.

<div style="margin-left:40%">

WICKER, SMITH, TUTAN, O'HARA,
 McCOY, GRAHAM, & FORD, P.A.
Attorneys for DRS. FURLOW AND
WASSERMAN
Grove Plaza, Fifth Floor
2900 S.W. 28th Terrace
Miami, FL  33133
Phone: 305-448-3939
Fax: 305-441-1745


By: _Frederick E. Hasty III_
     FREDERICK E. HASTY, III
     Florida Bar No. 260606

</div>

497878.51

- 2 -

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR
GADSDEN COUNTY, FLORIDA.

CASE NO. 99-333C-AB

FLORIDA BAR NO. 654809

GENELZA WESTON, individually and as
Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC., d/b/a
TALLAHASSEE COMMUNITY HOSPITAL; LEATON HALL, M.D.,
JEFFREY WASSERMAN, M.D., JESSIE FURLOW, M.D.,
KHAN ASNER, M.D., GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC., and MEDTECH OF NORTH
FLORIDA, INC.), NORTH FLORIDA HEALTH CENTER, INC.,
d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL
CENTER, JOHN and JANE DOE,

        Defendants.

_____/

### NOTICE OF INTENT TO SERVE A SUBPOENA UNDER RULE 1.351 FOR PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION

TO:  Paul D. Mark Lucas, Esquire, 221 East Osceola Street, Stuart, Florida 34994, Attorney for Plaintiffs; Hubert R. Brown, Esquire, 1102 East Tennessee Street, Tallahassee, Florida 32308, Co-Counsel for Plaintiffs; Jeannette M. Andrews, Esquire, 111 North Calhoun Street, Post Office Box 1739, Tallahassee, Florida 32302, Attorney for Defendant Tallahassee Medical Center; Frederick E. Hasty, III, Esquire, 2900 Middle Street (S.W. 28th Terrace), Miami, Florida 33133, Attorney for Defendants Wasserman and Furlow;

YOU ARE HEREBY NOTIFIED that after fifteen (15) days from the date of service of this

Notice, the undersigned will apply to the Clerk of this Court for issuance of the attached

subpoena(s) directed to:

     1.    Dr. Todd Patterson

who is(are) not a party(ies), to produce the items listed at the time and place specified in the subpoena(s).

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this *1st* day of July, 1999, to:  ALL COUNSEL LISTED ABOVE.

GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER
Attorneys for Defendant Enterprise
800 North Calhoun Street
Post Office Box 1900
Tallahassee, Florida 32303
(850) 224-5252; Telefax (850) 222-3082

By _____
MARIA A. SANTORO
Florida Bar No. 654809

**VERIFIED RETURN OF SERVICE**
JESSE J. FURLOW, M.D.

FILED FOR RECORD

SECOND JUDICIAL CIRCUIT GADSDEN                          **CASE: 99-33C-AB**
GADSDEN COUNTY FLORIDA                  '99 JUL 19 P3:17   **CIVIL DIVISION**

GENELZA WESTON, ET AL.

vs.

TALLAHASSEE MEDICAL CENTER, INC.,
ET AL.

SUMMONS & FIRST AMENDED COMPLAINT FOR NEGLIGENCE
AND MEDICAL MALPRACTICE

---

Pursuant to the request of Paul D. Mark Lucas, Esquire, 221 E. Osceola Street, Stuart, FL.
LEGAL SUPPORT SERVICES, INC., received this process on June 23, 1999 at 09:30 A.M.

I, WAYNE HANNA served same on **JESSE J. FURLOW, M.D.**, at ROUTE 6, BOX 420H,
QUINCY, FL 32351 on **JUNE 24, 1999** at **04:10 P.M.**

**INDIVIDUAL SERVICE**

By serving the within named person a copy of the above named document(s). FS 48.031(1)


Under penalties of perjury, I          **LEGAL SUPPORT SERVICES, INC.**
declare that I have read the           **P.O. BOX 75**
forgoing document and that the facts   **WEST PALM BEACH, FL 33402**
stated in it are true.                 **OFFICE (561) 833-7900**
July 14th, 1999

**WAYNE HANNA 299**

**INDEX**   2191
**FILE NO** 2185

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and      CASE NO.: 99-333C-AB
as Personal Representative of the Estate of
Miracle N. Weston,

      Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

      Defendants.

_____/

Rcvd _06-23-99_ at _7:30_ .m. and
Srvd _____ at _____ .m. by
_____Wayne Hanna #299
Special Process Server Gadsden Co . Florida

## SUMMONS:
## PERSONAL SERVICE ON AN INDIVIDUAL

TO:   Jesse J. Furlow, M.D.
      Route 6, Box 420H
      Quincy, Florida 32351

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE: YOU ARE HEREBY COMMANDED** to serve this
Summons, a copy of the Complaint and Amended Complaint in this lawsuit on the above-named
Defendant.

## IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is
served on you to file a written response to the attached Complaint in this Court. A phone call will
not protect you; your written response, including the above case number and named parties, must
be filed if you want the Court to hear your case. If you do not file your response on time, you may

F: 3022

lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal. existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifis a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

F: 3022

PAUL D. MARK LUCAS
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994
(407) 283-8260
FBN #: 219835

WITNESS my hand and the seal of the Court on *June 23*, 1999

**NICHOLAS THOMAS**
Clerk of Circuit and County Courts

(Court Seal)

By: *Betty Sue Sadberry*
DEPUTY CLERK

F: 3022

# RETURN OF SERVICE

2ND JUDICIAL CIRCUIT          GADSDEN COUNTY, FLORIDA          CASE # 99-333C-AB

FILED FOR RECORD

NORTH FLORIDA MEDICAL CENTER, INC. '99  JUL 19  P3:17
By Serving Its Registered Agent:                      SUMMONS (20 DAY) & COMPLAINT
JOEL MONTGOMERY                                        & FIRST AMENDED COMPLAINT
To Be Served                        NICHOLAS THOMAS
                                    CLERK CIRCUIT COURT
                                    GADSDEN COUNTY FLA
1982 CAPITAL CIRCLE, NE
TALLAHASSEE, FLORIDA
ADDRESS                                    COURT DATE: N/A
                                           COURT TIME: N/A

GENELZA WESTON etc. et al.
PLAINTIFF/PETITIONER

TALLAHASSEE MEDICAL CENTER, INC. etc. et al.
DEFENDANT/RESPONDENT        PLAINTIFF/ATTORNEY: PAUL D. MARK LUCAS, ESQUIRE
                                                221 E. OSCEOLA ST.
                                                STUART, FL 34994

Received this writ on JUNE 28, 1999 and served the same on JUNE 28, 1999 at 10:40 a.m.
in Leon County, FL as follows:

## METHOD OF SERVICE

**Corporate Service:**  By delivering a true copy of this writ, together with the initial
pleading with the date and hour of service endorsed thereon by me
to: DON PORTERFIELD, CHIEF FINANCIAL OFFICER as an employee of the
within-named corporation at said corporation's place of business
because service could not be made on the registered agent for
failure to comply with F.S. 48.091.

Chris J. Colson
SHERIFF APPOINTED SPECIAL PROCESS SERVER #18

    I certify that at the time of service, I placed on the face of that process my
printed name, signature, identification number, a statement that I am a Special Process
Server in and for Leon County, Florida; that I endorsed on all copies served, the date
and hour of service.

                          Under penalties of perjury, I declare that I have read the foregoing
                          Return of Service, and that the facts stated in it are true.


                          SPECIAL PROCESS SERVER IN AND FOR
                          LEON COUNTY, FLORIDA
                          APPOINTED PURSUANT TO F.S. 48.021
                          NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525


LEGAL SUPPORT GROUP
750 SE THIRD AVE., SUITE 201
FT. LAUDERDALE, FL 33316
954-524-5741

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and                CASE NO.: 99-333C-AB
as Personal Representative of the Estate of
Miracle N. Weston,

       Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

       Defendants.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:**

**GREETINGS:**

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint
and Amended Complaint in the above styled cause upon the Defendant:

North Florida Medical Center, Inc.
c/o Registered Agent: Joel Montgomery
1982 Capital Circle NE
Tallahassee, FL 32308

F: 3021

Rcvd _6/24/99_ at _800 A_.m and
Srvd _6 28/99_ at _1040 A_ .m by

_____  **Chris J. Colson # 18**
Special Process Server Leon County, Florida

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

> Paul D. Mark Lucas, Esquire
> Waterside Professional Building
> 221 E. Osceola Street
> Stuart, Florida  34994
> (561) 283-8260
> FBN #219835

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

In accordance with the Americans with Disability Act, persons with disabilities needing a special accommodation to participate in these proceedings should contact the Court Administrator at Court Administrator Phone (850) 488-1357, no later than seven (7) days prior to proceedings.  If hearing impaired, (TDD) 1/800/955-8771 or Voice 1/800/955-8770 via Florida Relay Service.

DATED *June 23*, 1999

**NICHOLAS THOMAS**
Clerk of Circuit and County Courts

(Court Seal)

By: *Betty Sue Sadberry*
DEPUTY CLERK

F: 3021

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del receibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's attorney (demandante o abogado del demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/Plaintiff's attorney (plaignant ou a son avocat) nomme ci-dessous.

F: 3021

**VERIFIED RETURN OF SERVICE**
JEFFREY D. WASSERMAN, D.O.

FILED FOR RECORD

**SECOND JUDICIAL CIRCUIT GADSDEN**                              **CASE: 99-333C-AB**
**GADSDEN COUNTY FLORIDA**                                        **CIVIL DIVISION**

'99  JUL 19  P3:18

GENELZA WESTON, ET AL                              SUMMONS &INITIAL COMPLAINT FOR NEGLIGENCE AND
                                                    MEDICAL MALPRACTICE

vs.                            NICHOLAS THOMAS
                               CLERK CIRCUIT COURT
                               GADSDEN COUNTY FLA

TALLAHASSEE MEDICAL, INC.

---

Pursuant to the request of Paul D. Mark Lucas, Esquire, 221 E. Osceola Street, Stuart, FL.
LEGAL SUPPORT GROUP, received this process on June 23, 1999 at 09:30 A.M.

I, WAYNE HANNA served same on **JEFFREY D. WASSERMAN, D.O.**, at , QUINCY, FL 32351
on **JUNE 25, 1999** at **10:10 A.M.**

### INDIVIDUAL SERVICE

By serving the within named person a copy of the above named document(s). FS 48.031(1)


Under penalties of perjury, I            **LEGAL SUPPORT GROUP**
declare that I have read the             **750 SOUTHEAST THIRD AVENUE SUITE 201**
forgoing document and that the facts     **FORT LAUDERDALE, FL 33316**
stated in it are true.                   **OFFICE (954) 524-5741**
July 14th, 1999

**WAYNE HANNA 299**

**INDEX** 2192
**FILE NO** 2183

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

CASE NO.: 99-333C-AB

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

Rcvd _26-23-99_ at _9:30A_ .m. and
Srvd _6-25-99_ at _10:5/oc_ .m. by
_____Wayne Hanna #299
Special Process Server Gadsden Co . Florida

        Defendants.

_____/

## SUMMONS:
## PERSONAL SERVICE ON AN INDIVIDUAL

TO:    Jeffrey D. Wasserman, D.O.
       174 Villas Court, N.E.
       Tallahassee, Florida 32303

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE:  YOU ARE HEREBY COMMANDED** to serve this
Summons, a copy of the Complaint and Amended Complaint in this lawsuit on the above-named
Defendant.

## IMPORTANT

     A lawsuit has been filed against you.  You have 20 calendar days after this summons is
served on you to file a written response to the attached Complaint in this Court.  A phone call will
not protect you; your written response, including the above case number and named parties, must
be filed if you want the Court to hear your case.  If you do not file your response on time, you may

F: 3022

lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal. existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifis a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

F: 3022

PAUL D. MARK LUCAS
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994
(407) 283-8260
FBN #: 219835

WITNESS my hand and the seal of the Court on *June 23*, 1999

**NICHOLAS THOMAS**
Clerk of Circuit and County Courts



(Court Seal)

By: *Betty Sue Sadberry*
DEPUTY CLERK

F: 3022

## VERIFIED RETURN OF SERVICE

SECOND JUDICIAL CIRCUIT GADSDEN    *FILED FOR RECORD*

GADSDEN COUNTY FLORIDA

CASE: 99-333C-AB
CIVIL DIVISION

*'99 JUL 19 P3:17*

GENELZA WESTON, ET AL

SUMMONS & FIRST AMENDED COMPLA
AND MEDICAL MALPRACTICE

vs.

*NICHOLAS THOMAS*
*CLERK CIRCUIT COURT*
*GADSDEN COUNTY FLA*

TALLAHASSEE MEDICAL, INC.

ATTORNEY: PAUL D. MARK LUCAS, ESQUIRE
         221 E. OSCEOLA STREET MCMANUS, WATSON & SPERANDO
         STUART, FL 34994

I received this writ on Date **6/28/99** at Time **3:00pm** and served same on **REGISTERED AGENT:   JAMES H. THOMPSON GADSDEN COMMUNITY HOSPITAL** at, **336 College Ave., DeFuniak Springs, FL** on Date **7/14/99** Time **3:55 pm**

[✓] **INDIVIDUAL:** By serving the within named defendant a copy to the above named document(s). F.S. 40.031

[ ] **SUBSTITUTE:** By serving a copy of the above named document(s) at the defendant usual place of abode on a person residing therein, to wit, _____ who is 15 years of age or older and informing the person of the contents.

[ ] **CORPORATE SERVICE:** By serving a copy of the above named document(s) to _____ as _____ or any employee of defendant corporation in the absence of any superior officer, FS 48.081 when defendant corp. does not keep a registered agent present. FS 48.091

[ ] **SERVICE BY ACCEPTANCE:** By serving a copy of the above named document(s) to _____ as _____, as the person designated by the above named defendant to receive same on his/her behalf.

[ ] **MILITARY STATUS:** To my best knowledge, information and belief the said defendant at the time of service was not engaged to the military service of the United States. defendant to receive same on his/her behalf.

[ ] **NO SERVICE:** For the reason that diligent search and inquiry failed to locate above named defendant / witness in _____ County, State of _____.

COMMENTS: **Served @ Walton Regional Hospital, 336 College Ave. DeFuniak Springs, FL**

I Acknowledge I am authorized and in good standing in the jurisdiction wherein this process was served and have no interest in the above action.

Under penalties of perjury, I
declare that I have read the
forgoing document and that the facts
stated in it are true.
Date: **7-13-99**

**LEGAL SUPPORT GROUP**
**750 SOUTHEAST THIRD AVENUE SUITE 201**
**FORT LAUDERDALE, FL 33316**
**OFFICE (954) 524-5741**

*Vicki Fields, Certified Process Server #153*

SIGN AND PRINT NAME
VICKI FIELDS
Certified Process Server #153

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

CASE NO.: 99-333C-AB

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

        Defendants.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:**

**GREETINGS:**

        **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint
and Amended Complaint in the above styled cause upon the Defendant:

Registered Agent: James H. Thompson
Gadsden Community Hospital
90 Chanteclaire Circle
Suite 501
Gulf Breeze, Florida 32561

F: 3021

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del receibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's attorney (demandante o abogado del demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/Plaintiff's attorney (plaignant ou a son avocat) nomme ci-dessous.

F: 3021

PAUL D. MARK LUCAS
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994
(407) 283-8260
FBN #: 219835

WITNESS my hand and the seal of the Court on June 23, 1999.

## NICHOLAS THOMAS
Clerk of Circuit and County Courts

(Court Seal)

By: _Betty Sue Sadberry_
DEPUTY CLERK

F: 3022

# GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, McMANUS, WATSON & SPERANDO

### ATTORNEYS AND COUNSELORS AT LAW

WATERSIDE PROFESSIONAL BUILDING
221 E. OSCEOLA STREET
STUART, FLORIDA 34994
(561) 283-8260
FAX NO. (561) 220-3343
1-800-329-4279

W. E. GARY PROFESSIONAL CENTER
320 S. INDIAN RIVER DRIVE
POST OFFICE BOX 3390
FT. PIERCE, FLORIDA 34948-3390
(561) 464-2352
FAX NO. (561) 464-4226
1-800-330-2832

Stuart
October 20, 1998

99-333

**PARTNERS**
WILLIE E. GARY
LORENZO WILLIAMS
ROBERT V. PARENTI†
LINNES FINNEY, JR.*
MICHAEL A. LEWIS
F. SHIELDS McMANUS*
DONALD N. WATSON
MARIA P. SPERANDO††

**ASSOCIATES**
PAUL P. McMAHON
MADISON B. McCLELLAN
PAUL D. MARK LUCAS**
JEAN A. LAWS
GLORETTA H. HALL
LINDA L. WEIKSNAR**†††***
THOMAS E. WEIKSNAR, LL.M.
MARYANN DIAZ**†††***
VICTOR G. SWIFT
PHYLLIS M. GILLESPIE*
GINGER JENKINS
VINCENT E. MILLER
LINDA E. CAPABIANCO††

**MEDICAL DIRECTOR**
HAROLD E. BERSON, M.D.

**ADMINISTRATOR**
JOANN ST. JOHN

**COMPTROLLER**
KIM T. BOLIN, C.P.A.

**BUSINESS MANAGER**
ROXANNE D. NELSON

**PARALEGALS**
RUTH C. CLARKE
KATHLEEN M. FISHER
SYLVIA T. FULTZ, C.L.A.
CONNIE HEMMER
JUDY HOLBROOK
PAMELA LEWIS
PAULETTE M. MADSEN
CYNTHIA L. MAZZUTO, R.N.
LINDA NORRIS
KAREN S. ROBERTSHAW, R.N.
LINDA R. RUECKERT, R.N.C.
MARY SHAMBAUGH
MICHAEL R. SULLIVAN, C.L.A.
JUNE P. VREELAND, C.L.A.

**INVESTIGATORS**
MICHAEL CONKLIN
JACKIE A. COOPER

* BOARD CERTIFIED CIVIL
  TRIAL LAWYER
** ADM. D.C. BAR
*** ADM. MD BAR
† ADM. MI BAR
†† ADM. NY BAR
††† ADM. NJ BAR
• ADM. TN BAR
•• ADM. CT BAR
••• ADM. MA BAR

## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Tallahassee Community Hospital
c/o Hospital Administrator - Risk Management
2626 Capital Medical Boulevard
Tallahassee, Florida 32308

**RE:   Miracle N. Weston, a minor**
**Date of Incident: 8/20/96**

Dear Sir or Madam:

Pursuant to Section 766.106 Florida Statutes (1997) and Rule 1.650 Florida Rules of Civil Procedure, this letter will serve as notice that **Genelza Weston** on her own behalf, for the wrongful death of Miracle N. Weston, a minor, (deceased), intend to initiate medical malpractice litigation against you and any professional association, corporate entity and/or partnership with which you were affiliated on or about August 20, 1996.

This litigation will involve claims arising from the rendering of, or the failure to render, medical care and services to **Genelza Weston** while a patient at and under the care of Tallahassee Community Hospital, August 20, 1996 through August 26, 1996.

Appendix A contains the names and addresses of all claimants and prospective defendants who have or will be placed on notice of the Claimants' intent to initiate medical malpractice litigation.

In accordance with Section 766.203(2), a verified written medical expert opinion which corroborates reasonable grounds to support the claim of medical negligence has been obtained and a copy is enclosed herewith.

Tallahassee Community Hospital
October 20, 1998
Page Two


Section 766.106 Florida Statutes requires that your insurer, or you as a self-insured, must conduct a review to determine your liability and the review must comply with the procedures set forth in the statute. The statute requires you to comply with the statutory procedures and provide us with a response rejecting the claim, making a settlement offer, or making an offer of admission of liability and for arbitration on the issue of damages, within ninety (90) days.

Pursuant to Section 627.4137 Florida Statutes (1997), we ask that you provide us directly with the names and coverages of each known insurer, and that you forward a copy of this letter to each such insurer so that it can then furnish us with a statement, under oath, setting forth the following information with regard to each known policy of insurance:

1. The name of the insurer;
2. The name of each insured;
3. The limits of liability coverage;
4. A statement of any policy or coverage defenses; and
5. A copy of each policy.

Please be advised that Section 627.4137 requires compliance with this insurance information request within thirty (30) days.

A "Request for Informal Discovery" is enclosed. You are required to produce discoverable documents and things within your possession or control, at claimants' expense, within twenty (20) days after your receipt of this request.

Finally, pursuant to Section 766.106, Florida Statutes, and Rule 1.650, Florida Rules of Civil Procedure, we request the taking of the Unsworn Statement of a person designated by your facility, Tallahassee Community Hospital. Please contact the undersigned upon receipt of this letter to confirm the room, date and time.

The undersigned hereby certifies that a copy of the above and foregoing was mailed by Certified Mail Return Receipt Requested to the addressee this _*20th*_ day of October, 1998.

Tallahassee Community Hospital
October 20, 1998
Page Three


Sincerely yours,

GARY, WILLIAMS, PARENTI, FINNEY,          BROWN & BROWN,
LEWIS, McMANUS, WATSON & SPERANDO        Attorneys At Law, P.A.
                                         Thomas J. Brown, Esq.
                                         Hubert R. Brown, Esq.


Paul D. Mark Lucas
For the Firm

PDML/rem
enclosure as indicated
cc:     Department of Business and  Professional Regulation
        Bureau of Consumer Complaints
        1940 Monroe Street
        Tallahassee, FL  32399-0782

<u>**APPENDIX A**</u>

CLAIMANTS:                **GENELZA WESTON**, mother of
Miracle N. Weston, a minor,
 (deceased)

PROSPECTIVE         **TALLAHASSEE COMMUNITY HOSPITAL**
DEFENDANTS:         c/o Hospital Administrator -
Risk Management
2626 Capital Medical Boulevard
Tallahassee, Florida  32308

**LEATON HALL, JR., M.D.**
2626 Capital Medical Boulevard
Tallahassee, Florida  32308

**NORTH FLORIDA MEDICAL
CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER**
c/o Hospital Administrator -
Risk Management
P.O. Box 387
Quincy, FL  32351

**JEFFEREY D. WASSERMAN, M.D.**
P.O. Box 387
Quincy, Florida  32351

**JESSE J. FURLOW, M.D.**
P.O. Box 387
Quincy, Florida  32351

**GADSDEN COMMUNITY HOSPITAL**
c/o Hospital Administrator -
Risk Management
Highway 90 East
P.O. Box 1979
Quincy, Florida 32353-1979

**KHAN M. ASNER, M.D.**
Highway 90 East
P.O. Box 1979
Quincy, Florida  32353-1979

Various **JOHN and JANE DOE'S**
yet to be identified most of whom were affiliated
with **NORTH FLORIDA MEDICAL CENTERS,
INC. d/b/a GADSDEN MEDICAL CENTER**

<u>AFFIDAVIT OF MARK R. DAVIS, M.D.</u>

STATE OF FLORIDA
COUNTY OF ___Hillsborough___

     **MARK R. DAVIS, M.D.**, being duly sworn, deposes and says:

I have reviewed Genelza Weston's medical records from the following health care providers or facilities: (a) Gadsden Medical Center; (b) Gadsden Memorial Hospital; (c) Gadsden Community Hospital; (d) Tallahassee Community Hospital; and (e) Tallahassee Memorial Regional Medical Center. I have also reviewed Miracle N. Weston's medical records from Tallahassee Community Hospital and Tallahassee Memorial Regional Medical Center.

Genelza Weston presented numerous times to the Gadsden Medical Center in Quincy, Florida most notably starting on 3/27/96 with the complaints of a cold and nausea. It is stated that her last period was in February of 1996. She was given antibiotics. She was then seen on 4/5/96, 4/26/96, 7/18/98, and 7/23/96 with similar complaints of nausea, vomiting, and abdominal pain. A proper menstrual and contraceptive history was not obtained. She was diagnosed with viral syndromes and gastritis and was given different medications and had different tests performed on her. She was again seen on 7/18/96, 7/23/96, 8/5/96, and 8/12/96 again with complaints of URI symptoms, breast soreness, nausea and vomiting and more medications were prescribed.

On 8/20/96 she presented to the Gadsden Community Hospital Emergency Room at 7:54 A.M. with abdominal pain, urinary symptoms, abnormal periods, and vaginal discharge. According to the Doctor on duty she was obviously at least eight months pregnant with orthostatic hypotension.

She was then transferred to Tallahassee Community Hospital L&D and arrived at 11:30 A.M. with a bloody show and mild contractions. External monitoring was done and showed a very ominous tracing throughout with almost no long or short-term variability and no accelerations. She was seen by Dr. Hall who performed an ultrasound that showed a 36+3 week, 2600 gram fetus with normal amniotic fluid and fundal placenta. He reassessed her at 1:40 P.M. and questioned an abruption. At 2:00 P.M. she had a deceleration after vomiting and Dr. Hall called for a C/S. This began at 3:04 P.M. with the clinical findings of a complete abruption and Apgars of 0, 0, and 0. The baby had severe anoxia and succumbed at approximately 48 hours of age from multi organ failure.

In summary we have an approximately 36-week gestation pregnancy without proper prenatal care and a total abruption causing severe anoxia and the subsequent death of baby Miracle N. Weston, the following day, 8-21-96, at approximately 10:55 a.m..

It is my opinion, to a reasonable degree of medical probability, that Dr. Jefferey Wasserman, and Dr. Jesse Furlow, both of the Gadsden Medical Center, deviated from and breached the prevailing standards of care for the community by failing to take a proper menstrual history and failing to perform a simple pregnancy test and that as a direct and proximate result of their failure, Genelza Weston subsequently suffered a complete abruption and as a further direct and proximate result, Miracle Weston suffered Apgars of 0, 0, and 0, severe anoxia and death the following day.

It is my further opinion, to a reasonable degree of medical probability, that Dr. Khan M. Asner, while working in the emergency department of Gadsden Memorial Hospital, deviated from and breached the prevailing standards of care for the community by failing to take a proper menstrual history and failing to perform a simple pregnancy test and that as a direct and proximate result of Dr. Asner's failure, Genelza Weston subsequently suffered a complete abruption and as a further direct and proximate result, Miracle Weston suffered Apgars of 0, 0, and 0, severe anoxia and death the following day.

Based on my review of the above mentioned medical records of Genelza Weston and Miracle N. Weston, it is also my opinion, to a reasonable degree of medical probability, that Dr. Leaton Hall, Jr., an obstetrician at Tallahassee Community Hospital, deviated from and breached the prevailing standards of care for the community by failing to perform the C/S sooner, considering Ms. Weston's lack of proper prenatal care and the external monitoring's showing of very ominous tracing throughout with almost no long or short-term variability and no accelerations, and that as a direct and proximate result of Dr. Hall's failure, Genelza Weston subsequently suffered a complete abruption and as a further direct and proximate result, Miracle Weston suffered Apgars of 0, 0, and 0, severe anoxia and death the following day.

I certify that I have never had an opinion disqualified by any court.

FURTHER AFFIANT SAITH NAUGHT.

MARK R. DAVIS, M.D., F.A.C. O.G.
Affiant

STATE OF FLORIDA
COUNTY OF _____

Sworn to and subscribed to before me on this __19__ day of August, 1998.

Notary Public

Daisy A Maldonado
(Type/Print Name of Notary)

My Commission Expires: __6/4/2002__

DAISY A. MALDONADO
My Comm Exp. 6/4/2002
No. CC 748374
[ ] Personally Known [ ] Other I.D.

__X__ Personally known to me.

_____ Produced Identification

_____
(Type of Identification)

# MARK R. DAVIS, M.D.

F.A.C.O.G.

## PERSONAL

MARK R. DAVIS M.D.
TAX I.D. # 59-3354317
Date Of Birth: December 28, 1954

## EDUCATION

**PREMEDICAL EDUCATION**
City University of New York
Brooklyn, New York
Degree: Bachelor of Science, with Honors, Summa Cum Laude
Date of Graduation: 1975

**MEDICAL EDUCATION**
Rutgers Medical School
New Brunswick, New Jersey 08903
Degree: Doctor of Medicine
Date Of Graduation: 1979

**INTERNSHIP AND RESIDENCY**
Eastern Virginia Graduate School Of Medicine
Norfolk, Virginia
Dates: 1979 - 1983

## EMPLOYMENT

National Health Service Corp., Charleston, South Carolina, 1983-1985
Tampa Obstetrics, Tampa, Florida 1985 - 1993
OMNI Obstetrics, Tampa, Florida, 1994 - 1996
SOLO Practice in OB/GYN, 1996 - Present

## CERTIFICATION STATUS

Board Certified In Obstetrics And Gynecology, American Board of
OB/GYN, December 11, 1987; Certificate # 23748

## PROFESSIONAL INFORMATION

Florida Medical License ME 0045724, expires 1/31/98
DEA Registration # AD2223371, expires 6/30/96
Medicaid Provider # 045587301
B/C, B/S, and Medicare # 30788
UPIN # D54119

2901 ST. ISABEL STREET  •  SUITE A-2  •  TAMPA, FL  33607  •  813 876-6000



## MARK R. DAVIS, M.D.                    F.A.C.O.G.

**PROFESSIONAL LIABILITY CARRIER**
St. Paul's
Policy #: DM06623744, Limits:$250,000/$750,000

**MEDICAL SOCIETIES**
Hillsborough County Medical Association
Florida Medical Association
Tampa OB/GYN Society
Florida OB/GYN Society

**SPECIALTY COLLEGE**
American College Of Obstetrics And Gynecology- Fellow

**HOSPITAL STAFFS**
St. Joseph's Womens    St. Joseph's Hospital, W.Dr.M.L.K. BLVD,
Tampa, FL. Active S       85 - present
Brandon Hospital. Brand      FL, 1985 - present, courtesy staff
Tampa General Hospital Tampa, FL, 1987 - present, courtesy staff
University Community Hosp', Tampa, FL, 1990-present. Courtesy staff
AMI Memorial Hospita     a, FL. courtesy staff 1987 present

**REFERENCES**
Rob Albergo, M.D.
3830 Tampa Road Su        0
Palm Harbor, FL 3468-
786 - 5100

Jorge Lodeiro M.D.
3030 W. M.L.K. Blvd
Tampa, Florida 33607
876-0697

Steven Arkin M.D., Miracles Maternity
507 Oakfield Drive
Brandon, FL 33511
685 - 8284

**VERIFIED RETURN OF SERVICE**
JESSE J. FURLOW, M.D.

SECOND JUDICIAL CIRCUIT GADSDEN   FILED FOR RECORD   CASE: 99-33C-AB
GADSDEN COUNTY FLORIDA                                CIVIL DIVISION

'99 JUL 20 AM 9:20

SUMMONS & FIRST AMENDED COMPLAINT FOR NEGLIGENCE
GENELZA WESTON, ET AL.                   AND MEDICAL MALPRACTICE

NICHOLAS THOMAS
CLERK CIRCUIT COURT
vs.                                      GADSDEN COUNTY FLA

TALLAHASSEE MEDICAL CENTER, INC.,
ET AL.

_____

Pursuant to the request of Paul D. Mark Lucas, Esquire, 221 E. Osceola Street, Stuart, FL.
LEGAL SUPPORT GROUP, received this process on June 23, 1999 at 09:30 A.M.

I, WAYNE HANNA served same on **JESSE J. FURLOW, M.D.**, at ROUTE 6, BOX 420H,
QUINCY, FL 32351 on **JUNE 24, 1999** at **04:10 P.M.**

**INDIVIDUAL SERVICE**

By serving the within named person a copy of the above named document(s). FS 48.031(1)


Under penalties of perjury, I        **LEGAL SUPPORT GROUP**
declare that I have read the          **750 SOUTHEAST THIRD AVENUE SUITE 201**
forgoing document and that the facts  **FORT LAUDERDALE, FL 33316**
stated in it are true.                **OFFICE (954) 524-5741**
July 19th, 1999

**WAYNE HANNA 299**

**INDEX**  2191
**FILE NO** 2185

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

CASE NO.: 99-333C-AB

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

        Defendants.

_____/

### REQUEST FOR COPIES

COMES NOW the Plaintiff, by and through his undersigned counsel, and requests copies of all documents obtained by Defendant, Leaton Hall, M.D., pursuant to Defendant's Notice of Production from Non-Party dated July 10, 1999, with attached Subpoena Duces Tecum directed to the following:

1.     Records Custodian
       Dr. Todd Patterson
       Newborn Care Consultants
       1401 Centerville Road, Ste. 503
       Tallahassee, Florida 32308

Plaintiff has no objection to the production of documents from this non-party.

I hereby certify that a true and correct copy of the foregoing has been forwarded by U.S. Mail to all counsel of record on the attached "Service List", this _21st_ day of July, 1999.

       GARY, WILLIAMS, PARENTI, FINNEY,
       LEWIS, McMANUS, WATSON & SPERANDO
       Attorneys for the Plaintiff
       Waterside Professional Building
       221 East Osceola Street
       Stuart, Florida 34994
       (561) 283-8260

       Linda E. Capobianco, Esq.
       For the Firm
       Fla. Bar No.: 121916

## SERVICE LIST

Jeannette M. Andrews, Esq.
Fuller, Johnson & Farrell, P.A.
Attorneys at Law
Post Office Box 1739
Tallahassee, Florida 32302 Thomas J. Brown, Esq.


Maria A. Santoro, Esq.
George, Hartz, Lundeen, Flagg & Fulmer
Post Office Box 1900
Tallahassee, Florida 32302-1900

Jeannette M. Andrews, Esq.
Fuller, Johnson & Farrell, P.A.
Attorneys at Law
Post Office Box 1739
Tallahassee, Florida 32302


Frederick E. Hasty, III, Esq.
Wicker, Smith, Tutan, O'Hara, McCoy,
Graham & Ford, P.A.
5th Floor Grove Plaza Building
2900 Middle Street (S.W. 28th Terrace)
Miami, Florida 33133

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate
of Miracle N. Weston,

     Plaintiff,

v.

CASE NO.: 99-333C-AB

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN,
M.D.; JESSIE FURLOW, M.D.; KHAN ASNER,
M.D.; GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC. and
MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER; JOHN and
JANE DOE,

     Defendants.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, TALLAHASSEE COMMUNITY HOSPITAL , by and through its undersigned

attorneys, files this notice of serving the original answers to Plaintiff's Initial Interrogatories,

propounded to the Defendant under certificate of service dated July 7, 1999.

DATED this 28 day of July, 1999.

FULLER, JOHNSON & FARRELL, P.A.

Jeannette M. Andrews
Florida Bar No.: 0352896
Post Office Box 1739
Tallahassee, FL 32302-1739
Attorney for Defendant,
Tallahassee Community Hospital

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was furnished by United States  Mail, postage prepaid, to **Paul D. Mark Lucas, Esquire**, Gary, Williams, Parenti, et al, Professional Building, 221 SE Osceola Street, Stuart, Florida  34994-2210; **Hubert Brown, Esquire,** Brown and Brown, 1102 East Tennessee Street, Tallahassee, Florida  32308; **Maria Santoro, Esquire**, George, Hartz, Jundeen, et al, Post Office Box 1900, Tallahassee, Florida  32301-7732; **Mike Riley, Esquire,** Rumberger, Kirk and Caldwell, Post Office Box 10507, Tallahassee, Florida  32302; and **Frederick E. Hasty, III, Esquire**, Wicker, Smith, Tutan, O'Hara, et al, 5th Floor Grove Plaza Building, 2900 Middle Street, Miami, Florida  33133 this the 2⊘ day of July, 1999.

_Jeannette M. Andrews_
Jeannette M. Andrews, Esq.

## ANSWERS TO INTERROGATORIES

1.    Linda Deeb
      Risk Manager
      Tallahassee Community Hospital
      2626 Capital Medical Blvd.
      Tallahassee, Florida 32308

      (with assistance of Jeannette Andrews, Esq., attorney for Tallahassee Community Hospital)

      Objection to providing phone numbers and residential address as she should she only be contacted through counsel.

2.    Leaton Hall, M.D. for labor and delivery.  Walter Bunnell, M.D. was delivery was completed.

3.    See attached declaration sheet.

4.    Objection to the term "incident" as that term is vague and ambiguous.  Subject to and not waiving that objection, Ms. Weston was admitted to Labor and Delivery at Tallahassee Community Hospital, monitored appropriately and her baby was delivered by Dr. Leaton Hall.

5.    Defendant maintains that the care and treatment during the time of Plaintiff's admission and subsequent delivery at Tallahassee Community Hospital met the standard of care.  To the extent there were complications associated with the delivery, those were not caused by any action or inaction by Defendant.   Based on the limited discovery thus far, this Defendant cannot more fully respond to this interrogatory.

6.    Defendant  contends that it is not responsible in whole or part for incident alleged. Unknown at this time as to whether any other person or entity is responsible in whole or in part as discovery has just begun.

7.    Plaintiff, Co-defendants, Walter Bunnell, M.D, Ronald Ray, M.D., Richard Henry, M.D., David Huang, M.D., Eva Dayle Zippay, RN.

8.    I have no knowledge of such statements other than any which are reflected in the chart of Tallahassee Community Hospital.

9.    None presently known.

10.    No.

11.    Yes, all such cases would be filed in Leon County.  Defendant has not maintained a list of these.

12.    In general, there are risks associated with any treatment or condition.  With respect to the specific treatment provided here, the risks in general are set out in the signed consent forms.  Without more specific identification of what treatment Plaintiffs are referring to, this Defendant cannot more fully response to this interrogatory.    For risks regarding the delivery, this question should be posed to Dr. Hall.

13.    This question should be posed to Dr. Hall who handled the labor and delivery.

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

14. Please see Tallahassee Community Hospital chart, TMRMC, and all Co-Defendants' records already in Plaintiff's possession. There may be additional records though Plaintiff should be aware of them as the treatment would have been provided with Plaitniff's consent.

15. Objection: This interrogatory is overbroad in scope and not reasonably calculated to lead to discovery of admissible evidence. The only issue as it related to Tallahassee Community Hospital is alleged vicarious liability for Dr. Hall's care and treatment. There have been no other claims of a same or similar nature regarding Dr. Hall's care.

16. The physician who accepted Ms. Weston in transfer was Dr. Hall. He managed Ms. Weston during labor and delivery. Dr. Bunnell was the pediatrician who cared for Miracle Weston. None of these physicians were working under the supervision or direction of Tallahassee Community Hospital, but was exercising in each instance their professional judgment in caring for Plaintiff and Miracle Weston.

17. There is no such entity as Tallahassee Medical Center Children's Medical Center. Assuming you are referring to Tallahassee Medical Center, Inc., the physician responsible for the treatment of the child was Walter Bunnell, M.D.

18. None.

19. Leaton Hall, M.D. c/o Maria Santoro, counsel for Dr. Hall.

20. Walter Bunnell, M.D. (Pediatrician)
Richard Henry, M.D. (Anesthesiologist)
Ronald Ray, M.D. (Radiologist)
David Huang, M.D. (Pulmonologist)

21. Jeffrey Wasserman, M.D. was not a resident from Tallahassee Community Hospital. TCH does not have a residency program.

22. See response to #21.

23. Presuming the questioning is separating prenatal care and the emergency resuscitation from the subsequent care of Miracle Weston, the consent to transfer was obtained from Genelza Weston.

24. This question should be posed to the individual physician who had discussions with Genelza Weston. Defendant has consent forms which reflect both risks and acceptance of those risks by Genelza Weston. The consents are for admission (signed by Plaintiff's Mother), anesthesia, vaginal delivery with possibly episiotomy, and cesarean section.

25. See response to # 23 above. The resuscitative efforts were due to the emergency and Defendant is unaware of any specific consent obtained for those efforts to revive Miracle Weston.

26.     *Eva Dayle Zippay, RN (should only be contacted through Jeannette Andrews, attorney for Tallahassee Community Hospital.)*

27.     Objection: Defendant has no idea what "duty roster" Plaintiff is referring to and absent some identification of this, Defendant cannot frame a response.  Further, Defendant objects to the interrogatory is so far as it asks for "accountability" or "responsibility" as calling for legal conclusions.

28.     There is no such entity as Tallahassee Medical Center Children's Medical Center. Assuming the question refers to Tallahassee Medical Center, Inc., Defendant maintains there was no negligent care.  See response to # 5 above.

**INTERROGATORY NO. 1:**

Please state the name, present employment, job title and description, residential address and telephone number, and business address and telephone number of the person or persons answering these interrogatories and requests.

# SEE ATTACHED

**INTERROGATORY NO. 2:**

Please state the name and current address and telephone number, both residential and professional, of the physician who cared for Miracle Weston.

# SEE ATTACHED

**INTERROGATORY NO. 3**

Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

# SEE ATTACHED

**INTERROGATORY NO. 4**

Describe in detail how the incidents described in the Complaint happened particulary those events following Ms. Weston's transfer to your hospital, including all actions taken by you to prevent the incident.

# SEE ATTACHED

**INTERROGATORY NO. 5**

Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

# SEE ATTACHED

Page -2-

**INTERROGATORY N. 6**

Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

# SEE ATTACHED

**INTERROGATORY NO. 7**

List the names and addresses of all person who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

# SEE ATTACHED

Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement, the name and address of each person who heard it, and the date, time, place and substance of each statement.

## SEE ATTACHED

### INTERROGATORY NO. 9

State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

## SEE ATTACHED

### INTERROGATORY NO. 10

Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

## SEE ATTACHED

### INTERROGATORY NO. 11.

Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

## SEE ATTACHED

### INTERROGATORY NO. 12

If you believe there was any risk to the treatment you rendered to the Plaintiff, state the nature of all risks, including whether the risks were communicated to the Plaintiff; when, where, and in what manner they were communicated; and whether any of the risks in fact occurred.

## SEE ATTACHED

Please give the name, present resident address and telephone number and present business address and telephone number of the physician or physicians who had primary responsibility for the examination, diagnosis, and treatment of Miracle Weston from August 20, 1996, while a patient at Tallahassee Medical Center Children's Medical Center. Included in this answer should be the names of any physician who admitted Miracle Weston into the hospital and names of the specialties of the physicians who treated this patient. If more than one physician was responsible for the treatment of the child, then the names, specialties, and business addresses of those physicians should be given. This hospital has more control over that information than any other party in the case, and therefore should provide this information.

## SEE ATTACHED

### INTERROGATORY NO. 18:

If your answer to Interrogatory Number 3 indicates that different physicians at different times have the primary responsibility for the examination, diagnosis and treatment of Miracle Weston from August 20, 1999, then please identify the physician or physicians who had these primary responsibilities, specifying the time periods for each physician. Reference to medical records that may be difficult to read or may be irrelevant is not sufficient. This is an interrogatory directed to the defendant hospital.

## SEE ATTACHED

### INTERROGATORY NO. 19:

Please give the name, present residential address and telephone number, and present business address and telephone number of the physician or physicians who authorized and/or ordered the cesarian delivery of Miracle Weston on August 20, 1999.

## SEE ATTACHED

### INTERROGATORY NO. 20:

Subsequent to the delivery of Miracle Weston by cesarian section on August 20, 1996, who was the physician or physicians that were responsible for monitoring Miracle Weston, including the business address and telephone numbers and specialties of such physicians.

## SEE ATTACHED

Page -6-

**INTERROGATORY N  1:**

In as much as JEFFREY WASSERMAN, M.D., apparently was a resident from the Tallahassee Medical Center, Inc. functioning in your hospital, state the specialty of her residency, and thereupon also the name of the physician who would have been instructing her or directing her or guiding her, based on her specialty. This information is uniquely in the possession of this defendant hospital and should be answered.

# SEE ATTACHED

**INTERROGATORY NO. 22:**

Who at the defendant hospital is the person most knowledgeable concerning the use of the Tallahassee Medical Center's medical residents at the defendant hospital for any purpose, including the insertion of catheters into children? In short, is there a management program? Is there a training program? Who sets the policies and makes the determinations of who will function, while a resident at the Tallahassee Medical Center, and the children's hospital which is the defendant of the action?

# SEE ATTACHED

**INTERROGATORY NO. 23:**

Please state whether a written conformed consent was obtained from any adult acting on behalf of Miracle Weston relative to her treatment on August 20, 1996.

# SEE ATTACHED

**INTERROGATORY NO. 24:**

Please state whether any physician at the hospital verbally informed the parents or any adult relative in whose custody Miracle Weston was placed, of the dangers inherent in the cesarian delivery of Miracle Weston on August 20, 1996.

# SEE ATTACHED

**INTERROGATORY NO. 25:**

If a written conformed consent was not obtained from an adult acting in behalf of Miracle Weston relative to her care and treatment on August 20, 1996, please explain why this was not done.

# SEE ATTACHED

Please state the name, present residential address and telephone number, and present business address and telephone number of all nurses, nurse's aids, helpers, resident physicians, fellows, interns, externs, attendants, technicians or orderly's, who rendered any type of care, treatment or service to Miracle Weston on August 20, 1996.

# SEE ATTACHED

**INTERROGATORY NO. 27:**

Please state that if employees of the Tallahassee Medical Center, Inc. were used to render services to this patient, why their names would not be included on any duty roster and how, if those names were not included on any duty roster, accountability or responsibility could be determined for these individuals.

# SEE ATTACHED

**INTERROGATORY NO. 28:**

Please state whether Tallahassee Medical Center Children's Medical Center, Inc. was covered by a liability insurance policy, or policies, for the negligent care of patients for the period of August 20, 1996, which may provide coverage for the claims alleged in this lawsuit. If so, please state the name and names of the insurance company or companies carrying such insurance, the policy number or numbers of such insurance, and please state as to each insurance policy the primary and excess limits.

# SEE ATTACHED

STATE OF FLORIDA
COUNTY OF _Leon_

    The foregoing document was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 26th day of _July_, 1999, by _Linda Deeb_, who:

    [✓]    is personally known to me; or

    [ ]    has produced_____As identification; and who;

    [ ]    did, or

    [✓]    did not, take an oath

and who executed the within document, and who acknowledged within document to be freely and voluntarily executed for the purposes therein recited.


NOTARY PUBLIC, State of Florida
My Commission Expires:


OFFICIAL NOTARY SEAL
GENEVIEVE C DANVERS
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC593369
MY COMMISSION EXP. OCT. 14,2000

Jul-28-98 01:56pm From-TCH ADMINISTRATION

# HEALTH CARE INDEMNITY, INC.

Your One Source for Quality Healthcare

One Park Plaza
Nashville, TN 37203
615/340-5851
FAX. 615/340-5889

## CERTIFICATE OF INSURANCE
January 1, 1996
No. 96-0058

This is to Certify to:
(Name of Certificate Holder)

Tallahassee Community Hospital - 30954
2626 Capital Medical Blvd.
Tallahassee, FL 32308

that the described insurance coverages as provided by the indicated policy has been issued to:

Named Insured:
Address:

Columbia/HCA Healthcare Corporation, and affiliated and subsidiary corporations existing now or hereafter created
One Park Plaza
Nashville, TN 37202-0550

The Policy identified below by a policy number is in force on the date of Certificate issuance. Insurance is afforded only with respect to those coverages for which a specific limit of liability has been entered and is subject to all the terms of the Policy having reference thereto. This Certificate of Insurance neither affirmatively nor negatively amends, extends or alters the coverage afforded under any policy identified herein.

| Policy Number | Policy Period |
|---|---|
| HCI - 10196 | Eff. 1-1-96 |
| | Exp. 1-1-97 |

| TYPE OF INSURANCE | LIMITS OF LIABILITY | |
|---|---|---|
| Comprehensive General Liability <br> • Bodily Injury <br> • Property Damage <br> • Products and Completed Operations <br> • Personal and Advertising Injury | $10,000,000 | Each and Every Occurrence |
| | None | Aggregate |
| Health Care Professional Liability | $10,000,000 | Each and Every Occurrence |
| | None | Aggregate |

Special Conditions/Other Coverages: The Named Insured includes Tallahassee Community Hospital.

Cancellation: Should any of the above described policies be cancelled before the expiration date thereof, the issuing company will endeavor to mail nc days written notice to the above named certificate holder, but failure to mail such notice shall impose no obligation or liability of any kind upon the company.

_____
Countersigned (Authorized Signature)

_James D. Hinton_
Authorized Signature

An Affiliate of Columbia/HCA Healthcare Corporation

42117-3/mgm

IN THE CIRCUIT COURT OF THE 2ND JUDICIAL CIRCUIT IN AND FOR GADSDEN COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 99-333C-AB

GENELZA WESTON, individually, and as
Personal Representative of the Estate
of Miracle N. Weston,

     Plaintiff,

v.

TALLAHASSEE MEDICAL CENTER,
INC., d/b/a TALLAHASSEE
COMMUNITY HOSPITAL; LEATON
HALL, M.D.; JEFFREY
WASSERMAN, M.D.; JESSIE
FURLOW, M.D.; KHAN ASNER,
M.D.; GADSDEN COMMUNITY
HOSPITAL (HEALTHMARK OF QUINCY, INC.,
AND MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC. d/b/a
GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,

     Defendants.

_____/

FILED FOR RECORD '99 JUL 29 P5:40

## NOTICE TO PRODUCE COPIES OF DOCUMENTS
## OBTAINED PURSUANT TO FLA. R. CIV. P., 1.351(d)

Defendant, JEFFREY WASSERMAN, D.O., JESSIE FURLOW, M.D., by and through

the undersigned attorneys, hereby requests Defendant, LEATON HALL, M.D., pursuant to

Fla. Civ. P., 1.351(d), to provide the undersigned with legible copies of each and every

CASE NO.:  99-333C-AB

document produced pursuant to Notice of Production from Non-Party and Subpoena Duces

Tecum without Deposition dated **July 10, 1999.**

WE HEREBY CERTIFY that a true copy of the foregoing was mailed July 26, 1999

to:  Paul D. Mark Lucas, Esquire, GARY, WILLIAMS, PARENTI, ET. AL., 221 E.

Osceola, Stuart, FL 34994; Hubert R. Brown, Esquire, BROWN AND BROWN, P.A., 1102

East Tennessee Street, Tallahassee, Florida 32308; Maria Santoro, Esquire, GEORGE,

HARTZ, LUNDEEN, FLAGG & FULMER, P.A., 800 North Calhoun Street, Tallahassee,

Florida 32302; Jeannette M. Andrews, Esquire, FULLER, JOHNSON & FARRELL, P.A.,

111 North Calhoun Street, P.O. Box 1739, Tallahassee, Florida 32302-1739.

WICKER, SMITH, TUTAN, O'HARA,
 McCOY, GRAHAM, & FORD, P.A.
Attorneys    for    DRS.    FURLOW    AND
WASSERMAN
Grove Plaza, Fifth Floor
2900 S.W. 28th Terrace
Miami, FL  33133
Phone: 305-448-3939
Fax: 305-441-1745

By: _____
FREDERICK E. HASTY, III
Florida Bar No. 260606

501709.51

- 2 -

42117-3/mgm

IN THE CIRCUIT COURT OF THE 2ND
JUDICIAL    CIRCUIT    IN    AND    FOR
GADSDEN COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 99-333C-AB

GENELZA WESTON, individually, and as
Personal Representative of the Estate
of Miracle N. Weston,

     Plaintiff,

v.

TALLAHASSEE MEDICAL CENTER,
INC., d/b/a TALLAHASSEE
COMMUNITY HOSPITAL; LEATON
HALL, M.D.; JEFFREY
WASSERMAN, M.D.; JESSIE
FURLOW, M.D.; KHAN ASNER,
M.D.; GADSDEN COMMUNITY
HOSPITAL (HEALTHMARK OF QUINCY, INC.,
AND MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC. d/b/a
GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,

     Defendants.

_____/

FILED FOR RECORD
'99 JUL 29 P5:40

NOTICE TO PRODUCE COPIES OF DOCUMENTS
OBTAINED PURSUANT TO FLA. R. CIV. P., 1.351(d)

     Defendant, JEFFREY WASSERMAN, D.O., JESSIE FURLOW, M.D., by and through

the undersigned attorneys, hereby requests Defendant, LEATON HALL, M.D., pursuant to

Fla. Civ. P., 1.351(d), to provide the undersigned with legible copies of each and every

CASE NO.:  99-333C-AB

document produced pursuant to Notice of Production from Non-Party and Subpoena Duces

Tecum without Deposition heretofore directed to the following:

     1.      **RC/Dr. Todd Patterson**
                **Newborn Care Consultants**

WE HEREBY CERTIFY that a true copy of the foregoing was mailed July 26, 1999

to:  Paul D. Mark Lucas, Esquire, GARY, WILLIAMS, PARENTI, ET. AL., 221 E.

Osceola, Stuart, FL 34994; Hubert R. Brown, Esquire, BROWN AND BROWN, P.A., 1102

East Tennessee Street, Tallahassee, Florida 32308; Maria Santoro, Esquire, GEORGE,

HARTZ, LUNDEEN, FLAGG & FULMER, P.A., 800 North Calhoun Street, Tallahassee,

Florida 32302; Jeannette M. Andrews, Esquire, FULLER, JOHNSON & FARRELL, P.A.,

111 North Calhoun Street, P.O. Box 1739, Tallahassee, Florida 32302-1739.

WICKER, SMITH, TUTAN, O'HARA,
 McCOY, GRAHAM, & FORD, P.A.
Attorneys   for   DRS.   FURLOW   AND
WASSERMAN
Grove Plaza, Fifth Floor
2900 S.W. 28th Terrace
Miami, FL  33133
Phone: 305-448-3939
Fax: 305-441-1745

By: _____ (for)
   FREDERICK E. HASTY, III
   Florida Bar No. 260606

- 2 -

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR GADSDEN COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate
of Miracle N. Weston,

      Plaintiff,

CASE NO.: 99-333C-AB

v.

TALLAHASSEE MEDICAL CENTER,
INC., d/b/a TALLAHASSEE COMMUNITY
HOSPITAL; LEATON HALL, M.D.; JEFFREY
WASSERMAN, M.D.; JESSIE FURLOW, M.D.;
KHAN ASNER, M.D.; GADSDEN COMMUNITY
HOSPITAL (HEALTHMARK OF QUINCY, INC.
and MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER; JOHN and
JANE DOE,

      Defendants.

_____/

### DEFENDANT'S REQUEST FOR COPIES

TO: **Maria Santoro**
**George Hartz et al.**
**P.O. Box 1900**
**Tallahassee, Florida 32303**

Defendant, TALLAHASSEE COMMUNITY HOSPITAL, by and through its undersigned

counsel, hereby requests you furnish copies of any and all documents obtained pursuant to

your Notice of Production from Non-Party dated July 10, 1999.  Defendant agrees to pay the

reasonable cost of preparing the copies upon presentation of a statement of charges.

FULLER, JOHNSON & FARRELL, P.A.

Jeannette M. Andrews, Esq.
Post Office Box 1739
Tallahassee, Florida  32302
Florida Bar No.: 0352896
850/224-4663
Attorney for Defendant,
Tallahassee Community Hospital

*FULLER, JOHNSON & FARRELL, P.A. • ATTORNEYS AT LAW • TALLAHASSEE, FLORIDA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was furnished by United States Mail, postage prepaid, to **Paul D. Mark Lucas, Esquire**, Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Waterside Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210; **Hubert Brown, Esquire,** Brown an Brown, 1102 East Tennessee Street, Tallahassee, Florida 32308; **Maria Santoro, Esquire**, George, Hartz, Jundeen, et al, Post Office Box 1900, Tallahassee, Florida 32301-7732; and **Frederick E. Hasty, III, Esquire**, Wicker, Smith, Tutan, O'Hara, et al, 5th Floor Grove Plaza Building, 2900 Middle Street, Miami, Florida 33133 this the _19_ day of July, 1999.

Jeannette M. Andrews

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

CASE NO. 99-333C-AB

GENELZA WESTON, individually and as
Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D.;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. and MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEALTH
CENTERS, INC., d/b/a GADSDEN MEDICAL
CENTER, a/k/a GADSDEN MEDICAL CENTER,
JOHN and JANE DOE,

        Defendants.

_____/

## ANSWER OF HEALTHMARK OF QUINCY, INC.,

Defendant, Healthmark of Quincy, Inc. ("Healthmark"), through its undersigned

attorneys, answers the First Amended Complaint for Negligence and Medical

Malpractice in correspondingly numbered paragraphs as follows:

    1.    Admitted for jurisdictional purposes only.

    2.    Without knowledge.

    3.    Without knowledge.

    4.    Without knowledge.

5.      Healthmark denies that it has ever been responsible for operating "Gadsden Community Hospital," which is a fictitious name owned by and registered to co-defendant MedTech of North Florida, Inc. ("MedTech").  Healthmark further denies responsibility for operation of the hospital facility in Gadsden County under any name after June 21, 1996.  Otherwise, without knowledge.

6.      Denied.

7.      Without knowledge.

8.      Without knowledge.

9.      Without knowledge.

10.     Without knowledge.

11.     Without knowledge.

12.     Without knowledge.

13.     Without knowledge.

## COMPLIANCE WITH FLORIDA STATUTE §766.106(2)

14.     Healthmark admits receiving a Notice of Intent, which speaks for itself. Otherwise, without knowledge.

15.     Without knowledge.

16.     Without knowledge.

17.     Without knowledge.

18.     Healthmark denies that it is in violation of Section 766.106, Florida Statutes, and admits that its response to the Notice of Intent is attached as Exhibit C to the First Amended Complaint.  The response speaks for itself.  Otherwise, without knowledge.

2

## NOTICE OF POSSIBLE ADDITIONAL DEFENDANTS

19.     Without knowledge.

## FACTS COMMON TO ALL COUNTS

20.     Without knowledge.

21.     Without knowledge.

22.     Without knowledge.

23.     Without knowledge.

24.     Without knowledge.

25.     Without knowledge.

26.     Without knowledge.

## COUNT I

### NEGLIGENCE-JESSE FURLOW, M.D.

Since Count I does not name Healthmark as a defendant, no response from Healthmark is required.

## COUNT II

### NEGLIGENCE-JEFFREY WASSERMAN, M.D.

Since Count II does not name Healthmark as a defendant, no response from Healthmark is required.

## COUNT III

### NEGLIGENCE-NORTH FLORIDA MEDICAL CENTERS, INC. AND/OR GADSDEN MEDICAL CENTER

Since Count III does not name Healthmark as a defendant, no response from Healthmark is required.

## COUNT IV

### NEGLIGENCE-KHAN ASNER, M.D.

Since Count IV does not name Healthmark as a defendant, no response from Healthmark is required.

## COUNT V

### NEGLIGENCE-GADSDEN COMMUNITY HOSPITAL, HEALTHMARK OF QUINCY, INC. AND MEDTECH OF NORTH FLORIDA, INC.

69.     Healthmark realleges its responses to paragraphs 1-3, 5-7, 12-13, and 18-22 as if fully set forth herein.

70.     Denied as to Healthmark.  Otherwise, without knowledge.

71.     Healthmark denies that it has ever been responsible for operating "Gadsden Community Hospital," which is a fictitious name owned by and registered to co-defendant MedTech of North Florida, Inc. ("MedTech").  Healthmark further denies responsibility for operation of the hospital facility in Gadsden County under any name after June 21, 1996.  Otherwise, without knowledge.

72.     Without knowledge.

73.     Denied as to Healthmark.  Otherwise, without knowledge.

74.     Denied as to Healthmark.  Otherwise, without knowledge.

75.     Without knowledge.

76.     Without knowledge.

77.     Without knowledge.

78.     Denied as to Healthmark.  Otherwise, without knowledge.

78 [sic].      Denied as to Healthmark.  Otherwise, without knowledge

79.     Denied as to Healthmark.  Otherwise, without knowledge.

WHEREFORE, Healthmark requests that all claims against it be dismissed and that it be awarded its costs and attorneys fees incurred in defending this action, together with such other relief as the court deems appropriate.

## COUNT VI

## NEGLIGENCE-LEATON HALL, M.D.

Since Count VI does not name Healthmark as a defendant, no response from Healthmark is required.

## COUNT VII

## NEGLIGENCE-TALLAHASSEE COMMUNITY HOSPITAL

Since Count VII does not name Healthmark as a defendant, no response from Healthmark is required.

## ANY ALLEGATION NOT EXPRESSLY ADMITTED IS HEREBY DENIED

## FIRST AFFIRMATIVE DEFENSE

All claims against Healthmark are barred by the applicable statute of limitations.

Respectfully submitted

W. DOUGLAS HALL
Florida Bar Number 0347906
CARLTON, FIELDS, WARD, EMMANUEL,
  SMITH & CUTLER, P.A.
Post Office Drawer 190
Tallahassee, FL 32302-0190
Telephone:      (850) 224-1585
Facsimile:      (850) 222-0398

Attorneys for Healthmark of Quincy, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished by U.S. mail this 2ND, day of August , 1999, to:

Paul D. Mark Lucas, Esq.
Gary, Williams & Parenti, Finney, Lewis,
  McManus, Watson & Sperando
211 E. Osceola Street
Stuart, Florida 34994

Hubert R. Brown, Esq.
Brown & Brown
Attorneys at Law
1102 E. Tennessee St.
Tallahassee, FL 32308

W. Douglas Hall

6

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,

CASE NO.: 99-333C-AB

       Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

       Defendants.
_____/

FILED FOR RECORD
'99 AUG -4  P3:44

## SUMMONS:
## PERSONAL SERVICE ON AN INDIVIDUAL

TO:    Muhammad Anser Khan, M.D.
       2920 Alatka Street
       Miami, Florida 33133

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE:  YOU ARE HEREBY COMMANDED** to serve this
Summons, a copy of the Complaint and Amended Complaint in this lawsuit on the above-named
Defendant.

## IMPORTANT

    A lawsuit has been filed against you.  You have 20 calendar days after this summons is
served on you to file a written response to the attached Complaint in this Court.  A phone call will
not protect you; your written response, including the above case number and named parties, must
be filed if you want the Court to hear your case.  If you do not file your response on time, you may

F: 3022

lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal. existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifis a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

F: 3022

PAUL D. MARK LUCAS
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994
(407) 283-8260
FBN #: 219835

WITNESS my hand and the seal of the Court on *June 23*, 1999

## NICHOLAS THOMAS

Clerk of Circuit and County Courts

(Court Seal)

By: *Betty Sue Sadberry*
DEPUTY CLERK

F: 3022

# LEGAL SUPPORT GROUP

AFF. NO.
**2182**

DATE RECEIVED 06/17/99 – DCR

GENELZA WESTON,
INDIVIDUALLY AND AS
PERSONAL REP. OF THE
ESTATE OF MIRACLE WESTON
VS
TALLAHASSEE MEDICAL
CENTER D/B/A TALLAHASSEE
COMMUNITY HOSPITAL, ET
AL

CASE NO.   99-333C-AB
COURT   CIRCUIT/GADSDEN
HRG. DATE   20 DAYS

TYPE OF WRIT
SUMMONS AND COMPLAINT
1ST AMENDED AND INITIAL
COMPLAINT FOR NEGLIGENCE AND
MEDICAL MALPRACTICE

750 Southeast Third Avenue ★ Suite 201
Fort Lauderdale, Florida 33316
(954) 524-LSGI (5741)
Fax (954) 524-2449

**Return Of Service**
**Affidavit**

TO   KHAN M.D.,MUHAMMAD ASNER

2920 ALATKA STREETR  MIAMI, FL  33133-
RECEIVED THIS WRIT ON  06/17/99
AND ON  07/07/99                    at      8:35P              M., I SERVED IT ON THE WITHIN
NAMED   KHAN M.D.,MUHAMMAD ASNER                                                IN   DADE
COUNTY, FLORIDA

_____   **INDIVIDUAL SERVICE:** By serving upon the within named (Defendant / Witness) a true copy of this writ with the date and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or initial pleading.

___X___   **SUBSTITUTE SERVICE:** By serving a true copy of this writ with the date and hour of service endorsed thereon by me and a copy of Plaintiff's Initial pleading as furnished by the Plaintiff, at the within named (Defendant's Witness) usual place of abode with any person residing therein the age of 15 years or older to wit: _____
_____, or to  AZRA KHAN _____ spouse of defendant, at _____
_____ , or to _____ manager of defendant business _____
_____ and informing such person of their contents pursuant to·  ☐  F.S.48.031._____
☒  F.S. 48.031 (2)(a)   ☐  F.S. 48.031 (2)(b)

_____   **CORPORATE SERVICE:** By serving a true copy of this writ and a copy of Plaintiff's initial pleading to _____
_____ as _____ of said
corporation in the absence of any superior officer as defined in F.S 48.081., or by serving_____
_____ as an employee of defendant corporation in compliance with F.S. 48.081 (3) or by serving
_____ as a registered agent in compliance with F.S 48.091.

_____   **PARTNERSHIP SERVICE:** By serving_____ _____ ,partner, or to _____
_____ a designated employee or person in charge of partnership.

_____   **POSTED:**_____ **COMMERCIAL,** _____ **RESIDENTIAL** _____ **1st ATTEMPT**_____ AM/PM  **2nd ATTEMPT**_____ AM/PM

_____   **NO SERVICE;** For the reason that after diligent search and inquiry failed to find said_____
_____ in _____County, Florida

**COMMENTS:**_____
_____
_____

ATTORNEY:
PAUL D. MARK LUCAS
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS
221 E. OSCEOLA STREET
STUART, FL  34994-

| FEES FOR SERVICE $ | 25.00 |
| --- | --- |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |

Witness Fee  0.00

The foregoing instrument was acknowledged before me this ____
day of _Jurg_ , 19 99 by _M. Harris_ , who is
_____
name and title

personally known to me or has produced _____ type
of ID) as identification and who _____ take an oath.

| TOTAL | 25.00 |
| --- | --- |
| PAID | 0.00 |
| BALANCE | 25.00 |

did or did not

BY: _____

NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK / CCN

Sheriff Appt. No.: 027                F.S. 48..021

ORIGINAL

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR, GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, Individually, and
as Personal Representative of the ESTATE of
MIRACLE N. WESTON,                              CASE NO.: 99-333C-AB
        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D., JEFFREY WASSERMAN, M.D.;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC., AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEALTH CENTERS, INC.,
d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL
CENTER, JOHN and JANE DOE,
        Defendants.
_____/

## MOTION FOR DEFAULT

      COMES NOW, the Plaintiff, GENELZA WESTON, Individually, and as the Personal

Representative of the ESTATE OF MIRACLE N. WESTON, by and through her undersigned

legal counsel, and moves for entry of a default by the Clerk against Defendant, MUHAMMAD

ASNER KHAN, M.D., for failure to serve an Answer to the Complaint or any other paper on the

undersigned within the 20-day period as required by law.  Attached to this Motion, as Exhibit

"A", is the Return of Service Affidavit for service on Muhammad Asner Khan, M.D.

      **DATED** this_4th_ day of August, 1999.

                              **BROWN AND BROWN**
                              **ATTORNEYS AT LAW, P.A.**

                              *Hubert R. Brown*

PAUL D. LUCAS, ESQ.                         HUBERT R. BROWN, ESQ.
GARY, WILLIAMS, PARENTI, FINNEY,            1102 East Tennessee Street
LEWIS, MCMANUS, WATSON & SPERANDO,          Tallahassee, FL 32308
Waterside Professional Building             Fla. Bar No.: 0994110
221 SE Osceola  Street                      For the Firm
Stuart, Florida 34994-2210                  (850) 224-2800
(561) 283-8260
Lead-Counsel For Plaintiff                  Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to **PAUL D. LUCAS, Esquire**, GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO, Waterside Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210, Lead Attorney for Plaintiff; **MARIA A. SANTORO, Esquire**, GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER, 800 North Calhoun Street, Tallahassee, Florida 32302, Attorney for LEATON HALL, JR., M.D.; **JEANNETTE M. ANDREWS, Esquire**, FULLER, JOHNSON & FARRELL, P.A., 111 North Calhoun Street, Post Office Box 1739, Tallahassee, Florida 32302-1739 Attorney for TALLAHASSEE MEDICAL CENTER, INC , d/b/a TALLAHASSEE COMMUNITY HOSPITAL; **FREDRICK E. HASTY, III, Esquire**, WICKER, SMITH, TUTAN, O'HARA, MCCOY, GRAHAM & FORD, P.A., 5th Floor Grove Plaza Building, 2900 Middle Street (S.W. 28th Terrace) Miami, Florida 33133, Attorney for JESSE J. FURLOW M.D., JEFFREY D. WASSERMAN, M.D. and NORTH FLORIDA HEALTH CENTER, INC., d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL CENTER; and **W. DOUGLAS HALL, Esquire**, CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A., Post Office Drawer 190, Tallahassee, Florida 32302-0190, Attorney for HEALTHMARK OF QUINCY, INC., d/b/a GADSDEN MEMORIAL HOSPITAL.

This ___4th___ day of August, 1999.

<div style="text-align:right">

**BROWN AND BROWN**
**ATTORNEYS AT LAW, P.A.**

*Hubert R. Brown*

</div>

PAUL D. LUCAS, ESQ.
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, MCMANUS, WATSON & SPERANDO,
Waterside Professional Building
221 SE Osceola Street
Stuart, Florida 34994-2210
(561) 283-8260
Lead-Counsel For Plaintiff

HUBERT R. BROWN, ESQ.
1102 East Tennessee Street
Tallahassee, FL 32308
Fla. Bar No.: 0994110
For the Firm
(850) 224-2800

Co-Counsel for Plaintiff



**LEGAL SUPPORT GROUP**

750 Southeast Third Avenue ★ Suite 201
Fort Lauderdale, Florida 33316
(954) 524-LSG1 (5741)
Fax (954) 524-2449

AFF. NO.
**2182**

CASE NO. 99-333C-AB
COURT CIRCUIT/GADSDEN
HRG. DATE 20 DAYS

TYPE OF WRIT
SUMMONS AND COMPLAINT
1ST AMENDED AND INITIAL
COMPLAINT FOR NEGLIGENCE AND
MEDICAL MALPRACTICE

DATE RECEIVED 06/17/99 - DCR

GENELIA WESTON,
INDIVIDUALLY AND AS
PERSONAL REP. OF THE
ESTATE OF MIRACLE WESTON
VS.
TALLAHASSEE MEDICAL
CENTER D/B/A TALLAHASSEE
COMMUNITY HOSPITAL, ET
AL

### Return Of Service
### Affidavit

TO KHAN M.D., MUHAMMAD ASHER

2920 ALATKA STREETR   MIAMI, FL   33133-

RECEIVED THIS WRIT ON 06/17/99

AND ON 07/07/99 _____ at 8:35P _____ M., I SERVED IT ON THE WITHIN
NAMED KHAN M.D., MUHAMMAD ASHER _____ IN DADE
COUNTY, FLORIDA

_____ INDIVIDUAL SERVICE: By serving upon the within named (Defendant / Witness) a true copy of this writ with the date
and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or initial pleading

___ I ___ SUBSTITUTE SERVICE: By serving a true copy of this writ with the date and hour of service endorsed thereon by
me and a copy of Plaintiff's initial pleading as furnished by the Plaintiff, at the within named (Defendant's Witness)
usual place of abode with any person residing therein the age of 15 years or older to wit:
_____ , or to AZRA KHAN _____ spouse of defendant, at _____
_____ , or to _____ manager of defendant business _____
_____ and informing such person of their contents pursuant to: ☐ F.S.48.031._____
☒ F.S. 48.031 (2)(a)   ☐ F.S. 48.031 (2)(b)

_____ CORPORATE SERVICE: By serving a true copy of this writ and a copy of Plaintiff's initial pleading to _____
_____ as _____ of said
corporation in the absence of any superior officer as defined in F.S. 48.081., or by serving _____
_____ as an employee of defendant corporation in compliance with F.S. 48.081 (3) or by serving
_____ as a registered agent in compliance with F.S. 48.091.

_____ PARTNERSHIP SERVICE: By serving _____ , partner, or to _____
_____ a designated employee or person in charge of partnership.
_____ POSTED: _____ COMMERCIAL, _____ RESIDENTIAL _____ 1st ATTEMPT _____ AM PM _____ 2nd ATTEMPT _____ AM PM
_____ NO SERVICE: For the reason that after diligent search and inquiry failed to find said _____
_____ in _____ County, Florida
COMMENTS: _____

ATTORNEY:
PAUL D. MARK LUCAS
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS
221 E. OSCEOLA STREET
STUART, FL 34994-

Witness Fee 0.00
The foregoing instrument was acknowledged before me this 12
day of July 19 99 by M. Harris, who is
personally known to me or has produced _____ type
of ID) as identification and who _____ take an oath.

NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK / CCN

PROCESS OF SERVICE   25.00
0.00
0.00
0.00
0.00

TOTAL 25.00
PAID 0.00
BALANCE 25.00

BY: _____
Sheriff Appt. No.: 021   F.S. 48.021

**EXHIBIT**
**"A"**

07 28 '99  WED 14:34  [TX RX NO 7463]  007

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR, GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, Individually, and
as Personal Representative of the ESTATE of
MIRACLE N. WESTON,

CASE NO.: 99-333C-AB

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D., JEFFREY WASSERMAN, M.D.;
JESSIE FURLOW, M.D.; ASNER KHAN, M.D.:
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC., AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEALTH CENTERS, INC.,
d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL
CENTER, JOHN and JANE DOE,

        Defendants.

_____/

## DEFAULT

    A default is hereby entered in this action against the Defendant, MUHAMMAD ASNER

KHAN, M.D., for failure to serve an Answer to the Complaint or file any other paper as required

by law.

    **DATED** this 4th day of August, 1999.

                **NICHOLAS THOMAS**
                **As Clerk of the Court**

                By: Marsha Moore
                    As Deputy Clerk

cc:    Paul D. Lucas, Esq.

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate
of Miracle N. Weston,

      Plaintiff,

v.

                  CASE NO.: 99-333C-AB

TALLAHASSEE MEDICAL CENTER,
INC., d/b/a TALLAHASSEE COMMUNITY
HOSPITAL; LEATON HALL, M.D.; JEFFREY
WASSERMAN, M.D.; JESSIE FURLOW, M.D.;
KHAN ASNER, M.D.; GADSDEN COMMUNITY
HOSPITAL (HEALTHMARK OF QUINCY, INC.
and MEDTECH OF NORTH FLORIDA, INC.);
NORTH FLORIDA HEALTH CENTERS, INC.
d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER; JOHN and
JANE DOE,

      Defendants ,                /

# ORDER re

## TALLAHASSEE COMMUNITY HOSPITAL's
## MOTION TO DISMISS AND/OR TO STRIKE

### and

## LEATON HALL, M.D.'s MOTION TO STRIKE
## PLAINTIFF'S CLAIM FOR LOST SERVICES

THIS MATTER came on to be heard on the parties' motions with Counsel for Plaintiff,,

Counsel for TCH, and Counsel for Dr. Hall present, and Counsel for Drs. Wasserman and Furlow

appeared by phone. The Court, having heard argument of counsel and being otherwise duly

advised in the premises, it is

ORDERED AND ADJUDGED that:

1      The Defendants Motion to Strike the claim of Miracle Weston for pain and suffering,

disability, disfigurement, emotional and psychological damage, loss of capacity for enjoyment of

life, expense of hospitalization, medical care and treatment, a loss of ability to earn money in the

future, and the loss of Genelza Weston of the services of Miracle Weston, are hereby **GRANTED.**
All such references to these elements of damage throughout the Complaint are hereby stricken.

      2      As it relates to Defendants Motion to Dismiss for failure to serve a Notice of Intent
with an accompanying expert affidavit directed to the claims against Tallahassee Community
Hospital, other than for vicarious liability of Dr. Hall, the motion is hereby **GRANTED**.

      The following arguments were made by Plaintiffs and rejected by the Court as being
without merit:

    (a)     Florida Statutes § 766 does not require an expert affidavit directed towards nurses;

    (b)     Plaintiff's relied on Davis v. Orlando Regional Medical Center, 654 So. 2d 664 (Fla. 3d DCA 1995) for the proposition that the expert affidavit does not have to delineate how the defendants were negligent;

    (c)     that, if there was a failure of the plaintiff's expert affidavit to specifically set forth allegations against Tallahassee Community Hospital other than for the vicarious liability of Dr. Hall, said failure was waived by Tallahassee Community Hospital's failure to make a representative available for an unsworn statement during pre-suit, notwithstanding the plaintiff's request; and

    (d)     that the case law precedent provided for amendment of the plaintiff's expert affidavit rather than dismissal.

      Defendants response to those arguments was as follows:

    (a)     the requirements of Chapter 766 do apply to hospitals when sued for the actions of its nursing staff and do require an expert affidavit;

    (b)     Davis v. Orlando Regional Medical Center does not support the Plaintiff's argument;

    (c)     Defendant asserts that the request was met with the response, in pre-suit, that Plaintiff coordinate the statement with Defendant's counsel, but that no further effort to schedule the statement occurred; and

    (d)     Plaintiff's request for amendment is untimely insofar as the statute of limitations has expired on the claims that Plaintiff now seeks to incorporate into a new affidavit and Notice of Intent.

DONE AND ORDERED in chambers, at _____*Quincy*_____, Florida, this 6th day of *August*, 1999.

_____
The Hon. P. Kevin Davey

conformed copies sent this 6th day
of _____*August*_____, 1999,

Paul D. Mark Lucas
Hubert Brown
Maria Santoro
Frederick E. Hasty, III
Michael E. Riley
Jeannette M. Andrews

by _____
Judicial Assistant

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR
GADSDEN COUNTY, FLORIDA.

GENELZA WESTON, individually, and as
Personal Representative of the Estate
of Miracle N. Weston,

GENERAL JURISDICTION DIVISION
CASE NO. 99-333C-AB

Plaintiff,

v.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN,
M.D.; JESSIE FURLOW, M.D., KHAN ASNER, M.D.
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC., AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEALTH CENTER,
INC., d/b/a GADSDEN MEDICAL CENTER, a/k/a
GADSDEN MEDICAL CENTER, JOHN and JANE DOE,

Defendants.

_____/

## **NOTICE OF APPEARANCE**

Defendant, NORTH FLORIDA MEDICAL CENTER, INC., hereby gives

notice of the appearance of Craig A. Dennis of the law firm of Dennis & Bowman,

P.A., Post Office Box 15589, Tallahassee, FL 32317-5589, as counsel of record

on behalf of said Defendant.

DENNIS & BOWMAN, P.A.

BY_____
Craig A. Dennis
Post Office Box 15589
Tallahassee, FL 32317-5589
(850) 422-3345
Attorneys for Defendant,
NORTH FLORIDA MEDICAL
CENTER, INC.

DENNIS &
BOWMAN, P.A.
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been furnished by U.S. Mail to the following named individuals on this 12th day of August, 1999:

Paul D. Lucas
221 E. Osceola
Stuart, FL 34994

Hubert R. Brown
1102 E. Tennessee Street
Tallahassee, FL 32308

Maria Santoro
800 N. Calhoun Street
Tallahassee, FL 32302

Jeannette M. Andrews
111 N. Calhoun Street
Tallahassee, FL 32302-1739

Frederick E. Hasty, III
Grove Plaza, Fifth Floor
2900 S.W. 28th Terrace
Miami, FL 33133

Craig A. Dennis

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR
GADSDEN COUNTY, FLORIDA.

CASE NO. 99-333C-AB

FLORIDA BAR NO. 654809

GENELZA WESTON, individually and as
Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC., d/b/a
TALLAHASSEE COMMUNITY HOSPITAL; LEATON HALL, M.D.,
JEFFREY WASSERMAN, M.D., JESSIE FURLOW, M.D.,
KHAN ASNER, M.D., GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC., and MEDTECH OF NORTH
FLORIDA, INC.), NORTH FLORIDA HEALTH CENTER, INC.,
d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL
CENTER, JOHN and JANE DOE,

        Defendants.

_____/

### NOTICE OF COMPLIANCE TO REQUEST FOR COPIES OF DOCUMENTS OBTAINED PURSUANT TO RULE 1.351

The Defendant, Leaton Hall, M.D., appearing by and through his undersigned counsel, hereby give notice of compliance with Plaintiff's Request for Copies, dated May 25, 1999, of documents received pursuant to Subpoena Duces Tecum without Deposition directed to:

1. WalMart Pharmacy - No records received

2. Tallahassee Memorial Regional Medical Center

3. Tallahassee Neurological Clinic - No records received

4. Gadsden Emergency Medical Services

5. Dr. Todd Patterson

6. Gadsden Medical Center

7.   Gadsden Community Hospital

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 24 day of August, 1999 to PAUL D. MARK LUCAS, ESQUIRE, 221 East Osceola Street, Stuart, Florida 34994; HUBERT R. BROWN, ESQUIRE, 1102 East Tennessee Street, Tallahassee, Florida 32308; JEANNETT M. ANDREWS, ESQUIRE, 111 North Calhoun Street, Post Office Box 1739, Tallahassee, Florida 32302; FREDERICK E. HASTY, III, ESQUIRE, 2900 Middle Street (S.W. 28th Terrace) Miami, Florida 33133.

GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER
Attorneys for Defendant Hall
800 North Calhoun Street
Post Office Box 1900
Tallahassee, Florida 32301-1900
(850) 224-5252
(850) 222-3082 Facsimile


MARIA A. SANTORO
Florida Bar No. 654809

## RETURN OF SERVICE

| 2ND JUDICIAL CIRCUIT | GADSDEN COUNTY, FLORIDA | CASE # 99-333C-AB |
|---|---|---|

*MEDTECH OF NORTH FLORIDA, INC.*
*d/b/a GADSDEN COMMUNITY HOSPITAL*
By Serving its Registered Agent
<u>WILLIAM O. HARDY, JR.</u>
TO BE SERVED

SUMMONS (20 DAY)
FIRST AMENDED COMPLAINT
PETITION FOR AUTO. 90 DAY EXT.
ORDER APPOINTING PERSONAL REP.
LETTERS OF ADMINISTRATION

416 COLLINSFORD RD.
<u>TALLAHASSEE, FL 32301</u>
ADDRESS

COURT DATE: N/A
COURT TIME: N/A

<u>GENELZA WESTON etc. et al.</u>
PLAINTIFF/PETITIONER

<u>TALLAHASSEE MEDICAL CENTER, INC. etc. et al.</u>
DEFENDANT/RESPONDENT

PLAINTIFF/ATTORNEY: PAUL D. MARK LUCAS, ESQUIRE
221 E. OSCEOLA ST.
STUART, FL 34994

Received this writ on AUG. 19, 1999 and served the same on AUG. 20, 1999 at 11:38 a.m.
in Leon County, FL as follows:

### METHOD OF SERVICE

**Corporate Service**
**on a Registered Agent:**
By delivering a true copy of this writ, together with the
initial pleading with the date and hour of service endorsed
thereon by me to: <u>WILLIAM O. HARDY, JR.</u> as registered agent
of the within-named corporation according to F.S. 48.081 (3).
PLEASE NOT CORRECTED ADDRESS ABOVE FOR MR. HARDY.

<u>Chris J. Colson</u>
SHERIFF APPOINTED SPECIAL PROCESS SERVER #18

I certify that at the time of service, I placed on the face of that process my
printed name, signature, identification number, a statement that I am a Special Process
Server in and for Leon County, Florida; that I endorsed on all copies served, the date
and hour of service.

Under penalties of perjury, I declare that I have read the foregoing
Return of Service, and that the facts stated in it are true.

SPECIAL PROCESS SERVER IN AND FOR
LEON COUNTY, FLORIDA
APPOINTED PURSUANT TO F.S. 48.021
NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

LEGAL SUPPORT GROUP
750 SE THIRD AVE., SUITE 201
FT. LAUDERDALE, FL 33316
954-524-5741

3089

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and          CASE NO.: 99-333C-AB
as Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.

        Defendants.
_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:**

**GREETINGS:**

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint
and Amended Complaint in the above styled cause upon the Defendant:

Registered Agent: Mr. William O. Hardy, Jr.
Medtech of North Florida, Inc. d/b/a Gadsden Community Hospital
3375-H Capital Circle NW
Tallahassee, Florida 32312

F: 3031

Rcvd _8/19/99_ at _150 P_ .m and
Srvd _8 p-o/99_ at _1138 A_ .m by

_____ Chris J. Colson # 18
Special Process Server Leon County, Florida



## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del receibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como Plaintiff/Plaintiff's attorney (demandante o abogado del demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au Plaintiff/Plaintiff's attorney (plaignant ou a son avocat) nomme ci-dessous.

F: 3021

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

> Paul D. Mark Lucas, Esquire
> Waterside Professional Building
> 221 E. Osceola Street
> Stuart, Florida  34994
> (561) 283-8260
> FBN #219835

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

In accordance with the Americans with Disability Act, persons with disabilities needing a special accommodation to participate in these proceedings should contact the Court Administrator at Court Administrator Phone (850) 488-1357, no later than seven (7) days prior to proceedings.  If hearing impaired, (TDD) 1/800/955-8771 or Voice 1/800/955-8770 via Florida Relay Service.

DATED _Aug. 17_, 1999


**NICHOLAS THOMAS**
Clerk of Circuit and County Courts

(Court Seal)                    By:

                                     _Betty Sue Sadberry_
                                     DEPUTY CLERK

F: 3021

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR
GADSDEN COUNTY, FLORIDA.

CASE NO. 99-333C-AB

FLORIDA BAR NO. 654809

GENELZA WESTON, individually and as
Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC., d/b/a
TALLAHASSEE COMMUNITY HOSPITAL; LEATON HALL, M.D.,
JEFFREY WASSERMAN, M.D., JESSIE FURLOW, M.D.,
KHAN ASNER, M.D., GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC., and MEDTECH OF NORTH
FLORIDA, INC.), NORTH FLORIDA HEALTH CENTER, INC.,
d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL
CENTER, JOHN and JANE DOE,

        Defendants.

_____/

### NOTICE OF COMPLIANCE TO REQUEST FOR COPIES
### OF DOCUMENTS OBTAINED PURSUANT TO RULE 1.351

The Defendant, Leaton Hall, M.D., appearing by and through his
undersigned counsel, hereby give notice of compliance with
Plaintiff's Request for Copies, dated July 21,1999, of documents
received pursuant to Subpoena Duces Tecum without Deposition
directed to:

    1.   Records Custodian
       Dr. Todd Patterson
       Newborn Care Consultants
       1401 Centerville Road, Suite 503
       Tallahassee, Florida 32308

WE HEREBY CERTIFY that a true and correct copy of the
foregoing has been furnished by U.S. Mail this 22 day of
September, 1999 to PAUL D. MARK LUCAS, ESQUIRE, 221 East Osceola

Street, Stuart, Florida 34994; HUBERT R. BROWN, ESQUIRE, 1102 East

Tennessee Street, Tallahassee, Florida 32308; JEANNETT M. ANDREWS,

ESQUIRE, 111 North Calhoun Street, Post Office Box 1739,

Tallahassee, Florida 32302; FREDERICK E. HASTY, III, ESQUIRE, 2900

Middle Street (S.W. 28th Terrace) Miami, Florida 33133.

> GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER
> Attorneys for Defendant Hall
> 800 North Calhoun Street
> Post Office Box 1900
> Tallahassee, Florida 32301-1900
> (850) 224-5252
> (850) 222-3082 Facsimile
>
> _____
> MARIA A. SANTORO
> Florida Bar No. 654809

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, individually and
as Personal Representative of the Estate of
Miracle N. Weston,
          Plaintiff,
vs.

TALLAHASSEE MEDICAL CENTER, INC.
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
LEATON HALL, M.D.; JEFFREY WASSERMAN, M.D;
JESSIE FURLOW, M.D.; KHAN ASNER, M.D.;
GADSDEN COMMUNITY HOSPITAL (HEALTHMARK
OF QUINCY, INC. AND MEDTECH OF NORTH
FLORIDA, INC.); NORTH FLORIDA HEATH
CENTERS, INC. d/b/a  GADSDEN MEDICAL
CENTER, aka GADSDEN MEDICAL CENTER, JOHN
and JANE DOE,.
          Defendants.
                                              /

CASE NO.: 99-333C-AB

FILED FOR RECORD
'99 SEP 28 A8 :50

## REQUEST FOR COPIES

      COMES NOW the Plaintiff, by and through her undersigned counsel, and requests copies
of all documents obtained by Defendant, LEATON HALL, M.D., pursuant to Defendant's
Notice of Production directed to Non-Parties dated May 18, 1999, with attached Subpoenas
Duces Tecum directed to:
1.     Records Custodian
       Walmart Pharmacy
2.     Records Custodian
       Tallahassee Memorial Regional Medical Center
3.     Records Custodian
       Tallahassee Neurological Clinic
4.     Records Custodian
       Gadsden Emergency Medical Services
5.     Records Custodian
       Dr. Todd Patterson
6.     Records Custodian
       Gadsden Medical Center
7.     Records Custodian
       Gadsden Community Hospital


      Plaintiff has no objection to the production of documents from

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by US Mail this 22nd day of September, 1999 to: Jeannette M. Andrews, Esq. Fuller, Johnson & Farrell, P.A.Attorneys at Law,,Post Office Box 1739,Tallahassee, Florida 32302 and Maria A. Santoro, Esq., George, Hartz, Lundeen, Flagg & Fulmer, Post Office Box 1900, Tallahassee, Florida 32302-1900, Frederick E. Hasty, III, Esq., Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., 5th Floor Grove Plaza Building, 2900 Middle Street, Miami, Florida 33133.

Thomas J. Brown, Esq.,
BROWN & BROWN, Attorneys at Law, P.A.
1102 East Tennessee Street
Tallahassee, Florida  32308.

Gary; Williams; Parenti; Finney; Lewis;
221 E. Osceola Street
Stuart; FL 34994
(561)283-8260
Attorney for Plaintiff

Linda Elise Capobianco
Florida Bar # 121916

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR
GADSDEN COUNTY, FLORIDA.

CASE NO. 99-333C-AB

GENELZA WESTON, individually and as
Personal Representative of the Estate of
Miracle N. Weston,

        Plaintiff,

vs.

TALLAHASSEE MEDICAL CENTER, INC., d/b/a
TALLAHASSEE COMMUNITY HOSPITAL; LEATON HALL, M.D.,
JEFFREY WASSERMAN, M.D., JESSIE FURLOW, M.D.,
KHAN ASNER, M.D., GADSDEN COMMUNITY HOSPITAL
(HEALTHMARK OF QUINCY, INC., and MEDTECH OF NORTH
FLORIDA, INC.), NORTH FLORIDA HEALTH CENTER, INC.,
d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL
CENTER, JOHN and JANE DOE,

        Defendants.

---

## NOTICE OF COMPLIANCE TO REQUEST FOR COPIES
## OF DOCUMENTS OBTAINED PURSUANT TO RULE 1.351

The Defendant, Leaton Hall, M.D., appearing by and through
his undersigned counsel, hereby give notice of compliance with
Defendant, Tallahassee Community Hospital's Requests for Copies,
dated May 14, 1999 and July 14, 1999, of documents received
pursuant to Subpoena Duces Tecum without Deposition directed to:

    1.    Wal Mart Pharmacy – attached.

    2.    Tallahassee Memorial Regional Medical Center –
        attached.

    3.    Tallahassee Neurologic Clinic – attached.

    4.    Newborn Care Consultants, P.A. – Attached.

5.    Gadsden County EMS - attached.

6.    Gadsden Community Hospital - previously provided.

7.    Gadsden Medical Center - previously provided.

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 15 day of October, 1999 to PAUL D. MARK LUCAS, ESQUIRE, 221 East Osceola Street, Stuart, Florida 34994; HUBERT R. BROWN, ESQUIRE, 1102 East Tennessee Street, Tallahassee, Florida 32308; JEANNETTE M. ANDREWS, ESQUIRE, 111 North Calhoun Street, Post Office Box 1739, Tallahassee, Florida 32302; FREDERICK E. HASTY, III, ESQUIRE, 2900 Middle Street (S.W. 28th Terrace) Miami, Florida 33133.

GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER
Attorneys for Defendant Hall
800 North Calhoun Street
Post Office Box 1900
Tallahassee, Florida 32301-1900
(850) 224-5252
(850) 222-3082 Facsimile

By: _____
MARIA A. SANTORO
Florida Bar No. 654809

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR, GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, Individually, and
as Personal Representative of the ESTATE of
MIRACLE N. WESTON,

                                CASE NO.: 99-333C-AB

        Plaintiff,

vs.

HEALTHMARK OF QUINCY, INC., d/d/a GADSDEN
MEMORIAL HOSPITAL; COLUMBIA HEALTH CARE,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
MEDTECH OF NORTH FL., INC., d/b/a GADSDEN
COMMUNITY HOSPITAL; NORTH FLORIDA
MEDICAL CENTERS, INC., d/b/a GADSDEN MEDICAL
CENTER; JEFFERY WASSERMAN, M.D.; ANSER M. KHAN, M.D.;
LEATON HALL, JR., M.D., JESSIE V. FURLOW, M.D.;
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER,
INC., and GADSDEN EMERGENCY MEDICAL SERVICES,



        Defendants.

_____/

## MOTION FOR DEFAULT

        COMES NOW, the Plaintiff, GENELZA WESTON, Individually, and as the Personal

Representative of the ESTATE OF MIRACLE N. WESTON, by and through her undersigned

legal counsel, and moves for entry of a default by the Clerk against Defendant, JESSE J.

FURLOW, M.D., for failure to serve an Answer to the Complaint or any other paper on the

undersigned within the 20-day period as required by law or before expiration of the last extension

period agreed to by Plaintiff's counsel. Attached to this Motion, as Exhibit "A", is the Return of

Service Affidavit for service on Jesse J. Furlow, M.D.

**DATED** this _10th_ day of November, 1999.

BROWN AND BROWN
ATTORNEYS AT LAW, P.A.

_Hubert R. Brown_

PAUL D. LUCAS, ESQ.
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, MCMANUS, WATSON & SPERANDO,
Waterside Professional Building
221 SE Osceola Street
Stuart, Florida 34994-2210
(561) 283-8260
Lead-Counsel For Plaintiff

HUBERT R. BROWN, ESQ.
1102 East Tennessee Street
Tallahassee, FL 32308
Fla. Bar No.: 0994110
For the Firm
(850) 224-2800

Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to **PAUL D. LUCAS, Esquire**, GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO, Waterside Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210, Lead Attorney for Plaintiff; **MARIA A. SANTORO, Esquire**, GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER, 800 North Calhoun Street, Tallahassee, Florida 32302, Attorney for LEATON HALL, JR., M.D.; **JEANNETTE M. ANDREWS, Esquire**, FULLER, JOHNSON & FARRELL, P.A., 111 North Calhoun Street, Post Office Box 1739, Tallahassee, Florida 32302-1739 Attorney for TALLAHASSEE MEDICAL CENTER, INC., d/b/a TALLAHASSEE COMMUNITY HOSPITAL; **FREDRICK E. HASTY, III, Esquire**, WICKER, SMITH, TUTAN, O'HARA, MCCOY, GRAHAM & FORD, P.A., 5th Floor Grove Plaza Building, 2900 Middle Street (S.W. 28th Terrace) Miami, Florida 33133, Attorney for JESSE J. FURLOW M.D., JEFFREY D. WASSERMAN, M.D.; **CRAIG A. DENNIS, Esquire**, DENNIS & BOWMAN, 2367 Centerville Road, P.O. Box 15589, Tallahassee, Florida 32317-5589, Attorney for NORTH FLORIDA HEALTH CENTER, INC., d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL CENTER; and **W. DOUGLAS HALL, Esquire**, CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A., Post Office Drawer 190, Tallahassee, Florida 32302-0190, Attorney for HEALTHMARK OF QUINCY, INC., d/b/a GADSDEN MEMORIAL HOSPITAL.

This _10_th_ day of November, 1999.

BROWN AND BROWN
ATTORNEYS AT LAW, P.A.

_Hubert R. Brown_

HUBERT R. BROWN, ESQ.
1102 East Tennessee Street
Tallahassee, FL 32308
Fla. Bar No.: 0994110
For the Firm
(850) 224-2800

PAUL D. LUCAS, ESQ.
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, MCMANUS, WATSON & SPERANDO,
Waterside Professional Building
221 SE Osceola Street
Stuart, Florida 34994-2210
(561) 283-8260
Lead-Counsel For Plaintiff

Co-Counsel for Plaintiff



**LEGAL SUPPORT GROUP**

GARY WILLIAMS ET AL
P. 05

**EXHIBIT**

A

AFF. NO.
**2185**

| | |
|---|---|
| CASE NO. | 99-333C-AB |
| COURT | CIRCUIT/GADSDEN |
| HRG DATE | 20 DAYS |

Unit RECEIVED 06/17/99 - DCR

GENELZA WESTON,
INDIVIDUALLY AND AS
PERSONAL REP. OF THE
ESTATE OF MIRACLE WESTON

VS

TALLAHASSEE MEDICAL
CENTER D/B/A TALLAHASSEE
COMMUNITY HOSPITAL, ET
AL

750 Southeast Third Avenue ✦ Suite 201
Fort Lauderdale, Florida 33316
(954) 524-LSG1 (5741)
Fax (954) 524-2449

TYPE OF WRIT
SUMMONS AND COMPLAINT
1ST AMENDED AND INITIAL
COMPLAINT FOR NEGLIGENCE AND
MEDICAL MALPRACTICE

## Return Of Service
## Affidavit

TO FURLOW M.D., JESSE J.

ROUTE 6 BOX 420H   QUINCY, FL   32351

RECEIVED THIS WRIT ON   06/17/99

AND ON   06/24/99   NAMED   FURLOW M.D., JESSE J.   at   4:10 P   M. I SERVED IT ON THE WITHIN IN

COUNTY FLORIDA

_____ INDIVIDUAL SERVICE: By serving upon the within named (Defendant / Witness) a true copy of this writ with the date and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or initial pleading

_____ SUBSTITUTE SERVICE: By serving a true copy of this writ with the date and hour of service endorsed thereon by me and a copy of Plaintiff's initial pleading as furnished by the Plaintiff, at the within named (Defendant's Witness) usual place of abode with any person residing therein the age of 15 years or older to wit: _____
_____, or to _____ spouse of defendant, at _____
_____, or to _____ manager of defendant business _____
_____ and informing such person of their contents pursuant to. ☐ F.S.48.031 _____
☐ F.S. 48.031 (2)(a)   ☐ F.S. 48.031 (2)(b)

_____ CORPORATE SERVICE: By serving a true copy of this writ and a copy of Plaintiff's initial pleading to _____
_____ as _____ of said
corporation in the absence of any superior officer as defined in F.S. 48.081., or by serving _____
_____ as an employee of defendant corporation in compliance with F.S. 48.081 (3) or by serving
_____ as a registered agent in compliance with F.S. 48.091.

_____ PARTNERSHIP SERVICE: By serving _____, partner, or to _____
_____ a designated employee or person in charge of partnership.
POSTED: _____ COMMERCIAL, _____ RESIDENTIAL _____ 1st ATTEMPT _____ AM PM _____ 2nd ATTEMPT _____ AM PM
_____ NO SERVICE: For the reason that after diligent search and inquiry failed to find said _____
_____ in _____ County, Florida.

COMMENTS: _____

ATTORNEY:
PAUL D. PARK LUCAS
BABY, WILLIAMS, PARENTI, FINNEY, LEWIS
221 E. OSCEOLA STREET
STUART, FL 34994-

| FEES ON SERVICE $ | 55.00 |
|---|---|
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |

Witness Fee _____ 0.00

| TOTAL | 55.00 |
|---|---|
| PAID | 0.00 |
| BALANCE | 55.00 |

The foregoing instrument was acknowledged before me this _____
day of _____ 19 __ by _____ who is
name and title
personally known to me or has produced _____ type
of I.D. as identification and who _____ take an oath.
did or did not

NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK / CCN

BY: _____

Sheriff Appt. No : _____   F.S. 48.021

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR, GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, Individually, and
as Personal Representative of the ESTATE of
MIRACLE N. WESTON,

                                      CASE NO.: 99-333C-AB

        Plaintiff,

vs.

HEALTHMARK OF QUINCY, INC., d/d/a GADSDEN
MEMORIAL HOSPITAL; COLUMBIA HEALTH CARE,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
MEDTECH OF NORTH FL., INC., d/b/a GADSDEN
COMMUNITY HOSPITAL; NORTH FLORIDA
MEDICAL CENTERS, INC., d/b/a GADSDEN MEDICAL
CENTER; JEFFERY WASSERMAN, M.D.; ANSER M. KHAN, M.D.;
LEATON HALL, JR., M.D., JESSIE V. FURLOW, M.D.;
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER,
INC., and GADSDEN EMERGENCY MEDICAL SERVICES,
        Defendants.

_____/

## DEFAULT

    A default is hereby entered in this action against the Defendant, JESSE J. FURLOW,

M.D., for failure to serve an Answer to the Complaint or file any other paper as required by law.

    **DATED** this _10th_ day of November, 1999.

                                  **NICHOLAS THOMAS**
                                  **As Clerk of the Court**

                              By: _Betty Sue Sadberry_
                                    As Deputy Clerk

cc:    Paul D. Lucas, Esq.



IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR, GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, Individually, and
as Personal Representative of the ESTATE of
MIRACLE N. WESTON,

                                                  CASE NO.: 99-333C-AB

Plaintiff,

vs.

HEALTHMARK OF QUINCY, INC., d/d/a GADSDEN
MEMORIAL HOSPITAL; COLUMBIA HEALTH CARE,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
MEDTECH OF NORTH FL., INC., d/b/a GADSDEN
COMMUNITY HOSPITAL; NORTH FLORIDA
MEDICAL CENTERS, INC., d/b/a GADSDEN MEDICAL
CENTER; JEFFERY WASSERMAN, M.D.; ANSER M. KHAN, M.D.;
LEATON HALL, JR., M.D., JESSIE V. FURLOW, M.D.;
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER,
INC., and GADSDEN EMERGENCY MEDICAL SERVICES,

Defendants.

_____/

## MOTION FOR DEFAULT

COMES NOW, the Plaintiff, GENELZA WESTON, Individually, and as the Personal

Representative of the ESTATE OF MIRACLE N. WESTON, by and through her undersigned

legal counsel, and moves for entry of a default by the Clerk against Defendant, JEFFEREY D.

WASSERMAN, M.D., for failure to serve an Answer to the Complaint or any other paper on the

undersigned within the 20-day period as required by law or before expiration of the last extension

period agreed to by Plaintiff's counsel. Attached to this Motion, as Exhibit "A", is the Return of

Service Affidavit for service on Jefferey D. Wasserman, M.D.

**DATED** this _10 th_ day of November, 1999.

BROWN AND BROWN
ATTORNEYS AT LAW, P.A.

PAUL D. LUCAS, ESQ.
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON & SPERANDO,
Waterside Professional Building
221 SE Osceola Street
Stuart, Florida 34994-2210
(561) 283-8260

HUBERT R. BROWN, ESQ
1102 East Tennessee Street
Tallahassee, FL 32308
Fla. Bar No.: 0994110
For the Firm
(850) 224-2800

Lead-Counsel For Plaintiff

Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to **PAUL D. LUCAS, Esquire**, GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO, Waterside Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210, Lead Attorney for Plaintiff; **MARIA A. SANTORO, Esquire**, GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER, 800 North Calhoun Street, Tallahassee, Florida 32302, Attorney for LEATON HALL, JR., M.D.; **JEANNETTE M. ANDREWS, Esquire**, FULLER, JOHNSON & FARRELL, P.A., 111 North Calhoun Street, Post Office Box 1739, Tallahassee, Florida 32302-1739 Attorney for TALLAHASSEE MEDICAL CENTER, INC., d/b/a TALLAHASSEE COMMUNITY HOSPITAL; **FREDRICK E. HASTY, III, Esquire**, WICKER, SMITH, TUTAN, O'HARA, MCCOY, GRAHAM & FORD, P.A., 5th Floor Grove Plaza Building, 2900 Middle Street (S.W. 28th Terrace) Miami, Florida 33133, Attorney for JESSIE V. FURLOW, M.D., JEFFREY D. WASSERMAN, M.D.; **CRAIG A. DENNIS, Esquire**, DENNIS & BOWMAN, 2367 Centerville Road, P.O. Box 15589, Tallahassee, Florida 32317-5589, Attorney for NORTH FLORIDA HEALTH CENTER, INC., d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL CENTER; and **W. DOUGLAS HALL, Esquire**, CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A., Post Office Drawer 190, Tallahassee, Florida 32302-0190, Attorney for HEALTHMARK OF QUINCY, INC., d/b/a GADSDEN MEMORIAL HOSPITAL.

This _10ᵗʰ_ day of November, 1999.

BROWN AND BROWN
ATTORNEYS AT LAW, P.A.

_Hubert R. Brown_

PAUL D. LUCAS, ESQ.
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, MCMANUS, WATSON & SPERANDO,
Waterside Professional Building
221 SE Osceola Street
Stuart, Florida 34994-2210
(561) 283-8260
Lead-Counsel For Plaintiff

HUBERT R. BROWN, ESQ.
1102 East Tennessee Street
Tallahassee, FL 32308
Fla. Bar No.: 0994110
For the Firm
(850) 224-2800

Co-Counsel for Plaintiff

P.03

EXHIBIT

A

AFF. NO. 2183

DATE RECEIVED 06/17/99 - DCR

GENELZA WESTON, INDIVIDUALLY AND AS PERSONAL REP. OF THE ESTATE OF MIRACLE WESTON

VS.

TALLAHASSEE MEDICAL CENTER D/B/A TALLAHASSEE COMMUNITY HOSPITAL, ET AL

**LEGAL SUPPORT GROUP**

750 Southeast Third Avenue ☆ Suite 201
Fort Lauderdale, Florida 33316
(954) 524-LSG1 (5741)
Fax (954) 524-2440

CASE NO  99-333C-AB
COURT  CIRCUIT/BRADSDEN
HRG. DATE  20 DAYS

TYPE OF WRIT
SUMMONS AND COMPLAINT
1ST AMENDED AND INITIAL
COMPLAINT FOR NEGLIGENCE AND
MEDICAL MALPRACTICE

### Return Of Service
### Affidavit

TO  WASSERMANN D.O., JEFFREY D.

174 VILLAS COURT NORTHEAST  TALLAHASSEE, FL  32303-

RECEIVED THIS WRIT ON  06/17/99

AND ON  JEB 23/99  WASSERMANN D.O., JEFFREY D.  at _____ 10:10A _____ M. ' SERVED IT ON THE WITHIN NAMED _____ IN _____

COUNTY, FLORIDA

_____ **INDIVIDUAL SERVICE:** By serving upon the within named (Defendant / Witness) a true copy of this writ with the date and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or initial pleading

_____ **SUBSTITUTE SERVICE:** By serving a true copy of this writ with the date and hour of service endorsed thereon by me and a copy of Plaintiff's initial pleading as furnished by the Plaintiff, at the within named (Defendant's Witness) usual place of abode with any person residing therein the age of 15 years or older to wit: _____, or to _____ spouse of defendant, at _____ , or to _____ manager of defendant business _____ and informing such person of their contents pursuant to  ☐ F.S 48.031 _____

☐ F.S. 48.031 (2)(a)  ☐ F.S 48.031 (2)(b)

_____ **CORPORATE SERVICE:** By serving a true copy of this writ and a copy of Plaintiff's initial pleading to _____ as _____ of said corporation in the absence of any superior officer as defined in F.S. 48.081 , or by serving _____ as an employee of defendant corporation in compliance with F.S. 48.081 (3) or by serving _____ as a registered agent in compliance with F.S 48 091

_____ **PARTNERSHIP SERVICE:** By serving _____, partner, or to _____ a designated employee or person in charge of partnership

_____ **POSTED:** _____ **COMMERCIAL,** _____ **RESIDENTIAL** _____ 1st ATTEMPT _____ 2nd ATTEMPT _____

_____ **NO SERVICE:** For the reason that after diligent search and inquiry failed to find said _____ in _____ County, Floride

COMMENTS: _____

ATTORNEY
PAUL M. MARK LUCAS
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS
221 E. OSCEOLA STREET
STUART, FL  34994-

Witness Fee _____ 0.00

The foregoing instrument was acknowledged before me this _____ day of _____ 19 _____ by _____ , who is _____ name and title

personally known to me or has produced _____ type of ID's as identification and who _____ did or did not _____ take an oath

NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK / CCN

| FEES FOR SERVICE | $ |
|---|---|
|  | 55.00 |
|  | 0.00 |
|  | 0.00 |
|  | 0.00 |
|  | 0.00 |
| TOTAL | 0.00 |
| PAID | 55.00 |
| BALANCE |  |

BY: _____

Sheriff Appt. No.: _____

F.S 48 021

07 19 99  MON 10 48  [TX/RX NO 7401]  Ⓐ006

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR, GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, Individually, and
as Personal Representative of the ESTATE of
MIRACLE N. WESTON,

CASE NO.: 99-333C-AB

     Plaintiff,

vs.

HEALTHMARK OF QUINCY, INC., d/d/a GADSDEN
MEMORIAL HOSPITAL; COLUMBIA HEALTH CARE,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
MEDTECH OF NORTH FL., INC., d/b/a GADSDEN
COMMUNITY HOSPITAL;  NORTH FLORIDA
MEDICAL CENTERS, INC., d/b/a GADSDEN MEDICAL
CENTER;  JEFFERY WASSERMAN, M.D.; ANSER M. KHAN, M.D.;
LEATON HALL, JR., M.D., JESSIE V. FURLOW, M.D.;
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER,
INC., and GADSDEN EMERGENCY MEDICAL SERVICES,
     Defendants.
_____/

## DEFAULT

    A default is hereby entered in this action against the Defendant, JEFFEREY D.

WASSERMAN, M.D., for failure to serve an Answer to the Complaint or file any other paper as

required by law.

    **DATED** this _10th_ day of November, 1999.

               **NICHOLAS THOMAS**
               **As Clerk of the Court**

               By: _Betty Sue Sadberry_
                  As Deputy Clerk

cc:    Paul D. Lucas, Esq.

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR, GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, Individually, and
as Personal Representative of the ESTATE of
MIRACLE N. WESTON,

                                     CASE NO.: 99-333C-AB

        Plaintiff,

vs.

HEALTHMARK OF QUINCY, INC., d/d/a GADSDEN
MEMORIAL HOSPITAL; COLUMBIA HEALTH CARE,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
MEDTECH OF NORTH FL., INC., d/b/a GADSDEN
COMMUNITY HOSPITAL; NORTH FLORIDA
MEDICAL CENTERS, INC., d/b/a GADSDEN MEDICAL
CENTER; JEFFERY WASSERMAN, M.D.; ANSER M. KHAN, M.D.;
LEATON HALL, JR., M.D., JESSIE V. FURLOW, M.D.;
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER,
INC., and GADSDEN EMERGENCY MEDICAL SERVICES,

        Defendants.

_____/

## MOTION FOR DEFAULT

COMES NOW, the Plaintiff, GENELZA WESTON, Individually, and as the Personal

Representative of the ESTATE OF MIRACLE N. WESTON, by and through her undersigned

legal counsel, and moves for entry of a default by the Clerk against Defendant, NORTH

FLORIDA MEDICAL CENTERS, INC. d/b/a GADSDEN MEDICAL CENTER, M.D., for

failure to serve an Answer to the Complaint or any other paper on the undersigned within the 20-

day period as required by law or before expiration of the last extension period agreed to by

Plaintiff's counsel. Attached to this Motion, as Exhibit "A", is the Return of Service Affidavit for

service on NORTH FLORIDA MEDICAL CENTERS, INC. d/b/a GADSDEN MEDICAL

CENTER, M.D.

DATED this _10 th_ day of November, 1999.

<div style="text-align: right">

BROWN AND BROWN
ATTORNEYS AT LAW, P.A.

</div>

PAUL D. LUCAS, ESQ.
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, MCMANUS, WATSON & SPERANDO,
Waterside Professional Building
221 SE Osceola  Street
Stuart, Florida 34994-2210
(561) 283-8260

Lead-Counsel For Plaintiff

HUBERT R. BROWN, ESQ.
1102 East Tennessee Street
Tallahassee, FL 32308
Fla. Bar No.: 0994110
For the Firm
(850) 224-2800

Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to **PAUL D. LUCAS, Esquire**, GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, MCMANUS, WATSON & SPERANDO, Waterside Professional Building, 221 SE Osceola Street, Stuart, Florida 34994-2210, Lead Attorney for Plaintiff; **MARIA A. SANTORO, Esquire**, GEORGE, HARTZ, LUNDEEN, FLAGG & FULMER, 800 North Calhoun Street, Tallahassee, Florida 32302, Attorney for LEATON HALL, JR., M.D.; **JEANNETTE M. ANDREWS, Esquire**, FULLER, JOHNSON & FARRELL, P.A., 111 North Calhoun Street, Post Office Box 1739, Tallahassee, Florida 32302-1739 Attorney for TALLAHASSEE MEDICAL CENTER, INC., d/b/a TALLAHASSEE COMMUNITY HOSPITAL; **FREDRICK E. HASTY, III, Esquire**, WICKER, SMITH, TUTAN, O'HARA, MCCOY, GRAHAM & FORD, P.A., 5th Floor Grove Plaza Building, 2900 Middle Street (S.W. 28th Terrace) Miami, Florida 33133, Attorney for JESSE J. FURLOW M.D., JEFFREY D. WASSERMAN, M.D.; **CRAIG A. DENNIS, Esquire**, DENNIS & BOWMAN, 2367 Centerville Road, P.O. Box 15589, Tallahassee, Florida 32317-5589, Attorney for NORTH FLORIDA HEALTH CENTER, INC., d/b/a GADSDEN MEDICAL CENTER, a/k/a GADSDEN MEDICAL CENTER; and **W. DOUGLAS HALL, Esquire**, CARLTON, FIELDS, WARD, EMMANUEL, SMITH & CUTLER, P.A., Post Office Drawer 190, Tallahassee, Florida 32302-0190, Attorney for HEALTHMARK OF QUINCY, INC., d/b/a GADSDEN MEMORIAL HOSPITAL.

This 10th day of November, 1999.

**BROWN AND BROWN  
ATTORNEYS AT LAW, P.A.**

_Hubert R. Brown_

HUBERT R. BROWN, ESQ.  
1102 East Tennessee Street  
Tallahassee, FL 32308  
Fla. Bar No.: 0994110  
For the Firm  
(850) 224-2800

Co-Counsel for Plaintiff

PAUL D. LUCAS, ESQ.  
GARY, WILLIAMS, PARENTI, FINNEY,  
LEWIS, MCMANUS, WATSON & SPERANDO,  
Waterside Professional Building  
221 SE Osceola Street  
Stuart, Florida 34994-2210  
(561) 283-8260  
Lead-Counsel For Plaintiff

F. 84

**EXHIBIT**

A

AFF. NO.

2184

DATE RECEIVED 06/17/99 - DCR

GENELZA WESTON,
INDIVIDUALLY AND AS
PERSONAL REP. OF THE
ESTATE OF MIRACLE WESTON
vs
TALLAHASSEE MEDICAL
CENTER D/B/A TALLAHASSEE
COMMUNITY HOSPITAL, ET
AL

*LEGAL SUPPORT GROUP*

750 South East Third Avenue ★ Suite 201
Fort Lauderdale, Florida, 33316
(954) 524-LSG1 (5741)
Fax (954) 524-2449

**Return Of Service
Affidavit**

CASE NO.   99-333C-AB
COURT   CIRCUIT/GADSDEN
HRG DATE   28 DAYS

TYPE OF WRIT

SUMMONS AND COMPLAINT
1ST AMENDED AND INITIAL
COMPLAINT FOR NEGLIGENCE AND
MEDICAL MALPRACTICE

TO   NORTH FLORIDA MEDICAL CENTER C/O R/A JOEL MONTGOMERY

1982 CAPITAL CIRCLE NE   TALLAHASSEE, FL   32308-
RECEIVED THIS WRIT ON   06/17/99
AND ON   06/28/99   at   10:40A   M, I SERVED IT ON THE WITHIN
NAMED   NORTH FLORIDA MEDICAL CENTER C/O R/A JOEL MONTGOMERY   IN   LEON
COUNTY FLORIDA

_____ INDIVIDUAL SERVICE: By serving upon the within named (Defendant / Witness) a true copy of this writ with the date and hours of service endorsed thereon by me and a copy of the Plaintiff's complaint, petition or initial pleading

_____ SUBSTITUTE SERVICE: By serving a true copy of this writ with the date and hour of service endorsed thereon by me and a copy of Plaintiff's initial pleading as furnished by the Plaintiff, at the within named (Defendant's Witness) usual place of abode with any person residing therein the age of 15 years or older to wit: _____
_____, or to _____ spouse of defendant, at _____
_____, or to _____ manager of defendant business _____
_____ and informing such person of their contents pursuant to: ☐ F.S.48.031 _____
☐ F.S. 48.031 (2)(a)   ☐ F.S. 48.031 (2)(b)

X   CORPORATE SERVICE: By serving a true copy of this writ and a copy of Plaintiff's initial pleading to _____
DON PORTERFIELD   as   CFO   of said
corporation in the absence of any superior officer as defined in F.S. 48.081., or by serving _____
_____ as an employee of defendant corporation in compliance with F.S. 48.081 (3) or by serving
_____ as a registered agent in compliance with F.S. 48.091

_____ PARTNERSHIP SERVICE: By serving _____, partner, or to _____
_____ a designated employee or person in charge of partnership.
_____ POSTED: _____ COMMERCIAL, _____ RESIDENTIAL _____ 1st ATTEMPT _____ 2nd ATTEMPT _____
_____ NO SERVICE: For the reason that after diligent search and inquiry failed to find said _____
_____ in _____, _____ County, Florida
COMMENTS: _____

ATTORNEY:
PAUL D. MARK LUCAS
GARY, WILLIAMS, PARENTI, FINNEY, LEWIS
221 E. OSCEOLA STREET
STUART, FL 34994-

Witness Fee   0.00
The foregoing instrument was acknowledged before me this _____
day of _____ 19 _____ by _____, who is
name and title
personally known to me or has produced _____ type
of I.D.'s. certification and who _____ take an oath
did or did not

NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK / CCN

| FEES FOR SERVICE 1 | 55.00 |
|---|---|
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| TOTAL | 55.00 |
| PAID | 0.00 |
| BALANCE | 55.00 |

BY: _____

Sheriff Appt. No. _____   F.S. 48.021

07 19 99   MON 10:48   [TX/RX NO 7491] Ø005

IN THE CIRCUIT COURT OF THE SECOND
JUDICIAL CIRCUIT, IN AND FOR, GADSDEN
COUNTY, FLORIDA

GENELZA WESTON, Individually, and
as Personal Representative of the ESTATE of
MIRACLE  N. WESTON,

           CASE NO.: 99-333C-AB

       Plaintiff,

vs.

HEALTHMARK OF QUINCY, INC., d/d/a GADSDEN
MEMORIAL HOSPITAL; COLUMBIA HEALTH CARE,
d/b/a TALLAHASSEE COMMUNITY HOSPITAL;
MEDTECH OF NORTH FL., INC., d/b/a GADSDEN
COMMUNITY HOSPITAL;  NORTH FLORIDA
MEDICAL CENTERS, INC., d/b/a GADSDEN MEDICAL
CENTER;  JEFFERY WASSERMAN, M.D.; ANSER M. KHAN, M.D.;
LEATON HALL, JR., M.D., JESSIE V.  FURLOW, M.D.;
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER,
INC., and GADSDEN EMERGENCY MEDICAL SERVICES,
        Defendants.
_____/

### DEFAULT

    A default is hereby entered in this action against the Defendant, NORTH FLORIDA

MEDICAL CENTERS, INC. d/b/a GADSDEN MEDICAL CENTER, for failure to serve an

Answer to the Complaint or file any other paper as required by law.

    **DATED** this _10th_ day of November, 1999.

                **NICHOLAS THOMAS**
                **As Clerk of the Court**

                By: *Betty Sue Sadberry*
                   As Deputy Clerk

cc:    Paul D. Lucas, Esq.



EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

```
_____       )
                                )
Genelza Weston, individually    )
and as Personal Representative  )
of the State of Miracle N.      )
Weston                          )
                                )
                                )
            Plaintiff,          )
                                )
       v.                       )           Case No.
                                )
Tallahassee Medical Center,     )
Inc. et. al.                    )
                                )
            Defendants.         )
_____       )
```

DECLARATION OF
ELIZABETH JORDAN GIANTURCO

1.  As Chief, Litigation Branch, Division of Business and
Administrative Law, Office of the General Counsel, Department of
Health and Human Services, I have full delegation of authority from
the Department Claims Officer to handle and dispose of administrative
tort claims against the Department of Health and Human Services.

2.  I have reviewed official agency records and have determined
that Gadsden Medical Center was deemed eligible for Federal Tort
Claims Act malpractice coverage effective December 1, 1993.  A copy
of the notification by an Assistant Surgeon General, Department of
Health and Human Services to Gadsden Medical Center is attached to
this declaration as Exhibit I.

3.  I have reviewed official agency records and have
determined that North Florida Medical Centers, Inc. was deemed

- 2 -

eligible for Federal Tort Claims Act malpractice coverage effective November 1, 1993, and redeemed on June 23, 1996.  A copy of both notifications by an Assistant Surgeon General, Department of Health and Human Services to North Florida Medical Centers is attached to this declaration as Exhibit II and Exhibit III.

4.  According to the documents provided to this agency by North Florida Medical Centers, Inc., on January 31, 1995, North Florida Medical Centers, Inc. and Gadsden Medical Center entered into a merger agreement with an effective date of April 1, 1995, leaving North Florida Medical Centers Inc. as the surviving corporation.

5.  Official agency records also indicate that Jeffrey Wasserman, D.O. and Jessie Furlow, M.D. were employees of North Florida Medical Centers, Inc. at all times relevant to the complaint in this case.

4.  To the best of my knowledge, information and belief, no administrative tort claim has been filed.

I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.

Dated at Washington, D.C., this _14th_ day of _September_, 1999.

_Elizabeth Jordan Gianturco_
ELIZABETH JORDAN GIANTURCO
Chief, Litigation Branch
Business and Administrative
  Law Division